# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Miscellaneous Matter No._____

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>                              Debtor.<br><br>―――――――――――――――――――<br><br>BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>                              Plaintiff,<br><br>                             v.<br><br>CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGH BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC.; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC.; and EUGENE T. PARZYCH, INC.,<br><br>                              Defendants. | CHAPTER 7<br>Case No. 21-11750-MDC<br><br><br>Adv. No. 23-00047-MDC<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

## MEMORANDUM OF LAW OF MOVING DEFENDANTS IN SUPPORT OF
## <u>MOTION FOR WITHDRAWAL OF REFERENCE</u>

    Moving Defendants, Casey Parzych; Shawn Sheehan; Angus Rittenburg; Kelly A. Festa;

Ashleigh Baldwin; Michael Boyer; R.F. Culbertson; Polebridge, LLC; Good Design, Inc.;

AgTech PA LLC; AgTech VI, LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev,

227695611 v1

LLC; Etoh Worldwide, LLC; and Canvas 340, LLC (the "**Moving Defendants**"), respectfully submit this memorandum of law in support of their motion for withdrawal of the reference (the "**Motion**") of the above-captioned adversary proceeding (the "**Adversary Proceeding**") from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Bankruptcy Court**"), pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 5011-1 (the "**Bankruptcy Rules**").

## PRELIMINARY STATEMENT

The Court should withdraw the reference of the Adversary Proceeding for various reasons, including that the Moving Defendants and the Chapter 7 Trustee **("Plaintiff")** do not consent to the Bankruptcy Court conducting a jury trial. Moreover, there is cause for a permissive withdrawal of the reference as (1) at least nine of the fourteen claims asserted by Plaintiff are non-core; (2) the Motion was filed at the first reasonable opportunity after Moving Defendants had notice of grounds for removal and it would permit the District Court to preside over the case from its inception; (3) it would promote judicial economy, avoiding redundant review of proceedings and legal work; (4) it would foster uniformity in bankruptcy administration and would reduce forum shopping and confusion; and (5) it would have no effect on bankruptcy administration, as the claims being asserted herein by the Plaintiff are severable from the Bankruptcy Case.

The Plaintiff has joined twenty-one defendants in the Adversary Proceeding. The Complaint contains 56 pages of alleged "facts." To the extent Moving Defendants' motion to dismiss is not fully granted, it is anticipated that discovery conducted will be substantial, time-intensive, and subject to disputes.

2

**STATEMENT OF FACTS**

Midnight Madness Distilling LLC f/k/a Theobald and Oppenheimer, LLC d/b/a Faber Distilling (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 in the Bankruptcy Court on June 21, 2021 (the "**Petition Date**"). [Dkt No. 1]. The Debtor's case, now converted to Chapter 7, is currently pending under Bankruptcy Case No. 21-11750-MDC. On May 10, 2022, the Plaintiff was appointed as Chapter 7 Trustee of the Debtor's estate.

Plaintiff filed the Adversary Proceeding by "Complaint" against, *inter alia*, the Moving Defendants, on June 15, 2023. A copy of the Complaint is filed herewith as Exhibit 1. The Plaintiff agreed to extend Moving Defendants' time to respond to the Complaint to September 15, 2023.

The Complaint mainly asserts non-core, common law claims against the defendants. These common law claims include claims for (1) breach of fiduciary duty; (2) aiding and abetting breach of fiduciary duty; (3) corporate waste; (4) declaratory relief (alter ego, piercing the corporate veil and/or successor liability); (5) unjust enrichment; (6) an accounting; (7) constructive trust; (8) breach of contract (against certain Moving Defendants); and (9) breach of contract (against defendant Finland Leasing Co., Inc.). The Complaint additionally asserts more traditional, core "bankruptcy" claims for (10) equitable subordination; (11) turnover pursuant to 11 U.S.C. § 542 (a hybrid common law and "bankruptcy" claim); (12) avoidance and recovery of post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550; (13) avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547(b) and 550; (14) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550.

## ARGUMENT IN SUPPORT OF REQUEST FOR RELIEF

### A. There is Cause for a Permissive Withdrawal of the Reference

28 U.S.C. § 157(d) provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

There is no statutory definition of what constitutes "cause shown" under 28 U.S.C. § 157(d). *See In re Eagle Enterprises, Inc,* 259 B.R. 83, 87 (Bankr. E.D. Pa. 2001). However, the Third Circuit has set out five factors the District Court should consider in deciding whether permissive withdrawal is warranted. These factors include: (1) "promoting uniformity in bankruptcy administration"; (2) "reducing forum shopping and confusion"; (3) "fostering the economical use of the debtors' and creditors' resources"; (4) "expediting the bankruptcy process"; and (5) the timing of the withdrawal petition. *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990).

