IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>**MIDNIGHT MADNESS DISTILLING LLC,**<br><br>　　　　　　　　　　　　　Debtor.<br>_____<br><br>**BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,**<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGH BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC.; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC.; and EUGENE T. PARZYCH, INC.,**<br><br>　　　　　　　　　　　　　Defendants. | **CHAPTER 7**<br>**Case No. 21-11750-MDC**<br><br><br>Adv. No. 23-00047-MDC<br><br><br><br>**JURY TRIAL DEMANDED** |

**EMERGENCY MOTION OF MOVING DEFENDANTS FOR AN
ORDER TO STAY PROCEEDINGS AND/OR FOR OTHER RELATED RELIEF**

**PROCEDURAL HISTORY AND PARTIES**

Plaintiff, Bonnie B. Finkel (**the "Trustee" or "Plaintiff"**), is the Chapter 7 Trustee for

the debtor, Midnight Madness Distilling LLC f/k/a Theobald and Oppenheimer, LLC d/b/a

Faber Distilling (**the "Debtor"**). Plaintiff filed an adversary proceeding (**the "Complaint"**)

227696056 v1

against Defendants on June 15, 2023. On September 5, 2023, moving defendants herein (**"Moving Defendants"**) submitted a Motion with the United States Bankruptcy Court for the Eastern District of Pennsylvania (**"Bankruptcy Court"**) requesting that the District Court withdraw its reference with respect to the Complaint (**the "Withdrawal Motion"**). The Withdrawal Motion is attached hereto as Exhibit 1. The Plaintiff has, to date, granted all defendants until September 15, 2023 to respond to the Complaint.  Moving Defendants are Casey Parzych; Shawn Sheehan; Angus Rittenburg; Kelly Festa; Ashleigh Baldwin; Michael Boyer; R.F. Culbertson; Polebridge, LLC; Good Design, Inc.; AgTech PA LLC; AgTech VI, LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev, LLC; Etoh Worldwide, LLC; and Canvas 340, LLC.

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334, since the litigation arises under Title 11 of the United States Code (**the "Bankruptcy Code"**), or in or related to cases under the Bankruptcy Code.  In the Complaint, the Plaintiff has demanded a jury trial before an Article III judge in connection with all claims asserted that are triable to a jury under the Constitution and applicable law.  The Plaintiff has not consented to entry of final judgment or adjudication by this Honorable Court.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a).

## ARGUMENT IN SUPPORT OF REQUEST FOR RELIEF

Moving Defendants respectfully request that this Court stay the proceedings on the Complaint until such time as the District Court determines the Withdrawal Motion. Rule 65 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7065 of the Bankruptcy Rules, "applies in adversary proceedings, except that a temporary restraining

2

order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." *See In re D'Angelo, 475 B.R. 424 (Bankr. E.D. Pa. 2012),* aff'd, 491 B.R. 395 (E.D. Pa. 2013).

In order to obtain section 105(a) injunctive relief, the movant, in accordance with Bankruptcy Rule 7065 and Fed.R.Civ.P. 65, has the burden of demonstrating to the court the following: substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs harm to the nonmovant, and injunctive relief would not violate public interest. *In re Wedgewood Realty Grp., Ltd.,* 878 F.2d 693, 701-702 (3d Cir. 1989).

The district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). "A United States district court has broad power to stay proceedings," and "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO,* 544 F.2d 1207, 1215 (3d Cir. 1976).

"In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. Real Page, Inc.,* No. 15-1520, 2016 WL 9711699 at *1 n.1 (E.D. Pa. Jan. 25, 2016) (quotation marks omitted). "In making our determination, we weigh the following factors: whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or

inequity if forced to proceed, and whether granting the stay would further the interest of judicial economy." *Id.* (quotation marks omitted). Courts also consider whether "discovery is complete and/or a trial date has been set." *Akishev v. Kapustin,* 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

The Bankruptcy Court granted a motion for stay of the complaint pending the district court's ruling on the withdrawal because the defendant would suffer harm in the form of duplicative costs of litigating in the court and in New York. *In re Eagle Enterprises,* Inc., 259 B.R. 83, 88 (Bankr. E.D. Pa. 2001). "On the other hand, the Plaintiffs would sustain minimal harm if the Complaint were stayed . . . No pretrial scheduling has yet occurred and the parties have not mentioned whether any discovery has commenced. Regardless, any such potential harm is seemingly greatly outweighed by the attendant benefits to the parties, as well as a consideration of the public interest, judicial economy and uniformity." *Id.* at 88-89.

The Withdrawal Motion before the District Court, if granted, would of course lodge the Complaint in the District Court for adjudication moving forward. Moving Defendants believe there is a strong likelihood they will prevail on the merits of the Withdrawal Motion. The subject "Adversary Proceeding" is in its infancy and raises substantially more non-core issues than bankruptcy issues. A jury trial has been requested by Plaintiff, who has not consented to this Court conducting such trial. Further, the Complaint sets forth 56 pages of alleged facts against twenty-one defendants. If the Complaint is not dismissed, discovery could be lengthy, complex and adversarial. These factors, among others set forth in the Withdrawal Motion, weigh in favor of the District Court withdrawing the reference as to the Complaint.

The granting of a stay will not prejudice Plaintiff as the case will proceed in District Court, should the Withdrawal Motion be granted, or here, but there is no immediate or compelling reason for it to proceed here until the District Court decides the Withdrawal Motion.

Conversely, there will be real and irreversible harm in the form of prejudice to the Moving Defendants as they will be forced, absent a consensual or ordered extension of time, to prepare and file a lengthy motion to dismiss the Complaint on or before September 15, 2023. This will then start the clock running on Plaintiff's response date and so on which might be otherwise avoided if the matter is stayed pending the District Court's ruling

Finally, Moving Defendants submit that public policy favors this Court granting a stay. Judicial economy warrants a stay of this proceeding pending the District Court determining which court will litigate the matter. Otherwise, the parties will spend substantial time and expense on matters which this Court may not even be called upon to ever consider.

## ADDITIONAL AND/OR ALTERNATIVE RELIEF REQUESTED

In addition to, or in lieu of, granting a stay of proceedings, Moving Defendants request that the Court allow Moving Defendants an extension of time to answer or otherwise move or respond to the Complaint. Moving Defendants request entry of an Order of this Court, granting them 30 days from the date when the District Court enters its order ruling on the Withdrawal Motion, to respond to the Complaint if the Withdrawal Motion is denied.

Dated: September 5, 2023         */s/ Mariam Khoudari*
STEPHEN M. PACKMAN
MARIAM KHOUDARI
**ARCHER & GREINER, P.C.**
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Tel: (215) 963-3300
Fax: (215) 963-9999
spackman@archerlaw.com
mkhoudari@archerlaw.com

*Counsel for Moving Defendants*

227696056 v1