**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>Debtor. | CHAPTER 7<br>Case No. 21-11750-MDC |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGH BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC.; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC.; and EUGENE T. PARZYCH, INC.,<br><br>Defendants. | Adv. No. 23-00047-MDC |

**PLAINTIFF'S OPPOSITION TO MOTION OF MOVING DEFENDANTS FOR AN ORDER TO STAY PROCEEDINGS AND/OR FOR OTHER RELATED RELIEF**

Plaintiff Bonnie B. Finkel, in her capacity as Chapter 7 Trustee (the "Trustee" or "Plaintiff") for Midnight Madness Distilling LLC f/k/a Theobald and Oppenheimer, LLC d/b/a Faber Distilling (the "Debtor"), by and through her undersigned counsel, hereby files this Opposition to the *Emergency Motion of Moving Defendants For An Order To Stay Proceedings and/or For Other Related Relief* [Adv. D.I. 6] (the "Stay Motion").

The Moving Defendants seek to stay this proceeding until the District Court decides their pending *Motion for Withdrawal of the Reference* [Adv. D.I. 5] (the "Withdrawal Motion"). They fail, however, to establish *any* of the factors supporting imposition of a stay. The Trustee has granted all of the Defendants ample time to respond to the Complaint (and all Defendants have in fact responded), this Court is well suited to handle litigation of this nature prior to a jury trial, and, even in the unlikely event the District Court grants the Withdrawal Motion, all pleadings and discovery which occurred in this Court will not be wasted, but will simply transfer to the District Court. There are no exceptional circumstances justifying a stay in this matter. The Stay Motion should be denied.

## I.    RELEVANT PROCEDURAL BACKGROUND

On June 15, 2023, the Trustee filed the Complaint [Adv. D.I. 1], asserting claims against the Moving Defendants as well as a group of Additional Defendants.[1] On June 16, 2023, the Court issued the Summons, which set a due date of July 17, 2023 for the filing of answers or motions (the "Answer Date"). *See* [Adv. D.I. 2]. Plaintiff promptly served the Summons and Complaint on all defendants the same day. *See* [Adv. D.I. 3] (Certificate of Service establishing service on all defendants via "Regular, first class Unites States mail, postage pre-paid").

On July 6, 2023, Plaintiff's counsel was contacted by Matthew A. Hamermesh, Esquire, who represented that he would be representing some of the defendants and requested an extension of 30 days for all defendants to respond to the Complaint. Plaintiff responded that it would be amenable to such an extension if defendants agreed, *inter alia*, that a commensurate extension be granted to respond to any motions under FED. R. CIV. P. 12. Current counsel for the Moving

---

[1] The Additional Defendants are: Gary Parzych; Ryan Uszenski; Can Man, LLC; Finland Leasing Co., Inc.; and Eugene T. Parzych, Inc.

2

Defendants, Stephen M. Packman, Esquire, responded that Plaintiff's proposal was acceptable, thus extending the Answer Date to August 16, 2023. *See* [Adv. D.I. 8-1] (email exchange among counsel establishing terms of extension).

On July 21, 2023, current counsel for the Moving Defendants contacted undersigned counsel and sought a further extension of the Answer Date on behalf of all defendants to August 30, 2023, which undersigned counsel agreed to. *See* [Adv. D.I. 8-2] (email exchange establishing further extension).

On August 10, 2023, Plaintiff's counsel was contacted by counsel for the Additional Defendants, who requested a further extension of the Answer Date to September 15, 2023, which was granted. Counsel for the Moving Defendants requested a commensurate additional extension, which was also granted. *See* [Adv. D.I. 8-3] (email exchange establishing additional extension). In the same August 10, 2023 email, counsel for the Additional Defendants suggested that the Trustee agree to transfer the case to the District Court, a suggestion which the Trustee declined. *See id.* (August 10, 2023 email from Steven Coren, Esquire: "We have considered the venue issue and wish to keep the matter in bankruptcy court until it is ready for a jury trial").

