## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>**MIDNIGHT MADNESS DISTILLING LLC,**<br><br>       **Debtor.**<br><br>——————————————————<br><br>**BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGH BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC.; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC.; and EUGENE T. PARZYCH, INC.,**<br><br>       **Defendants.** | **CHAPTER 7**<br>**Case No. 21-11750-MDC**<br><br><br>**Adv. No. 23-00047-MDC**<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

### MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOVING DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO <u>STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

Date:  December 11, 2023                              **ARCHER & GREINER, P.C.**

*/s/ Stephen M. Packman*
Stephen M. Packman
Douglas G. Leney
Mariam Khoudari
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Phone: (215) 963-3300
Fax: (215) 963-9999
spackman@archerlaw.com
dleney@archerlaw.com
mkhoudari@archerlaw.com

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................1

LEGAL ARGUMENT.........................................................................................................3

    I.   The Complaint is an Impermissible Shotgun Pleading and Allegations of the
        Complaint Are not Sufficiently Specific as to Each Defendant .........................................3

    II.  The Breach of Fiduciary Duty Claims Fail as a Matter of Law As the Individual
        Defendants Either Had No Duty or the Trustee Failed to Allege the Specific
        Breaches Thereof. ..................................................................................................6

    III. The Complaint Fails to Plausibly Allege Aiding and Abetting a Breach of
        Fiduciary Duty. .....................................................................................................11

    IV. The Trustee's Claim for Corporate Waste Fails as a Matter of Law. ...............................12

    V.  The Trustee's Claims for Alter Ego, Piercing the Corporate Veil and/or Successor
        Liability Contravene Settled Law and Should be Dismissed...............................................15

    VI. Unjust Enrichment is Not an Available Remedy Under the Facts Alleged in the
        Complaint................................................................................................................16

    VII.  The Trustee Has Not Properly Pled a Basis to Seek an Accounting. ............................18

    VIII. The Trustee Fails to State a Claim for Constructive Trust. ...........................................18

    IX. The Trustee Has Failed to State a Claim for Breach of Contract and the Request
        for Declaratory Judgment is Moot. ......................................................................19

    X.  There is No Basis for Equitable Subordination. ..............................................................21

    XI. The Trustee Has Failed to Plausibly Allege a Basis for Turnover. ..................................21

    XII.  The Section 549 Claim is Not Properly Pled and Fails as a Matter of Law. .................22

    XIII. The Preference Claim Against Michael Boyer is Not Properly Pled and is
        Time-Barred..........................................................................................................23

CONCLUSION.................................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 10

*Baker v. Family Credit Counseling Corp.*,
    440 F. Supp. 2d 392 (E.D. Pa. 2006) ...................................................................... 17

*Bartol v. Barrowclough*,
    251 F. Supp. 3d 855 (E.D. Pa. 2017) ..................................................................... 3, 5

*In re Bayou Steel BD Holdings, L.L.C.*,
    642 B.R. 371 (Bankr. D. Del. 2022) ................................................................... 12, 13

*Benefit Control Methods v. Health Care Svcs., Inc.*,
    Civ. No. 97-4418, 1998 WL 22080 (E.D. Pa. Jan. 16, 1998) ................................. 18

*In re Blatstein*,
    192 F.3d 88 (3d Cir. 1999) ...................................................................................... 15

*Buck v. Hampton Tp. School Dist.*,
    452 F.3d 256 (3d. Cir. 2006) ................................................................................... 13

*Buckley v. O'Hanlon*,
    No. 04955, 2007 WL 956947 (D. Del. Mar. 28, 2007) ............................................ 4

*In re Calabrese*,
    689 F.3d 312 (3d Cir. 2012) .................................................................................... 14

*Chaleplis v. Karloutsos*,
    579 F. Supp. 3d 685 (E.D. Pa. 2022) ..................................................................... 19

*Clientron Corp. v. Devon IT, Inc.*,
    894 F.3d 568 (3d Cir. 2018) .................................................................................... 15

*Doug Grant, Inc. v. Greate Bay Casino Corp.*,
    232 F.3d 173 (3d Cir. 2000) .................................................................................... 10

*In re FAH Liquidating Corp.*,
    572 B.R. 117 (Bankr. D. Del. 2017) ....................................................................... 17

*Francis v. Francis*,
    No. CV 16-4376, 2023 WL 2994667 (E.D. Pa. Apr. 18, 2023) ......................... 12, 13

*In re Genesis Health Ventures, Inc.*,
   355 B.R. 438 (Bankr. D. Del. 2006) ...................................................................5

*Hargrave v. Ramsey*,
   No. CIV. A. 15-201, 2015 WL 2445940 (E.D. Pa. May 21, 2015), *aff'd,* 688 F.
   App'x 124 (3d Cir. 2017) ...................................................................................4

*In re Harris Agency, LLC*,
   477 B.R. 590 (Bankr. E.D. Pa. 2012) .........................................................19, 22

*In re Insilco Techs., Inc.*,
   480 F.3d 212 (3d Cir. 2007)..............................................................................21

*In re Kamand Constr., Inc.*,
   298 B.R. 251 (Bankr. M.D. Pa. 2003) ...............................................................19

*In re Marchese*,
   605 B.R. 676 (Bankr. E.D. Pa. 2019) .................................................................7

*Meyer v. Delaware Valley Lift Truck, Inc.*,
   392 F. Supp. 3d 483 (E.D. Pa. 2019) ...........................................................16, 17

*Milo, LLC v. Procaccino*,
   No. CV 16-5759, 2020 WL 1853499 (E.D. Pa. Apr. 13, 2020) ...........................5

*Mitchell Partners, L.P. v. Irex Corp.*,
   No. 08-CV-04814, 2010 WL 3825719 (E.D. Pa. Sept. 29, 2010), *rev'd in part
   on other grounds*, 656 F.3d 201 (3d Cir. 2011) .............................................11, 12

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir.1997)...............................................................................10

*In re Our Alchemy, LLC*,
   No. 16-11596 (KG), 2019 WL 4447545 (Bankr. D. Del. Sept. 16, 2019) ...........17

*In re S. Canaan Cellular Invs.*,
   LLC, No. 09-10473, 2010 WL 3306907 (E.D. Pa. Aug. 16, 2010)........................8

*Simms v. Exeter Architectural Prods., Inc.*,
   868 F. Supp. 668 (M.D. Pa. 1994) .....................................................................12

*In re Spitko*,
   No. adv. 05-0258, 2007 WL 1720242 (Bankr. E.D. Pa. June 11, 2007) .........23, 24

*Teri Woods Pub., L.L.C. v. Williams*,
   No. CIV.A. 12-04854, 2013 WL 1500880 (E.D. Pa. Apr. 12, 2013) .....................18

*Thompson v. Glenmede Trust Co.*,
    No. CIV. A. 92-5233, 1993 WL 197031 (E.D. Pa. June 8, 1993) ...........................................12

