# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Subchapter V |
| | ) | |
| PHILADELPHIA ORTHODONTICS, P.C. | ) ) ) | Case No. 24-11728PMM |
| *Debtor*. | ) | |
| PHILADELPHIA ORTHODONTICS, P.C., | ) ) | Docket No. |
| | ) | |
| *Movant*, | ) ) | |
| v. | ) ) | |
| NO RESPONDENT. | ) | |

## ORDER AUTHORIZING DEBTOR
## TO (A) PAY PREPETITION WAGES,
## SALARIES AND EMPLOYEE BENEFITS;
## (B) CONTINUE THE MAINTENANCE OF EMPLOYEE
## BENEFITS IN THE ORDINARY COURSE; AND (C) AUTHORIZING ALL BANKS TO
## HONOR PREPETITION CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS

AND NOW, this **23rd** day of May, 2024, upon consideration of the *Emergency Motion of the Debtor for Entry of an Order (A) Authorizing the Payment of Employee Obligations; (B) Authorizing The Maintenance of Employee Benefits in the Ordinary Course; and (C) Authorizing Banks to Honor Prepetition Checks for Payment of Employee Obligations* (the "Motion"), and due notice having been given; and no other further notice being necessary or required; and this Court having determined that granting the relief requested in the Motion is in the best interest of the Debtor, its estate, creditors and equity security holders; and sufficient cause appearing to grant the relief requested; it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. The Motion is **GRANTED**.

2. The Debtor is authorized, but not directed, to pay or otherwise honor the Prepetition

Employee Obligations,[1] <u>provided</u> that Prepetition Employee Obligations do not exceed the limits imposed by sections 507(a)(4) and 507(a)(5) of the United States Bankruptcy Code.

3. The banks upon which any checks are drawn in payment of the Prepetition Employee Obligations, either before, on, or after the date on which the Debtor filed this Subchapter V Case, are hereby authorized to honor, upon presentment, any such checks and are prohibited from placing any holders on, or attempting to reverse, any automatic transfers to Employees' accounts or other party for Prepetition Employee Obligations.

4. Such banks are authorized and directed to rely upon the representations of the Debtor as to which checks are in payment of the Prepetition Employee Obligations.

5. The Debtor shall be and hereby is authorized, but not directed, to issue new postpetition checks or effect new postpetition funds transfers on account of the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

6. The Debtor may pay any and all withholdings, including social security, FICA, federal and state income taxes, garnishments, health care payments, Simple IRA Plan withholding and other types of withholding, whether these relate to the period prior to the date of the Debtor's subchapter V filings, or subsequent thereto.

7. Any party receiving payment from the Debtor is authorized and directed to rely upon the representation of the Debtor as to which payments are authorized by this Order.

8. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied, and that the relief requested is necessary to avoid immediate and irreparable harm.

9. The requirements of Bankruptcy Rule 6004(a) are waived.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

{C1314963.1}    2

10. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

11. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by either of the Debtor pursuant to the relief) shall: (a) be construed as a request for authority to assume any executory contract under section 365; (b) waive, affect or impair any of the Debtor's rights, claims or defenses, including, but not limited to, those arising from section 365, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any addition rights on any third party; or (d) be otherwise enforceable by any third party.

**Date: May 23, 2024**

_/s/ Patricia M. Mayer_

Hon. Patricia M. Mayer
UNITED STATES BANKRUPTCY JUDGE

{C1314963.1}                                     3