Two additional considerations guide the exercise of discretionary withdrawal: "whether (i) the underlying proceeding involves 'core' or 'non-core' claims, and (ii) any party has asserted a right to a jury trial to which it is constitutionally entitled." *In re Forks Specialty Metals Inc.,* 2020 WL 2098099, at *2 (E.D. Pa. May 1, 2020) (quoting *In re Earth Pride Organics, LLC,* 602 B.R. 1, 12 (E.D. Pa. May 23, 2019)); *In re Pruitt,* 910 F.2d at 1168.

4

1. <u>Withdrawal of the Reference Would Promote Uniformity in Bankruptcy Administration and Reduce Forum Shopping and Confusion.</u>

Withdrawal of the reference would promote uniformity in bankruptcy administration here as the vast majority of the claims in the Adversary Proceeding are non-core. Adjudicating non-core claims in the Bankruptcy Court does not foster efficient use of judicial resources. In *Pelullo*, this Court granted permissive withdrawal of the reference as "the bankruptcy court may not enter a final order or judgment in a non-core proceeding without the consent of the parties, keeping the proceeding in the bankruptcy court wastes judicial resources because the district court must review the bankruptcy court's proposed findings of fact and conclusions of law de novo." *In re Pelullo,* 1997 WL 535155, at *2.

Withdrawal is warranted as well where the District Court is better equipped to make determinations under non-bankruptcy laws since it hears the types of claims the Plaintiff has asserted much more frequently than the bankruptcy court does. *See in re Pelullo,* 1997 WL 535155, at *2 ("[S]tate law claims are not the type of claims typically heard in the bankruptcy court and could require extensive discovery and instructions to the jury on the law of Pennsylvania or possibly another state.").

2. <u>Withdrawal of the Reference Would Promote the Economical Use of the Parties' and Judicial Resources.</u>

Absent consent of the parties, the Bankruptcy Court cannot preside over a jury trial of the non-core claims. Thus, "it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issue presented in this litigation" given that a district judge "must eventually preside over the jury trial." *In re Gruppo Antico,* 2005 U.S. Dist, LEXIS 38904, *3-5, 2005 WL 3654215 (D.Del. July 1, 2005); *see also In re Pelullo,* 1997 WL 535155, at *2.

It would plainly be inefficient to have two different courts considering interrelated parts of this lawsuit when this Court has the power to administer and decide the entire case and both parties are requesting that this Court ultimately do so. Withdrawal of the reference would avoid this Court's redundant review of proceedings and legal work, including but not limited to pleadings, dispositive motions and accompanying briefs, and other pre-trial matters. *In re Pelullo,* WL 535155, at *2 ("[P]ermitting [a] case to proceed in the bankruptcy court, even for pre-trial matters, would require duplication of the bankruptcy court's efforts, since defendants have not consented to entry of final judgment by the bankruptcy court. Under such circumstances, [the] [c]ourt would have to review the bankruptcy court's orders de novo and conduct a jury trial without the benefit of having overseen pre-trial matters.").

3. <u>Trying this Case in the District Court Would Neither Expedite Nor Delay the Bankruptcy Process.</u>

Having this action tried in the District Court will have no effect on bankruptcy administration as the claims being asserted are severable from the Bankruptcy Case because they do not affect the claims allowance process but only affect the amount of any recovery for the bankruptcy estate of the Debtor. Likewise, having the Adversary Proceeding tried in the District Court will not affect the timing of the Bankruptcy Case. Since the case was converted to Chapter 7, the Bankruptcy Case does not involve any complicated Chapter 11 restructuring, administration or claims issues. Moving Defendants submit that litigating the underlying matters asserted in this Court would be both more efficient and economical and should move the Bankruptcy Case to closure much sooner than a piecemeal litigation of the matter in both Courts.

227695611 v1

4. <u>The Timing of the Motion Favors Withdrawal.</u>

A motion to withdraw bankruptcy court reference is timely if it is filed at the first reasonable opportunity after movant has notice of grounds for removal, taking into consideration circumstances of the proceeding. *In re Schlein,* 188 B.R. 13 (E.D. Pa. 1995). Here, the Moving Defendants bring this Motion as their initial pleading. No response to the Complaint has yet been filed by the defendants in the Adversary Proceeding. Moreover, the timing of this request favors withdrawal as it allows for the District Court to preside over the case from the very beginning, where both parties agree that the District Court would be the tribunal for any jury trial conducted. *In re Pelullo,* 1997 WL 535155, at *2 (withdrawal is warranted when the court "would have to review the bankruptcy court's orders de novo and conduct a jury trial without the benefit of having overseen pre-trial matters.").