On September 5, 2023, the Moving Defendants filed the Withdrawal Motion and the Stay Motion. *See* [Adv. D.I. Nos. 5, 6]. Despite the Trustee's agreement to three extensions of the Answer Date—which provided all of the Defendants over 90 days to respond to the Complaint— the Moving Defendants characterized the Stay Motion as an "Emergency" motion, and also filed a motion requesting that the Court schedule an expedited hearing on September 7, 2023 (in less than 48 hours) on the Stay Motion. *See* [Adv. D.I. 7] (the "Expedited Hearing Motion"). The Trustee objected to the Expedited Hearing Motion. *See* [Adv. D.I. 8]. On September 6, 2023, the Court denied the Expedited Hearing Motion. *See* [Adv. D.I. 9]. Thereafter, the Moving

3

Defendants filed a Notice of Motion, noticing a telephonic hearing on the Stay Motion to be held on October 4, 2023.  *See* [Adv. D.I. 11].

On September 15, 2023, all Defendants responded to the Complaint, with the Additional Defendants filing an Answer [Adv. D.I. 16], and the Moving Defendants filing a Motion to Dismiss [Adv. D.I. 17].

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Bankruptcy Procedure 5011(c), "[t]he filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein . . . except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." FED. R. BANKR. P. 5011(c).  "[T]he granting of a stay [under Rule 5011(c)] should be the exception—not the general rule." *In re The Antioch Co.*, 435 B.R. 493, 496 (Bankr. S.D. Ohio 2010); *see also In re Eagle Enterprises, Inc.*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001).

The moving party has the burden of demonstrating that a stay would be proper. *See In re Northwestern Institute of Psychiatry, Inc.*, 269 B.R. 79, 83 (Bankr. E.D. Pa. 2001).  The circumstances under which a stay may be granted under Rule 5011(c) are essentially the same as those under which a preliminary injunction may be granted under FED. R. CIV. P. 65. *See Antioch*, 435 B.R. at 497.  To prevail on a motion for a stay pending decision on a motion for withdrawal of the reference, the movant must demonstrate: "[1] the likelihood of prevailing on the merits; [2] that it will suffer irreparable harm if the stay is denied; [3] that the other party will not be substantially harmed by the stay; and [4] that the public interest will be served by granting the stay." *Northwestern*, 269 B.R. at 83.

III.   **ARGUMENT**

    A.   **The Moving Defendants Are Not Likely to Prevail on the Withdrawal Motion**

The Moving Defendants are unlikely to prevail on their Withdrawal Motion. They seek permissive withdrawal on the basis that the Trustee's claims include non-core state law claims, the Trustee has demanded a jury trial, and, according to the Moving Defendants, there may end up being discovery disputes—but none of these justifies withdrawal of the reference at this early stage of the case. Even in cases involving non-core claims or jury demands, it is standard practice for the case to proceed in bankruptcy court until it is trial-ready, and district courts routinely deny premature motions for withdrawal of the reference on this basis. Nor do the factors that inform the permissive withdrawal analysis—which include promoting uniformity and efficiency within the bankruptcy process, the economical use of debtor resources, and the reduction of forum shopping—support withdrawal in this case. Attached hereto as <u>Exhibit A</u> is a true and correct copy of *Plaintiff's Opposition to Motion for Withdrawal of Reference* filed in the District Court, which is incorporated herein by reference and sets forth in detail, with supporting case law, the reasons why the Moving Defendants' motion is unlikely to prevail.

    B.   **The Moving Defendants Will Suffer No Harm If the Stay Is Denied**

The Moving Defendants will not suffer irreparable harm if the Court denies the requested stay.[2] The only purported "harm" identified in the Moving Defendants' brief is that they would be "forced . . . to prepare and file a lengthy motion to dismiss the Complaint" by the agreed-upon Answer Date. [Adv. D.I. 6 at 5]. This argument is moot given the fact that the Moving Defendants filed their motion to dismiss on September 15, 2023 [Adv. D.I. 17].

---

[2] "Irreparable harm" is harm which is "actual and imminent" and cannot be rectified by compensatory or other corrective relief at a later date. *In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015).