*U.S. v. Inslaw, Inc.*,
    932 F.2d 1467 (D.C. Cir. 1991) ....................................................................................................21

*In re Uni-Marts, LLC*,
    404 B.R. 767 (Bankr. D. Del. 2009) ............................................................................................11

*In re Universal Mktg., Inc.*,
    460 B.R. 828 (Bankr. E.D. Pa. 2011) ..........................................................................................22

*Com. of Pa. ex rel. Zimmerman v. Pepsico, Inc.*,
    836 F.2d 173 (3d Cir.1988) ...........................................................................................................4

**State Cases**

*Cameco, Inc. v. Gedicke*,
    157 N.J. 504 (1999) ........................................................................................................................6

*Feleccia v. Lackawanna Coll.*,
    215 A.3d 3 (Pa. 2019) ..................................................................................................................14

*Green v. Phillips*,
    No. 14436, 1996 WL 342093 (Del. Ch. June 19, 1996) ..............................................................13

*Hanaway v. Parkesburg Grp., LP*,
    641 Pa. 367, 168 A.3d 146 (Pa. 2017) ..........................................................................................7

*Koken v. Steinberg*,
    825 A.2d 723 (Pa. Commw. Ct. 2003) ........................................................................................11

*Monroe v. CBH20, LP*,
    286 A.3d 785 (Pa. Super. 2022) ...................................................................................................14

*Mortimer v. McCool*,
    2019 WL 6769733, No. 3583 EDA 2018 (Pa. Super. Ct. Dec. 12, 2019) ..............................15

**Federal Statutes**

11 U.S.C. § 510 ....................................................................................................................................21

11 U.S.C. § 544 ....................................................................................................................................17

11 U.S.C. § 547 ....................................................................................................................................17

11 U.S.C. § 548 ....................................................................................................................................17

11 U.S.C. § 550 ....................................................................................................................................17

11 U.S.C. § 542 ........................................................................................................21, 22

11 U.S.C. § 549 ........................................................................................................22, 23

**State Statutes**

15 Pa.C.S. § 8849.2 ...........................................................................................................9

Pennsylvania Declaratory Judgment Act ...................................................................20

Pennsylvania Limited Liability Company Act ................................................6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 7 .................................................................................................................4

Fed. R. Civ. P. 57 .............................................................................................................20

**Regulations**

15 Pa. Code § 8815 .......................................................................................................8, 9

15 Pa. Code § 8834 ...........................................................................................................6

15 Pa. Code § 8849.2 ........................................................................................................8

15 Pa. Code § 8849.1 ........................................................................................................9

**Other Authorities**

Moore's Federal Practice ¶ 12.34[2] (3d ed. 2014) .......................................................4

Moving Defendants, Casey Parzych ("Casey"); Angus Rittenburg ("Angus"); Kelly A. Festa ("Kelly"); Ashleigh Baldwin ("Ashleigh"); Michael Boyer ("Michael"); and R.F. Culbertson ("R.F.") (collectively, the "Individual Defendants"); Polebridge, LLC ("Polebridge"); Good Design, Inc. ("Good Design") ; AgTech PA LLC ("AgTech PA"); AgTech VI, LLC ("AgTech VI"); XO Energy Worldwide, LLLP ("XO Energy"); XO EW, LLC ("XO EW"); Best Bev, LLC; EtOH Worldwide, LLC ("EtOH"); and Canvas 340, LLC ("Canvas 340") (collectively, the "Entity Defendants"); and Shawn Sheehan ("Shawn," and collectively with the Individual Defendants and the Entity Defendants, the "Moving Defendants"), by and through their undersigned counsel, hereby file this memorandum of law in reply (this "Reply") to the Response in Opposition ("Response," a copy of which is annexed hereto as <u>Exhibit A</u>) of Plaintiff, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee (the "Trustee") to Moving Defendants' motion to dismiss (the "Motion to Dismiss")[1] the Complaint filed against them by the Trustee.  In support of this Reply, the Moving Defendants respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

Exceedingly long in word count, but woefully short in substance, the Trustee's Response does little to contradict the factual and legal arguments made by Moving Defendants in their Motion to Dismiss as to why so many of the Trustee's claims and causes of action must fail, and be dismissed, at this stage.  In fact, the Trustee devotes the first 35 pages of the Response to reframing the facts in order to suit her ever-shifting narrative, while adding all manner of additional facts *not actually pled in the underlying Complaint*.  Yet no amount of spin can alter the very basic facts of this case, and the reasons for the Debtor's ultimate demise, which had nothing to do with

---

[1] Capitalized terms used but not defined herein will have the meanings assigned to them in the Motion to Dismiss.

the Moving Defendants breaching any fiduciary duties or contracts, or otherwise being part of some nefarious scheme to defraud their own enterprise.

Rather, Casey, Angus, and their fellow business partners are entrepreneurs, who invested their own hard-earned capital as well as sweat equity into various business ventures, among which was the Debtor. For a time, the Debtor operated a moderately successful distillery. However, the value of the Debtor's business was lost as a result of, among other things, a prolonged COVID-19 lockdown, an ill-timed expansion of the business, the unreasonable positions of its lender in the face of the Debtor's financial distress, and a litigious former business partner.[2]

The Trustee's entire case against the Moving Defendants is based on a false premise. The Trustee alleges that the Debtor's estate is entitled to millions of dollars from other businesses that were owned or operated by Casey, Angus, and/or their partners. Because the Debtor did not, and legally could not, own or operate these separate business ventures, the estate has no claim whatsoever to them and the Trustee's entire case fails.

As set more fully in the Motion to Dismiss, the Complaint suffers from numerous facial defects that require dismissal as a matter of law. For example, the Trustee's claims for breach of fiduciary duty, aiding and abetting, alter ego, unjust enrichment, and constructive trust all contravene established Pennsylvania law when applied to the facts of this case. The remaining claims are no better. The Trustee attempts to plead around the Complaint's glaring facial defects by lumping together groups of differently situated defendants into broadly defined "buckets"

---

[2]     Notably, the Trustee did not sue Anthony Lorubbio ("Lorubbio"), a former Manager of the Debtor and its second largest equity holder, who signed an agreement on behalf of the Debtor to provide services for certain Moving Defendants. The Moving Defendants suspect that Lorubbio has been feeding the Trustee inaccurate and/or incomplete information about the Moving Defendants that is reflected in the Complaint.

designated by inconsistently used defined terms.[3]  The Trustee then alleges similarly broad and
unsubstantiated claims against these "buckets" of defendants but fails entirely to plead plausible
and particularized allegations against each defendant.  In short, the Complaint is the quintessential
"shotgun pleading" designed to throw everything it can against the wall at the Moving Defendants
to see what sticks.  This is wholly improper and is precisely the type of pleading warranting
dismissal.

Once the rhetoric and overly generalized, unsubstantiated allegations are stripped away, it
becomes clear that the Trustee's claims against each of the Moving Defendants fail as a matter of
law.  Accordingly, the Complaint should be dismissed with prejudice as against each of the Moving
Defendants.