5. <u>This Court Should Withdraw the Reference as the Vast Majority of Claims Asserted by the Trustee are Non-Core.</u>

The Complaint consists of fourteen counts against twenty-one defendants, nine counts of which are non-core, one count which asserts a hybrid core and non-core claim, and four counts which allege core bankruptcy claims. A proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re the Guild and Gallery Plus, Inc.),* 72 F.3d 1171, 1178 (3d Cir,1996); *accord In re Winstar Communications, Inc.,* 554 F.3d 382, 405 (3d Cir.2009); *see also* 28 U.S.C. § 157(b)(2).

The first claim asserted by the Trustee is that of breach of fiduciary duty, which is a "non-core, related proceeding*." In re Jamuna Real Est., LLC,* 357 B.R. 324, 336 (Bankr. E.D. Pa. 2006); *see also McDermott v. Party City Corp.,* 11 F.Supp.2d 612, 626 n. 18 (E.D.Pa.1998). The second claim asserted by the Trustee is that of aiding and abetting a breach of fiduciary duty,

7

which is also a non-core claim because it arises under state law and "cannot be said to invoke a substantive right provided by title 11 or to arise only in the context of a bankruptcy." *In re Jamuna,* 357 B.R. at 336.

The third claim of corporate waste is also non-core because it is a traditional state law claim that does not involve substantive rights provided by Title 11 and can be brought outside of the context of a bankruptcy case. *See Phar–Mor, Inc. v. Coopers & Lybrand,* 22 F.3d 1228, 1234 (3d Cir.1994); *see also Times Mirror Mags., Inc. v. Las Vegas Sports News, L.L.C.,* No. CIV. A. 98-CV-5768, 1999 WL 179749, at *1 (E.D. Pa. Mar. 17, 1999). The fourth claim of declaratory relief (alter ego, piercing the corporate veil and/or successor liability) is also non-core as held by the Third Circuit. *In re Phar–Mor, Inc.,* 22 F.3d at 1239. The fifth claim, unjust enrichment is non-core because it is a Pennsylvania common law claim. *In re Pa. Gear Corp.,* Adv. Nos. 03-940, 03-942, 2008 WL 2370169, at *5 (Bankr. E.D. Pa. Apr. 22, 2008) (describing unjust enrichment as a "clear non-core" proceeding).

The sixth claim for an accounting (equitable remedy) is non-core because it arises under Pa.R.Civ.P 1021(a). *See Buczek v. First National Bank of Mifflintown,* 366 Pa.Super. 551, 531 A.2d 1122, 1123 (Pa.Super.1987). The seventh claim of constructive trust is non-core because courts have consistently held that a constructive trust claim made by a debtor or bankruptcy trustee, based upon the defendant's prepetition conduct, is a state law claim that falls outside the scope of a core proceeding. *In re Drauschak,* 481 B.R. 330, 340–42 (Bankr. E.D. Pa. 2012); *XL Sports, Ltd. v. Lawler,* 49 Fed.Appx. 13, 20 (6th Cir.2002); *see, e.g., Schafer v. Nextiraone Federal, LLC,* 2012 WL 2281828 (M.D.N.C. June 18, 2012); *In re Taub,* 413 B.R. 81 (Bankr.E.D.N.Y.2009).

The eighth and ninth claims of breach of contract are also non-core. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (In re Northern Pipeline Construction Co),* 458 U.S. 50, 71 (1982) ("[T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case."); C*ivic Ctr. Cleaning Co. v. Reginella Corp.,* 140 B.R. 374 (W.D. Pa. 1992) (finding that an adversary proceeding brought by debtor to recover amounts allegedly owing under prepetition contract was "non-core"); *In re AstroPower Liquidating Trust,* 335 B.R. 309, 323 (Bankr.D.Del.2005) (holding that unjust enrichment claims and breach of contract claims are generally non-core).

The tenth claim asserted by Plaintiff is equitable subordination. An equitable subordination claim may be a core proceeding pursuant to sections 11 U.S.C. § 510(c) and 157(b)(2). *In re M. Paolella & Sons, Inc.,* 161 B.R. 107, 116 (E.D. Pa. 1993), aff'd, 37 F.3d 1487 (3d Cir. 1994).

The eleventh claim of turnover is a hybrid claim with core and non-core allegations. Turnover is a core proceeding when the plaintiff's objective is the collection rather than the creation, recognition, or liquidation of a matured debt. *In re Drauschak,* 481 B.R. 330, 340–42 (Bankr. E.D. Pa. 2012); *In re Asousa P'ship,* 264 B.R. 376, 384 (Bankr. E.D. Pa. 2001) ("Turnover under 11 U.S.C. § 542 is a remedy available to debtors to obtain what is acknowledged to be property of the bankruptcy estate."). However, turnover is classified as a non-core matter when it involves disputed property or property clearly not within the bankruptcy estate. *In re Jamuna Real Est., LLC,* 357 B.R. 324, 333 (Bankr. E.D. Pa. 2006) (Holding that turnover is not proper where a bona fide dispute regarding the title of the property exists); *see also, e.g., U.S. v. Inslaw, Inc.,* 932 F.2d 1467, 1472 (D.C.Cir.1991) ("It is settled law that the

9

debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute.").