5

The language of Rule 5011(c) makes clear that cases should typically proceed as normal in bankruptcy court while the district court considers the withdrawal motion, absent some unusual circumstance justifying a stay. *See* FED. R. BANKR. P. 5011(c); *Antioch*, 435 B.R. at 502 ("If Congress intended for the bankruptcy courts to stay proceedings upon the filing of a motion to withdraw the reference or to abstain, it would have so provided."). The expectation of engaging in standard litigation activities like motions to dismiss or discovery, or simply having to file a motion by a certain agreed-upon date, is not an unusual circumstance and does not constitute irreparable harm for purposes of a stay. *See Northwestern*, 268 B.R. at 92 (holding "[t]here is absolutely no harm to [defendant] if the stay is denied" because the pending motion to dismiss could be adjudicated in the bankruptcy court and the parties could engage in discovery regardless of which court the case was currently in). Furthermore, even if the District Court grants the Withdrawal Motion, any motions to dismiss (or other filings) made in this Court would not be lost or wasted, they would simply transfer to the District Court for adjudication there. *See In re Dana Corp.*, 2007 WL 2908221, at *2 (Bankr. S.D.N.Y. Oct. 3, 2007) (finding there were "no duplicative activities, no risks of having to litigate the same issues twice and no risks that duplicative expenses will be incurred" because if the reference was withdrawn the litigation "will simply be transferred to the District Court").[3]

---

[3] The Moving Defendants cite *In re Eagle Enterprises, Inc.*, 259 B.R. 83 (Bankr. E.D. Pa. 2001), in support of their Stay Motion, but *Eagle Enterprises* is readily distinguishable. In that case, the adversary proceeding was identical to a case that was already pending in New York state court and the defendant sought withdrawal of the reference so that the matters could be consolidated. *See id.* at 86, 88. In deciding to grant a stay, the bankruptcy court found that the defendant would suffer harm in the absence of a stay "in the form of duplicative costs of litigating in this Court and in New York." *Id.* Here, there are no other proceedings threatening to cause duplicative litigation.

### C.  The Remaining Factors Weigh Against Granting A Stay

The remaining factors concern whether the non-movant will be substantially harmed by the stay and whether the public interest will be served by the stay. *Northwestern*, 269 B.R. at 83. Neither of these factors favor a stay in this case.

"In the bankruptcy context, a court must concern itself not only with harm to the nonmovant from a stay, but harm to the interests of the entire bankruptcy estate." *Dana Corp.*, 2007 WL 2908221, at *2. An indefinite stay of this adversary proceeding would harm the Debtor and its creditors by needlessly delaying the Trustee's attempt to recover from Defendants for the benefit of the estate—including on claims seeking to recover substantial assets which were stripped or withheld from the Debtor, and on claims for misconduct that occurred during the course of the Debtor's bankruptcy case. *See In re Green Field Energy Servs., Inc.*, 2017 WL 2729065, at *3 (Bankr. D. Del. June 23, 2017) ("The delay arising from a stay has the potential to delay creditor recoveries should the Trustee succeed.").

Prompt resolution of the Trustee's claims is in the interest of the Debtor's creditors, as well as in the public interest. "The public interest in the expeditious administration of bankruptcy cases is impaired by obstructing a trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." *Green Field Energy*, 2017 WL 2729065, at *3 (citation omitted). The indefinite delay of briefing on the Moving Defendants' Motion to Dismiss, this Court's consideration thereof, and the commencement of discovery and other pre-trial activities is contrary to that public interest. The appropriate course of action is for this Court to continue "administer[ing] this adversary proceeding unless and until the District Court withdraws the reference or stays it." *Antioch*, 435 B.R. at 503.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the Moving Defendants' Stay Motion.

Dated: September 19, 2023  /s/ Andrew J. Belli
STEVEN M. COREN
ANDREW J. BELLI
**COREN & RESS, P.C.**
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170
scoren@kcr-law.com
abelli@kcr-law.com

*Counsel for Plaintiff*
*Bonnie Finkel, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 19, 2023, he caused a true and correct copy of the foregoing Opposition to Motion for Stay to all parties in the above-captioned adversary proceeding via the Court's CM/ECF system.

Dated: September 19, 2023    /s/ Andrew J. Belli
ANDREW J. BELLI
**COREN & RESS, P.C.**
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170
abelli@kcr-law.com

*Counsel for Plaintiff*
*Bonnie Finkel, Chapter 7 Trustee*