## LEGAL ARGUMENT

### I.    The Complaint is an Impermissible Shotgun Pleading and Allegations of the Complaint Are not Sufficiently Specific as to Each Defendant

As set forth in the Motion to Dismiss, the Complaint is an impermissible shotgun pleading
and the allegations of the Complaint are not sufficiently specific as to each Defendant. Adv. D.I.
17, Motion to Dismiss at 16-19.  Shotgun pleadings "fail to one degree or another, and in one way
or another, to give the defendants adequate notice of the claims against them and the grounds upon
which each claim rests." *Bartol v. Barrowclough,* 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017)
(Discussing at length the law on shotgun pleadings and dismissing complaint filed under 42 U.S.C.
§ 1983 that was "fifty-four pages long" and brought "thirteen different counts against any
combination of well over seven distinct defendants").

---

[3]    For example, the term "Insider Defendants" is improper because, as a matter of law, most of the Individual
Defendants are not "insiders."  The term "Pilfering Entities" is inflammatory and overly broad.  As a result, these
terms are not used in the Moving Defendants' memorandum of law, except when quoting from the Complaint.

All throughout the Response, the Trustee attempts to "clean up" the myriad deficiencies of the Complaint by adding, reorganizing, and recharacterizing allegations of the Complaint, which is an impermissible attempt at circumventing, at the very least, a request to amend the Complaint. *Com. of Pa. ex rel. Zimmerman v. Pepsico, Inc.,* 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2014) ("The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."); *see also Hargrave v. Ramsey,* No. CIV. A. 15-201, 2015 WL 2445940, at *2 (E.D. Pa. May 21, 2015), *aff'd,* 688 F. App'x 124 (3d Cir. 2017).

First, the Trustee argues, to no avail, that the Complaint includes specific allegations regarding the conduct of individual Moving Defendants. Response at 36. However, the Complaint is simply insufficient and constitutes a shotgun pleading because, among other deficiencies, multiple counts in the Complaint simply adopt the allegations of all preceding counts without providing the requisite specificity required in a post-*Iqbal/Twombly* landscape.

The Trustee contends that the Complaint is pled as to buckets of defendants because "all such Defendants collectively engaged in that behavior, and there is nothing improper with allegations of this type." *Id.* To advance that assertion, the Trustee improperly relies on *Buckley v. O'Halon,* where the court held that, breach of fiduciary duty claims – as distinguished from fraud claims – may be pled using categories of officers and directors as substitutes for listing names, **but may not "us[e] them as sweeping terms to avoid having to associate specific parties to particularized conduct.** *Buckley v. O'Hanlon,* No. 04955, 2007 WL 956947, at *4 (D. Del. Mar. 28, 2007) (group pleading extends only to "individuals involved in the day-to-day

affairs of the corporation") (emphasis added); Response at 36. In other words, a scrivener's "shortcut" in defining and referencing terms *does not* equate to giving the plaintiff license to short circuit well-established pleading standards in a federal court complaint. The Trustee also relies on *In re Genesis Health Ventures*. *See* Response at 36. In that case, the court held that the fraud claim was sufficiently pled, because the complaint, *unlike the Complaint at hand*, made specific reference to individual defendants and their specific roles in the alleged overall scheme, thereby providing defendants with enough specificity to inform them of relevant time period, substance of alleged fraudulent communications/actions, and identity of those to whom such communications were made. *In re Genesis Health Ventures, Inc.,* 355 B.R. 438, 457 (Bankr. D. Del. 2006).

The Trustee next maintains that an impermissible shotgun pleading is not wholly dependent on whether it incorporates all preceding paragraphs or names multiple defendants. Response at 37. The Trustee relies on *Milo, LLC v. Procaccino*, where the court distinguished the case before it from *Bartol v. Barrowclough*, because in *Milo* the complaint was only ten pages long and specifically identified each joinder defendant. *Milo, LLC v. Procaccino,* No. CV 16-5759, 2020 WL 1853499, at *10 (E.D. Pa. Apr. 13, 2020) (quoting *Bartol v. Barrowclough*, 251 F. Supp. 3d at 860)). On the other hand, in *Bartol*, the complaint was fifty-four pages long and brought thirteen different counts against any combination of well over seven distinct defendants, yet failed to allege whether many of the defendants were even present at the disputed event, whether plaintiff had ever interacted with them, whether defendants had any knowledge of the events, or which claim applied to which "individual defendants." *Id.*

Both the Complaint and Response are replete with conclusory, vague, and/or immaterial facts that are not obviously connected to any particular cause of action. Multiple counts improperly lump together groups of defendants without specifying which of the defendants is allegedly

responsible for which specific acts or omissions.  Regardless of the Trustee's attempt at "cleaning"

up the Complaint, it is nevertheless a shotgun pleading because, among other things, some counts

are alleged against "All Defendants" but only contain allegations against certain of the defendants.

**II.**     **The Breach of Fiduciary Duty Claims Fail as a Matter of Law As the Individual Defendants Either Had No Duty or the Trustee Failed to Allege the Specific Breaches Thereof.**

      **A.**     **Pennsylvania Law and the Debtor's Operating Agreement Limit Fiduciary Duties and Who Owes Them.**

As set forth in more detail in the Motion to Dismiss, Count 1 of the Complaint fails to state

a cause of action for breach of fiduciary duty against any of the Individual Defendants because (i)

the defendants did not owe such a duty as a matter of law (Kelly, Ashleigh, Michael, and R.F.),

and (ii) the Trustee has failed to plausibly allege a breach of the limited fiduciary duties under the

Pennsylvania Limited Liability Company Act and the Debtor's Operating Agreement (Casey and

Angus).  Adv. D.I. 17, Motion to Dismiss at 19-27.

In the Response, the Trustee relies on unrelated bodies of law for the proposition that

"during the term of employment and within the scope of agency, an employer/principal is entitled

to its employees' and agents' undivided loyalty."  Response at 39.  This assertion is perhaps the

greatest sleight-of-hand present in the Response because the Trustee improperly relies on

Pennsylvania *employment law* to allegedly refute the fact that the members and managers of an

LLC are "not personally liable, directly or indirectly" for the LLC's debts or obligations, solely by

reason of being members or managers.  15 Pa. Code § 8834(a).

Whether an employee owes a duty of loyalty to *his or her employer* is wholly irrelevant to

the applicable analysis of breach of fiduciary duties alleged in the Complaint.  *See, e.g., Cameco,*

*Inc. v. Gedicke,* 157 N.J. 504, 516 (1999) ("The scope of the duty of loyalty that an employee owes

to an employer may vary with the nature of their relationship.  Employees occupying a position of

trust and confidence, for example, owe a higher duty than those performing low-level tasks."). Notably, fiduciary duties cannot be implied where they are not expressly set forth in entity's organizational documents or arise under statutory or accepted common law. *In re Marchese*, 605 B.R. 676, 694 (Bankr. E.D. Pa. 2019).