The twelfth claim of avoidance and recovery of post-petition transfers is a core claim because it arises under 11 U.S.C. §§ 549 and 550. The thirteenth claim of avoidance and recovery of preferential transfers is a core claim pursuant to 11 U.S.C. §§ 547(b) and 550. The fourteenth claim of avoidance and recovery of fraudulent transfers is also a core claim pursuant to the Bankruptcy Code, 11 U.S.C. § 548.

The majority (at least nine out of fourteen) of the claims asserted by the Trustee are non-core and, without consent of the parties, must be tried to a jury in this Court. This Court is better equipped to handle the discovery proceedings and adjudicating the non-core claims asserted by the Plaintiff.

  6. <u>The Parties Assert Their Right to a Jury Trial.</u>

A court's exercise of discretion to withdraw is guided by whether "any party has asserted a right to a jury trial to which it is constitutionally entitled." *In re Earth Pride Organics, LLC,* 602 B.R. 1, 12-13 (E.D. Pa. 2019) (quoting *In re Portnoy,* No. 17-38, 2017 WL 3141186, at *2 (E.D. Pa. July 24, 2017)). Here, the vast majority of the claims the Trustee asserts in the Complaint are non-core claims against Moving Defendants. Plaintiff has included a jury demand in the Complaint, and Moving Defendants are entitled to a jury trial as the Seventh Amendment to the United States Constitution guarantees the right to a jury trial in suits at common law. *In re Transcon. Refrigerated Lines, Inc.,* 494 B.R. 816, 820 (Bankr. M.D. Pa. 2013). [2]

---

[2] Counsel for the Plaintiff seemingly recognizes this as well. In response to defense counsel's inquiry regarding withdrawal of the reference, Plaintiff's counsel wrote: "[w]e have considered the venue issue and wish to keep the matter in the bankruptcy court until it is ready for a jury trial, *which of course will take place in the District Court*." *See* Exhibit 2 filed herewith (emphasis added).

10

227695611 v1

### B. This Court Should Withdraw the Reference Because this Action May Involve Extensive Discovery Disputes.

Although the Moving Defendants intend to move for dismissal of the Complaint, should any portion of the Adversary Proceeding remain following that adjudication, referral of this case for discovery to a magistrate judge would promote judicial economy by efficiently moving the case forward (due to the case being extensively factually involved) because they "are not the type of claims typically heard in the bankruptcy court and could require extensive discovery and instructions to the jury on the law of Pennsylvania." *In re Pelullo,* WL 535155, at *2 (citing *Judge v. Ridley & Schweigert (In re Leedy Mortgage Co., Inc.),* 62 B.R. 303, 306 (E.D.Pa.1986)). In *Leedy Mortgage*, the court observed:

> Unlike the matters concerning the bankruptcy matter, this case could require extensive discovery. The parties in this action will have to study many volumes of written material and depose many individuals, including, at least, the thirteen individual defendants. In addition, the parties will have to hire experts to testify as to the standard of care to be employed by a reasonable accountant in Birmingham, Alabama, at the pertinent times. The trial will be lengthy and complex. It will last from two to four weeks, far longer than most proceedings in bankruptcy court. Also, unlike most bankruptcy proceedings, it will require a jury and extensive examination of documents and witnesses. At the conclusion of the evidence, the court will have to instruct the jury on the law of contract and negligence as governed by the State of Alabama. All of this contrasts with that which typically occurs before the bankruptcy court. The court believes that it is well within the mark when it says that bankruptcy courts do not commonly hear lengthy trials involving the law of contracts or negligence based on the law of a state foreign to the forum where extensive discovery and pretrial proceedings are necessary and inevitable.

*In re Leedy Mortgage*, 62 B.R. at 306.

Here, while the case may not involve a law of a state foreign to the Bankruptcy Court, it will inevitably be complex and lengthy due to the sheer number of defendants (twenty-one) and claims asserted (fourteen). Accordingly, because of the discovery complexity, length, and

disputes that may arise, Moving Defendants respectfully submit that this matter should be adjudicated by this Court.

## CONCLUSION

For the foregoing reasons, Moving Defendants request that the Court enter an order (i) granting the Motion and (ii) granting such other and further relief as is just and proper.


Dated: September 5, 2023 /s/ Mariam Khoudari
STEPHEN M. PACKMAN
MARIAM KHOUDARI
**ARCHER & GREINER, P.C.**
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Tel: (215) 963-3300
Fax: (215) 963-9999
spackman@archerlaw.com
mkhoudari@archerlaw.com

*Counsel for Moving Defendants*

227695611 v1