The Trustee also asserts (through citations to other jurisdictions) that employees are not governed by operating agreements but by employment contracts. Response at 41. This argument is completely irrelevant because Pennsylvania case law interprets the Pennsylvania LLC Act not to impose duties which do not exist by statute or by agreement. *See, e.g., id.* (Observing that courts "disapprove" of the argument that a defendant owes fiduciary duties because of some alleged "de facto managerial status."); *Hanaway v. Parkesburg Grp., LP*, 641 Pa. 367, 385, 168 A.3d 146, 157 (Pa. 2017) (Interpreting the Pennsylvania limited partnership act and affirming dismissal of claims alleging a breach of an implied duty of good faith, where no such duty existed in the statute or in the partnership agreement).

The Debtor's Operating Agreement does not impose fiduciary duties on the Debtor's employees, "spokespersons," outside counsel, or agents. *See generally* Adv. D.I. 17-2, Operating Agreement at § 5.19. The Operating Agreement further provides fairly standard exculpation clauses for each of the Debtor's members, officers, employees, and agents. Adv. D.I. 17-2, Operating Agreement at § 5.21.

**B.      As a Matter of Law, Kelly Festa, Ashleigh Baldwin, Michael Boyer, and R.F. Culbertson Did Not Owe Fiduciary Duties to the Debtor.**

The Trustee's Response fails to remedy the lack of allegations in the Complaint alleging any facts (or applicable law) supporting that any of the Individual Defendants owed a fiduciary duty to the Debtor. As set forth more fully in the Motion to Dismiss, courts have dismissed breach of fiduciary duty claims at the pleading stage where, as here, the plaintiff has failed to allege that

a defendant owes a fiduciary duty to the debtor.  *See, e.g., In re S. Canaan Cellular Invs.,* LLC,

No. 09-10473, 2010 WL 3306907, at *8 (E.D. Pa. Aug. 16, 2010); *see* Adv. D.I. 17, Motion to

dismiss at 25-26. Pennsylvania law and the Operating Agreement are both clear that only Managers

owe fiduciary duties to the Debtor.  *See* 15 Pa. Code §§ 8849.2; 8815(d)(3); Adv. D.I. 17-2,

Operating Agrmt. §§ 5.1; 5.7; 5.8.

In the Response, the Trustee incorrectly states that the LLC Act does not provide for

limitations on the fiduciary duties imposed on members of an LLC.  Response at 40, n.5.  On the

contrary, Pennsylvania law gives the members an of LLC substantial freedom of contract to modify

the "default" fiduciary duty standards.  For example, section 8849.2(h) allows an LLC's operating

agreement to eliminate liability for breaches of the duty of care, except for "an act that constitutes

recklessness, willful misconduct or a knowing violation of law."   15 Pa. Code § 8849.2(h).

Moreover, Section 8815(d) permits the operating agreement to, among other things, (i) "alter"

aspects of the duty of loyalty; (ii) "alter the duty of care"; or (iii) "alter or eliminate any other

fiduciary duty", in each case so long it is not "manifestly unreasonable." See 15 Pa. Code §

8815(d)(3).

The Trustee has failed to allege that Kelly, Ashleigh, Michael, or R.F. owed any fiduciary

duties to the Debtor.  Under applicable law – and by the terms of the Debtor's own Operating

Agreement – they did not.  Accordingly, Count 1 of the Complaint has no basis in law and should

be dismissed, with prejudice, as against each of Kelly, Ashleigh, Michael, and R.F.

### C.    The Trustee Has Failed to Plausibly Allege a Breach of Fiduciary Duty by Any of the Individual Defendants.

In the Motion to Dismiss, Moving Defendants maintain that the Trustee fails to plausibly

allege that Casey, Angus, or any of the other Individual Defendants (to the extent they owe

fiduciary duties, which they do not) engaged in any "fraud, deceit, gross negligence, or willful

misconduct" or otherwise breached a fiduciary duty owed to the Debtor.  Adv. D.I. 17, Motion to

Dismiss at 27-31; Adv. D.I. 17-2, Operating Agrmt. § 5.7.  Furthermore, the Trustee lumps

together all six different Individual Defendants using the term "Insider Defendants" without

identifying with the requisite particularity which specific individual is allegedly responsible for

which act or omission. *See Forks Specialty Metals*, 2023 WL 3239468, at *19 (dismissing breach

of fiduciary duty claim because the "Amended Complaint makes almost no targeted allegations at

all regarding anything [defendant] did or did not do in breach of his fiduciary duties as a director

and officer of the Debtor.").

As the Trustee notes in the Response, while the duty of loyalty may not be entirely

eliminated, operating agreements may "alter the aspects of the duty of loyalty stated under section

8849.1(b)(1)(i) or (ii) or (2) or 8849.2(b)(1)(i) or (ii) or (2)… alter the duty of care; and (v)  alter

or eliminate any other fiduciary duty." 15 Pa. C.S. §§ 8815(d)(3); Response at 43-44.  But the

Trustee incorrectly asserts that section 5.7 of the Operating Agreement is ambiguous.  Response

at 44.  This argument is to no avail as the section clearly and unequivocally provides for the types

of conduct that may result in manager liability: conduct amounting to "fraud, deceit, gross

negligence or willful misconduct by such Manager" results in liability, which is consistent with

the LLC Act.  Adv. D.I. 17-2, Operating Agrmt. § 5.7; *see* 15 Pa.C.S. § 8849.2(c) ("The duty of

care of a manager . . . is to refrain from engaging in gross negligence, recklessness, willful

misconduct or knowing violation of law.").  Moreover, the first sentence of the Section refers to

the manager's *managerial duties*, which requires the managers to discharge their managerial day-

to-day duties as an ordinarily prudent person.  Thus, the first section is not in contradiction with

the second one, which clearly enumerates conduct that may result in liability if breached.

Next, the Trustee's argues that Section 5.8 of the Operating Agreement does not allow them to enter into different ventures with the Debtor.  Response at 45.  This argument similarly fails since the Trustee admits, the section expressly allows the Managers to participate in "other business ventures of any and every type and description," which includes competitive businesses ventures, as such is the nature of entrepreneurship.  Stating that managers may not use information to harm the business does not expand the duty of loyalty, and the Trustee has not claimed any actual harm beyond allegedly using the Debtor's computer system to send emails, and use of the Debtor's copier and scanner, *see*, *e.g.*, Compl. at ¶¶ 92-93, which is not monetary harm (or at most, extremely *de minimis* monetary harm).

The Trustee also alleges that the other business ventures were formed to circumvent PNC's security interest.  *See* Response at 50.  This argument is a pure legal conclusion completely lacking in factual allegations.  As the Trustee does throughout the Response, the Trustee here again attempts to "clean up" the pleading deficiencies of the Complaint by providing a table with repackaged, yet still patently insufficient, factual allegations.  *See* Response at 47-50.

The Response correctly notes that factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss; however, the Trustee may not rely on specious allegations or misrepresented facts in the Complaint.  Response at 52; *see, e.g., Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000) (The Court "need not accept as true unsupported conclusions and unwarranted inferences."); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Morse v. Lower Merion Sch.*

*Dist.,* 132 F.3d 902, 906 (3d Cir.1997) (explaining that a court need not accept a plaintiff's "bald

assertions" or "legal conclusions" (citations omitted)).

The Trustee denies her attempt at collaterally attacking the auction and sale approved by

this Court. Response at 52. This denial is simply incorrect since, in the Complaint, the Trustee

stated that the sale, approved upon order of this Court, resulted in less than what it should have.

*See* Compl. at ¶ 145 ("[T]he price paid by Millstone for the Debtor's assets was less than it would

have been had the Section 363 sale been conducted on a level playing field."); *see also In re Uni-*

*Marts, LLC*, 404 B.R. 767, 788 (Bankr. D. Del. 2009) ("It is well settled that a final judgment in a

civil action may be challenged on direct review but cannot be collaterally attacked in a subsequent

proceeding.").    Accordingly, these claims must be dismissed with prejudice as against the

Individual Defendants.

## III.    The Complaint Fails to Plausibly Allege Aiding and Abetting a Breach of Fiduciary Duty.

As noted in the Motion to Dismiss, the Pennsylvania Supreme Court has never recognized

a common law cause of action for aiding and abetting a breach of fiduciary duty.  *See Mitchell*

*Partners, L.P. v. Irex Corp.*, No. 08-CV-04814, 2010 WL 3825719, at *9-10 (E.D. Pa. Sept. 29,

2010), *rev'd in part on other grounds*, 656 F.3d 201 (3d Cir. 2011); *see* Adv. D.I. 17, Motion to

Dismiss at 31-32.  To date, only the Pennsylvania Commonwealth Court is the highest state court

to recognize such a claim. *See Koken v. Steinberg,* 825 A.2d 723, 732 (Pa. Commw. Ct. 2003).

In the Response, the Trustee again attempts to amplify the poorly-pled facts in the

Complaint, and yet still fails to allege the requisite *actual knowledge element*.  *See* Response at 54.

The Trustee attempts to add imputation of knowledge as to the Entity Defendants for the first time

in the Response.  Response at 55.  This improper addition is also to no avail, since it was never

included in the Complaint and presupposes actual knowledge from the Individual Defendants.

Similarly, the Trustee states that the Court could infer the Defendants' knowledge, which is simply insufficient to plead actual knowledge.  Response at 55; *see Mitchell Partners,* 2010 WL 3825719, at *9 (Dismissing aiding and abetting claim when "plaintiff pled only that the special defendants 'knew or should have known of the breaches of fiduciary duty.'").

The Trustee's Response does nothing to remedy the "threadbare recitals of the elements" that "[e]ach of the Defendants substantially assisted and/or encouraged the Insider Defendants to breach their fiduciary duties owed to the Debtor."  Complaint, at ¶ 213; *see* Response at 53-56; *see also Thompson v. Glenmede Trust Co.,* No. CIV. A. 92-5233, 1993 WL 197031, at *9 (E.D. Pa. June 8, 1993) (dismissing aiding and abetting claim where plaintiff failed to allege either actual knowledge of or substantial assistance or encouragement in effecting the alleged breach of fiduciary duty).  As such, Count 2 of the Complaint should be dismissed as to all Moving Defendants.

## IV.  The Trustee's Claim for Corporate Waste Fails as a Matter of Law.

As set forth more fully in the Motion to Dismiss, Count 3 of the Complaint fails to state a claim for corporate waste against the Insider Defendants.  *See* Adv. D.I. 17, Motion to Dismiss at 36-37.  Corporate waste occurs where there is "a **blatant squandering** of assets to the detriment of the business entity, as if the sole purpose was to harm the entity and render what little might be left to the remaining shareholders **worthless**." *Simms v. Exeter Architectural Prods., Inc.,* 868 F. Supp. 668, 673 (M.D. Pa. 1994).

The Motion to Dismiss also sets forth that "a mere alleged failure to provide business documents, without more, fails to show that one engaged in a 'blatant squandering' of assets that injured a business entity." *Francis v. Francis,* No. CV 16-4376, 2023 WL 2994667, at *28 (E.D. Pa. Apr. 18, 2023).  Furthermore, as here, when a plaintiff fails to state a claim for breach of fiduciary duty, a claim for corporate waste should similarly be dismissed. *See In re Bayou Steel*

*BD Holdings, L.L.C.,* 642 B.R. 371, 406 (Bankr. D. Del. 2022).  The *Bayou Steel* court recognized

that exculpation clauses apply, in equal force, to both breaches of fiduciary duty and corporate

waste.  *Bayou Steel,* 642 B.R. at 406 (citing *Green v. Phillips,* No. 14436, 1996 WL 342093, at

\*\*6-7 (Del. Ch. June 19, 1996)).

In the Response, the Trustee attempts to distill this argument down to the fact that corporate

waste claims should be dismissed when breach of fiduciary duty claims are dismissed.  Response

at 58.  However, contrary to the Trustee's contentions, there can be no corporate waste here *since

the complaint fails to allege any "blatant squandering of assets."*  Adv. D.I. 17, Motion to Dismiss

at 36-37.  While the Complaint makes references to use of the Debtor's computer system to send

emails, and use of the Debtor's copier and scanner, *see, e.g.*, Complaint, at ¶¶ 92-93, this cannot

and does not legally constitute "blatant squandering."  *See Francis,* 2023 WL 2994667, at \*28.

As the Trustee's Response admits, but unsuccessfully tries to distinguish, the Court can,

and should, consider the Debtor's Operating Agreement at the motion to dismiss stage.  Response

at 59, n.10; *see Buck.*, 452 F.3d at 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may

consider documents that are attached to or submitted with the complaint.").  In both the Complaint

and the Response, the Trustee specifically references the Operating Agreement and quotes from it

at length.  *See, e.g.,* Complaint ¶ 256-57.

The Response further attempts to discredit the exculpation clause in the Operating

Agreement by pointing to the difference between "shall be able to" and "shall be liable to."

Response at 60.  However, the heading, context, and entire verbiage of Section 5.21 clearly

demonstrate that it is an *exculpation clause*, which even states "for *losses and liabilities* arising

from the conduct of the affairs of the Company or from the conduct of any employee or agent of

the Company."  Adv. D.I. 17-2, Operating Agreement at § 5.21 (emphasis added).  Moreover, the

word "able" is a dialectic synonym of the word "liable," and should be construed as synonymous, especially with the clear intent and language of the entire section.[4]

The Trustee maintains that the exculpation and indemnification clauses contravene public policies, bolstering her argument on a case that is highly distinguishable from this one. *See* Response at 62 (quoting *Feleccia v. Lackawanna Coll.*, 215 A.3d 3 (Pa. 2019)). *Feleccia* is a personal injury case focused on ensuring that children playing football (in that case) did not contract away their health, safety and welfare to an unacceptable degree. *Feleccia*, 215 A.3d at 20 ("We recognize[] such pre-injury releases are unenforceable in circumstances where they 'would jeopardize the health, safety, and welfare of the people by removing any incentive for parties to adhere to minimal standards of safe conduct.'").

Further, in the Response, the Trustee attempts to add the non-existent element of impairment of the rights of nonparties to the Corporate Waste claim, in an attempt shoehorn her argument, to no avail, that the Operating Agreement would impair the Debtor's creditors' rights. Response at 62. Moreover, the Trustee cites to an unrelated case, which pertains to public policy in the context of whether retail sales taxes collected by debtor from third parties were trust fund taxes, and thus non-dischargeable in bankruptcy. *Id.* (quoting *In re Calabrese*, 689 F.3d 312 (3d Cir. 2012).[5] Accordingly, Count 3 of the Complaint should be dismissed as to all Moving Defendants.

---

[4]    In the Response, the Trustee cites to a *dissent* – without signaling that is it a dissent – for the proposition that exculpatory provisions are considered affirmative defenses under Pennsylvania law. *Monroe v. CBH20, LP*, 286 A.3d 785, 825 (Pa. Super. 2022) (dissenting and holding that "the Activity *Release* constituted an affirmative defense raised as new matter to Plaintiff's amended complaint.") (emphasis added); Response at 60, n.10. Regardless of the fact that a dissent is not binding precedent, the dissent refers to *releases* as opposed to exculpation clauses, which are patently different contractual terms of art (and in most instances, much more targeted in scope).

[5]    Without pointing to any legal authority whatsoever, the Trustee manufactures another imaginary element, claiming that exculpation clauses must specifically establish which conduct and what levels of fault are being disclaimed from liability, when the clause clearly set out the types of conduct that may result in manager liability:

**V.    The Trustee's Claims for Alter Ego, Piercing the Corporate Veil and/or Successor
Liability Contravene Settled Law and Should be Dismissed.**

As set forth in the Motion to Dismiss, "Pennsylvania law, applicable here, recognizes a

**strong presumption against** piercing the corporate veil." *Clientron Corp. v. Devon IT, Inc.,* 894

F.3d 568, 576 (3d Cir. 2018) (quoting *In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999)) (emphasis

added).

The Trustee once again attempts to introduce a new pleading, the enterprise theory, which

is improperly pled for the first time in the Response to the Motion to Dismiss.  Response at 65.

Moreover, the Trustee claims that the doctrines of alter ego, piercing of the corporate veil, and

successor liability require fact-intensive determinations.  Response at 67.  However, with respect

to the Entity Defendants, as well as Shawn, Kelly, Ashleigh, and Michael, the Trustee is *barred* as

a matter of law from pursuing such claims because, under Pennsylvania law, those claims can

never be asserted against a party that is not a shareholder or member of the Debtor. *see Atl.

Hydrocarbon*,  2019  WL  928996,  at  *1; *see also see also  Mortimer  v.  McCool,*

2019 WL 6769733, No. 3583 EDA 2018, *6 (Pa. Super. Ct. Dec. 12, 2019).  The Trustee concedes

this by focusing her Response's assertions on Casey, Angus, and R.F. *See* Response at 68.

Further in the Response, the Trustee, once again, attempts to amend the Complaint by

alleging the existence of a corporate structure spreadsheet, which was not part of the Complaint.

*See* Response at 69.  The Trustee also attempts to add a claim for de facto merger, which was never

pled in the Complaint at all.  *Id.* at 71.  The Trustee once again tries to reorganize the Complaint

via the Response, as a failed attempt to address the element of continuation.  *Id.* at 70-71.

---

conduct amounting to "fraud, deceit, gross negligence or willful misconduct by such Manager" results in liability.
Adv. D.I. 17-2, Operating Agrmt. § 5.7.

However, the allegations pertain merely to *de minimis* materials such as the use of marketing files, which is not nearly sufficient to constitute continuation. *See id.*

Ultimately, the Response does not even attempt to address the other factors outlined in the Motion to Dismiss (the role of other fiduciaries, payment of dividends, or holding oneself out in business without using the corporate name).  Adv. D.I. 17, Motion to Dismiss at 37-38.  The Trustee simply has not alleged any specific factual allegations to show the type of complete disregard of the corporate form that would be required to overcome the "strong presumption against piercing the corporate veil" or to otherwise state a claim for alter ego, piercing the corporate veil and/or successor liability.  As such, Count 4 of the Complaint should be dismissed against all Moving Defendants.

## VI.    Unjust Enrichment is Not an Available Remedy Under the Facts Alleged in the Complaint.

As provided in the Motion to Dismiss, the doctrine of unjust enrichment under Pennsylvania law "sounds in quasi-contract," and thus is "inapplicable when the relationship between the parties is founded upon written agreements." *Meyer v. Delaware Valley Lift Truck, Inc.,* 392 F. Supp. 3d 483, 495 (E.D. Pa. 2019); Adv. D.I. 17, Motion to Dismiss at 40-41. The Eastern District of Pennsylvania dismissed a claim for unjust enrichment when based upon a defendant's purported failure to abide by the terms of a shareholder agreement. *Id.*

In the Response, the Trustee attempts to incorrectly portray the Motion to Dismiss as solely arguing that unjust enrichment is unavailable when the relationship is founded upon written agreements.  Response at 72.  However, the Motion to Dismiss also maintains that the unjust enrichment Count is limited to conclusory allegations directed to the "Pilfering Entities," Finland Leasing and ETP, and only certain individuals. Compl. ¶ 237(a)-(d).  From these barest of allegations, the Trustee extrapolates that "each of the Defendants ha[s] received monetary

payments from the Pilfering Entities which were derived with the benefit of the Debtor's resources." Compl. ¶ 237(e).

As set more fully in the Motion to Dismiss, the Trustee has simply not alleged that "benefits" were conferred on each Moving Defendant by the Debtor, the "appreciation of such benefit" by that Moving Defendant, and that specific "circumstances" exist whereby "it would be inequitable for [that Moving Defendant] to retain the benefit without payment of value." *Baker v. Family Credit Counseling Corp.,* 440 F. Supp. 2d 392, 419 (E.D. Pa. 2006). Finally, the Trustee entirely failed to allege that there is no adequate remedy at law. *See* Complaint, at ¶¶ 236-241.

In the Response, the Trustee argues that a claim for unjust enrichment should survive a motion to dismiss where it is plausible that the plaintiff could otherwise be left without a remedy at law. Response at 73. However, the Trustee relies on *FAH Liquidating Corp.* and *In re Our Alchemy*, Delaware decisions which were concerned with the possibility that a trustee's failure to prove insolvency at a later stage in the proceeding would be fatal in the context of fraudulent transfer counts. *In re FAH Liquidating Corp.,* 572 B.R. 117, 131 (Bankr. D. Del. 2017) (The trustee only asserted claims for recovery of fraudulent transfers and unjust enrichment); *In re Our Alchemy, LLC,* No. 16-11596 (KG), 2019 WL 4447545, at *11 (Bankr. D. Del. Sept. 16, 2019) (The Trustee only asserted claims for recovery and avoidance of transfers (pursuant to 11 U.S.C. §§ 544, 547, 548, and 550) and unjust enrichment). Here, however, the Trustee asserts 14 different Counts, among which is a breach of contract claim, which Pennsylvania courts have used as a basis upon which to dismiss unjust enrichment claims when they are based on a defendant's purported failure to abide by the terms of an agreement. *See, e.g., Meyer v. Delaware Valley Lift Truck,* 392 F. Supp. 3d at 495. Moreover, a trustee's failure to allege the necessary element that there is no

remedy available at law is "grounds for dismissal." *OpenPeak*, 2020 WL 7360482, at *27. Accordingly, the Trustee's Unjust Enrichment claim should be dismissed.

**VII.    The Trustee Has Not Properly Pled a Basis to Seek an Accounting.**

In the Response, the Trustee attempts to rectify the deficiencies in the Complaint but ultimately fails to identify (first in the Complaint, and then even in her Response) any contractual or legal right to an accounting. *See* Response at 73-74. As such, the Trustee must seek an accounting on equitable grounds. "[I]t is well settled that an accounting is an equitable remedy which is available only when there is no adequate remedy at law." *Benefit Control Methods v. Health Care Svcs., Inc.*, Civ. No. 97-4418, 1998 WL 22080, at *2 (E.D. Pa. Jan. 16, 1998).

An accounting is unwarranted in situations where "the type of information [] is readily obtainable during discovery." *Teri Woods Pub., L.L.C. v. Williams,* No. CIV.A. 12-04854, 2013 WL 1500880, at *4 (E.D. Pa. Apr. 12, 2013); *see Benefit Control Methods,* 1998 WL 22080, at *2 (noting that discovery is available to provide this information under the Federal Rules of Civil Procedure). Similar to *Teri Woods Pub* and *Benefit Control Methods*, here, an adequate remedy at law clearly exists: discovery. As set forth more fully in the Motion to Dismiss, if the Trustee seeks financial documents or information from the Moving Defendants, the Trustee should seek such information through discovery, not an accounting. *See* Adv. D.I. 17, Motion to Dismiss at 42-43. As such, Count 6 is improper and should be dismissed as against all Moving Defendants.

**VIII.   The Trustee Fails to State a Claim for Constructive Trust.**

The Trustee's Response attempts to once again improperly add an allegation, namely that the "fruits" of the alleged breaches against the "Insider Defendants" are subject to a constructive trust. Response at 75. However, newly and improperly alleged "fruits" of alleged breaches[6] do

---

[6]    As noted in the Motion to Dismiss, which the Trustee does not attempt to remedy or address in the Response, while the caption to Count 7 states that it is asserted against "All Defendants," as relevant to the Motion to

not qualify as the essential requisite of a "*specific trust res…*upon which a constructive trust may

be imposed." *In re Kamand Constr., Inc.,* 298 B.R. 251, 255 (Bankr. M.D. Pa. 2003) (citing cases).

The Trustee's repeated insistence of something does not magically make it so.

Regardless, Pennsylvania does not recognize a separate cause of action for constructive

trust; rather, imposing a constructive trust is an equitable remedy. *Chaleplis v. Karloutsos,* 579 F.

Supp. 3d 685, 706 (E.D. Pa. 2022) (Striking a constructive trust claim as a standalone claim for

not only being not recognized as an independent cause of action in Pennsylvania, but also for being

redundantly requested as a remedy for other claims).

Even if Pennsylvania recognized a separate cause of action for constructive trust, which it

does not, the Trustee fails to identify (first in the Complaint, and then even in her Response) any

"*specific trust res…*upon which a constructive trust may be imposed." *Id.*  As such, Count 7 should

be dismissed as against all Moving Defendants.

## IX.    The Trustee Has Failed to State a Claim for Breach of Contract and the Request for Declaratory Judgment is Moot.

As reasserted in the Response, the gravamen of the Trustee's breach of contract claim is

that Casey and Angus failed to disclose or assign certain "Work Product" that "related to the

Debtor's business" and was made during the time that Casey and Angus were members of the

Debtor using the Debtor's resources.  *See* Response at 77.   In the Response, the Trustee concedes

that the definition of "Work Product" includes various forms of intellectual property that are

"conceived, reduced to practice, created, developed or made by a Member either alone or with

---

Dismiss, the allegations contained in Count 7 are **limited to the "Pilfering Entities."**  Adv. D.I. 17, Motion to Dismiss at 43; *see* Complaint, at ¶¶ 250-253 and ¶ 254 ("Accordingly, a constructive trust should be imposed on the assets of the Pilfering Entities for the benefit of the Debtor's bankruptcy estate.").  Because Count 7 is only pled against the "Pilfering Entities," it must be dismissed as against each of the Individual Defendants and dismissed as against Shawn Sheehan. *See In re Harris Agency, LLC*, 477 B.R. 590, 594 (Bankr. E.D. Pa. 2012) ("Count IX, stating a claim for Aiding and Abetting Breach of Fiduciary Duty, exclusively states a claim against James Agnew and does not address, mention or discuss any other Defendant. Therefore, this count will be dismissed against Deborah Agnew, as requested in the Motion to Dismiss.").

others, **in the course of providing services to the Company**." *See id.* at 76-78; Adv. D.I. 17-2, Operating Agrmt. § 9.17(a) (emphasis added).

Regardless of the reasons why these entrepreneurs entered into (permitted) separate ventures CBDelight and Wynk seltzers, they were certainly not made "in the course of providing services" to the Debtor, and they are not and never were property of the Debtor's bankruptcy estate Instead they are part of a permissible "other business venture[]." Adv. D.I. 17-2, Operating Agrmt. § 5.8.[7]

Next, the Trustee concedes that the request for declaratory judgment is moot by stating that "whether the relief is considered a declaratory judgment pursuant to the Declaratory Judgment Act or its Pennsylvania analogue, or specific performance damages for breach of the Operating Agreement, there can be little doubt that the breach of contract claim is properly pleaded and should proceed." Response at 79. Indeed, the declaratory judgment request is moot here since a declaratory judgment is only appropriate when it will "terminate the controversy giving rise to the proceeding." Fed. R. Civ. P. 57 (advisory committee notes).

Moreover, declaratory judgment is "intended to address uncertainty as to legal rights between parties towards **expediting a conclusion of a pending dispute or avoiding one altogether**," and is inappropriate when the parties "are engaged in full-blown litigation … [and] [e]ach side is clear as to what its respective rights." *Joey's Steakhouse,* 474 B.R. at 184 ("Adjudication of these issues will perforce determine the rights of each party. In other words, the request for declaratory relief is, at this juncture, moot.") (emphasis added). Here, there is little

---

[7]     As stated more fully above, the Debtor's Operating Agreement specifically allows members to "engage in and possess interests in other business ventures of any and every type and description, independently or with others, with no obligation to offer to the Company or any other Member, Manager or agent the right to participate therein." Adv. D.I. 17-2, Operating Agrmt. § 5.8.

doubt that the Trustee is seeking monetary damages from the Moving Defendants. As such, Count 8 should likewise be dismissed as against all Moving Defendants.

## X.    There is No Basis for Equitable Subordination.

The Trustee's Response, citing to case law not from within the Third Circuit, attempts to maintain that the Debtor's schedules listing Moving Defendants as holding claims is equivalent to them filing proofs of claims for purposes of equitable subordination. Response at 79. However, what the Debtor has listed in its schedules is irrelevant when no proofs of claims have been filed because there is no claim to be subordinated since "[w]ithout an underlying claim, equitable subordination is a non-starter." *In re Insilco Techs., Inc.,* 480 F.3d 212, 219 (3d Cir. 2007) ("[T]he Bankruptcy Court is not empowered to punish inequitable conduct in the abstract; rather, it allows equitable concerns to modify its treatment *of claims.*") (emphasis original); *see also* 11 U.S.C. § 510(c)(1) ("[U]nder principles of equitable subordination, [a bankruptcy court may] subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim...").

Since the Trustee's request for equitable subordination fails as a matter of law, because none of the Moving Defendants hold a claim that could be subject to subordination, it should be dismissed as to all Moving Defendants.

## XI.    The Trustee Has Failed to Plausibly Allege a Basis for Turnover.

As more fully advanced in the Motion to Dismiss, it is well settled that a claim sounding in "turnover" is not proper where a bona fide dispute exists between the parties. *See Joey's Steakhouse, 474 B.R. at 188* (quoting *U.S. v. Inslaw, Inc.,* 932 F.2d 1467, 1472 (D.C. Cir. 1991) ("It is settled law that turnover actions under § 542 cannot be used to demand assets whose title is in dispute.")); *see* Adv. D.I. 17, Motion to Dismiss at 49-51.

In the Response, the Trustee incorrectly argues that there is no bona fide dispute because the allegations of the Complaint must be accepted as true for purposes of a motion to dismiss and "undisputed facts alleged in the Complaint establish that a turnover claim is proper." Response at 80-81. This position is of course absurd, as under the Trustee's logic, every plaintiff pleading a claim for turnover would immediately "win" without a defendant ever having a cognizable defense to such claim.

Here, of course, the facts pled in the Complaint are not "undisputed;"[8] rather, the Trustee is conflating facts "not being in dispute" with facts pled "being taken as true for purposes of a motion to dismiss." These are very different concepts, both practically and legally. Accordingly, the Trustee's argument is incorrect and does not advance a proper section 542 claim for turnover of *undisputed* property, and this Count should also be dismissed.

**XII.    The Section 549 Claim is Not Properly Pled and Fails as a Matter of Law.**

As set forth in the Motion to Dismiss, and undisputed in the Response, a section 549 claim is only pled against the "Best Bev Defendants," which term is *not defined* anywhere in the Complaint. *See* Adv. D.I. 17, Motion to Dismiss at 51-52.

In the Response, the Trustee hand-waves over this error, and attempts to equate the terms "Best Bev Entities" and "Best Bev Defendants," while trying to circumvent the requirement that she amend the Complaint. *See* Response at 81-82. Moreover, "Best Bev," who the Trustee alleges received "Post Petition Best Bev Transfers" is similarly not defined in the Complaint, and the Trustee's attempt to link the undefined terms to terms defined in the Complaint is improper. *See In re Universal Mktg., Inc.*, 460 B.R. 828, 839 (Bankr. E.D. Pa. 2011) (dismissing section 549

---

[8]    To the extent that emails or other records exist, the Moving Defendants believe they would be in the possession, custody, or control of a third party. *See* Adv. D.I. 17, Motion to Dismiss at 50. As a result, the Trustee cannot seek turnover from the Moving Defendants because they are not in possession of such alleged property of the estate. *See id.*

count that was not plausibly pled and holding that a trustee cannot simply rely on an allegation regarding the state of the Debtor's records to circumvent the pleading requirements).[9]

Because the Trustee has not remedied the fact that the section 549 claim is only pled against undefined "defendants" (and therefore, utterly lacking in requisite specificity such as the who/when/amount/etc.), and the transfers in question relative to Best Bev LLC are facially transfers pled to have occurred *a full year before Best Bev LLC was even formed*, Count 12 should be dismissed in its entirety.

**XIII.    The Preference Claim Against Michael Boyer is Not Properly Pled and is Time-Barred.**

As the Trustee does throughout the Response, she tries to remedy the improperly pled Preference Claim in the Complaint by attempting to address the elements of a preference under section 547(b).[10] The Trustee alleges, for the first time in the Response, that Michael is a creditor. Response at 83.  Moreover, as an attempt to circumvent the fact that the alleged transfer was made on March 19, 2021, which is more than 90 days prior to the Petition Date, the Trustee attempts to characterize Michael as an insider.  *Id.* at 84-85.  However, "[a]ttorneys have not generally been considered insiders of their debtor-clients."  *In re Spitko*, No. adv. 05-0258, 2007 WL 1720242, at **10-12 (Bankr. E.D. Pa. June 11, 2007) (collecting cases).

In the Response, the Trustee offers exceptions that are inapplicable to this case and have not been pled, namely "a relationship with the debtor that transcended the normal attorney-client boundaries."  *Id.* at *10; *see* Response at 85-86.   The Trustee relies on alleged facts specifically

---

[9]    In the Response the Trustee fails to address the fact that Moving Defendant, Best Bev LLC, *was formed on June 13, 2022*. *See* Compl. at ¶ 125.  However, the Post Petition Best Bev Transfers are alleged to have been made between July 6, *2021* and on or about September 29, *2021*, **nearly a full year before Best Bev LLC was formed**.  *See* Compl., at ¶ 150.

[10]    Michael disputes the partial list of elements that the Trustee has alleged and reserves all statutory and non-statutory affirmative defenses.

rejected in *Spitko*, where the court rejected a preference claim against a law firm when the trustee alleged only that the law firm had represented the debtor and certain other entities—as the Trustee here alleges—and there was a familial relationship and there was no evidence of day-to-day control.  *Id.* at **10-12.  Accordingly, Count 13 fails as a matter of law against Michael and should be dismissed.

## CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, and for such other and further relief as may be deemed just and equitable by the Court.

Date:  December 11, 2023                    **ARCHER & GREINER, P.C.**

*/s/ Stephen M. Packman*
Stephen M. Packman
Douglas G. Leney
Mariam Khoudari
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Phone: (215) 963-3300
Fax: (215) 963-9999
spackman@archerlaw.com
dleney@archerlaw.com
mkhoudari@archerlaw.com