# EXHIBIT C

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

| | |
|---|---|
| **ROGERS COUNSEL**<br>Lance Rogers (I.D. No. 87546)<br>Joseph R. Heffern (I.D. No. 87819)<br>26 East Athens Ave.<br>Ardmore, PA 19003<br>610.649.1880<br>877.649.1880 (fax) | **Counsel for Defendants Casey Parzych, Polebridge LLC, Ashleigh Baldwin, and Angus Rittenburg** |

| | |
|---|---|
| ANTHONY LORUBBIO<br><br>Plaintiff,<br><br>v.<br><br>CASEY PARZYCH, POLEBRIDGE LLC, ASHLEIGH BALDWIN, and ANGUS RITTENBURG<br><br>Defendants. | : IN THE COURT OF COMMON<br>: PLEAS OF BUCKS COUNTY,<br>: PENNSYLVANIA<br>:<br>: CIVIL ACTION - LAW<br>:<br>: Case No. 2021-01816-0-JUDGE: 34<br>:<br>: **MEMORANDUM OF LAW IN**<br>: **SUPPORT OF DEFENDANTS'**<br>: **MOTION FOR SUMMARY**<br>: **JUDGMENT** |

Defendants Casey Parzych, Polebridge LLC, Ashleigh Baldwin, and Angus Rittenburg (collectively, "Defendants") file this Memorandum of Law in support of their Motion for Summary Judgment ("Motion") against Plaintiff Anthony Lorubbio. This Court should grant Defendants' Motion pursuant to Pa. R. Civ. P. 1035.2(a) in its entirety because there is no genuine issue left for trial following Lorubbio's failure to provide any evidence to support his unsubstantiated claims. Defendants request that this Honorable Court grant their Motion in its entirety because Lorubbio lacks standing pursuant to 15 Pa.C.S. §8881(a). In addition, this Court lacks subject matter jurisdiction because Lorubbio failed to join Midnight Madness Distilling, LLC ("MMD") as an indispensable party. Furthermore, because Lorubbio *allowed this case to languish for approximately 21 months without attempting to take any discovery* to investigate his false allegations, while MMD went through bankruptcy, Plaintiff failed to obtain

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

any discovery from this indispensable entity to support his meritless claims. Accordingly, this Court should grant Defendants' Motion in its entirety.

I. **HISTORY OF THE CASE:**

Parzych and Lorubbio are former business associates and founding members of MMD, a start-up, craft distillery located in Trumbauersville, Pennsylvania. Pursuant to the "Amended and Restated Operating Agreement of Midnight Madness Distilling, LLC's Amended and Restated as of April 16, 2019" ("Operating Agreement"), Parzych was the President of MMD and Lorubbio was the CEO. Pursuant to the Operating Agreement, a majority of MMD's Class A shareholders ("Majority in Interest") removed Lorubbio as a Manager and terminated him as CEO in January of 2020 for causing MMD to default on its outstanding debt.

Immediately following his termination as CEO of MMD, Lorubbio threw a temper tantrum, began screaming, refused to leave the premises, and locked himself in an office for a number of hours—causing the employees of MMD to evacuate the building for their own safety. Lorubbio ultimately fled the premises with a company car, computer, phone, and confidential documents—but not before drafting a company check to himself for $10,130.23 as "reimbursement" for unauthorized expenses. The company car he took was subsequently vandalized, and later recovered by MMD (along with the company's computer and mobile phone) on a street outside a repair garage, located in the City of Philadelphia.

Unfortunately, Lorubbio's immaturity, lack of business acumen, and incompetence as a manager left MMD in dire financial straits, just before the COVID-19 pandemic reached the United States. Because of loans acquired under Lorubbio's tenure as CEO, MMD was indebted to PNC Bank in the approximate amount of $2.5 million, without any means to repay that obligation. Following Lorubbio's termination as CEO, MMD's new leadership attempted to

2

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

negotiate a sale of MMD in an effort to eliminate its debt, keep the company afloat, and preserve the jobs of its approximately 80 MMD employees.

Because Lorubbio could not move past his bruised ego for being terminated as CEO, he selfishly used his position as a minority shareholder to unreasonably frustrate all efforts by MMD to effectively resolve its debt obligations to PNC or to transfer the operation of the business and assets to willing buyers. Moreover, Lorubbio filed the present lawsuit, asserting claims for breach of contract and breach of fiduciary duty against Parzych, on April 2, 2021 for the sole purpose of scaring off potential buyers and frustrating the sale of MMD. *See* Compl. (Docket Entry ["D.E."] #0) ¶¶ 64-74. Unable to find a willing buyer or meet its outstanding debt obligations, MMD filed for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania on June 21, 2021. *See Midnight Madness Distilling LLC*, Bankruptcy Pet. # 21-11750-mdc Docket ("Bankruptcy Docket").

In an attempt to harass Parzych (his former friend and business partner), Lorubbio amended his Complaint on July 21, 2021 to assert additional frivolous claims against Ashleigh Baldwin (Parzych's wife), Angus Rittenburg (Parzych's friend), and Polebridge LLC (Baldwin's and Rittenburg's shared company), alleging *inter alia* a grand conspiracy to harm Lorubbio and destroy MMD—the company that Parzych had worked so hard over the course of many years to build into a successful business prior to the COVID-19 pandemic. *See* Am. Compl. (D.E. #6) ¶¶ 104-108. Specifically, Lorubbio asserted six Counts against the various Defendants: (1) breach of contract against Parzych; (2) breach of fiduciary duty against Parzych; (3) breach of fiduciary duty against Rittenburg; (4) tortious interference with contract against Rittenburg, Baldwin, and Polebridge; (5) aiding and abetting Parzych's alleged breach of fiduciary duty against Rittenburg, Baldwin, and Polebridge; and (6) civil conspiracy against civil conspiracy against all Defendants.

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

In an apparent attempt to avoid having his frivolous claims expeditiously adjudicated before the federal bankruptcy court, Lorubbio strategically avoided including MMD in his Amended Complaint—the critical entity at the center of all of his allegations. *See id.* at ¶¶ 76-108. Furthermore, Lorubbio did not assert any of his claims as a derivative action pursuant to 15 Pa. C.S. §8882—despite repeatedly alleging throughout the Amended Complaint that the Defendants purportedly damaged him indirectly by harming MMD, devaluing the company, and then wrongfully forcing it into bankruptcy (Am. Compl. at ¶¶29, 59 & 62). In fact, both Plaintiff's expert report and the purported damages alleged under each Count clearly conflate Lorubbio's purported damages with MMD's: "Parzych Harms the Company to the Benefit of His Wife and Friend over Lorubbio's Objection" (*Id.* at ¶29); "Since Lorubbio's Removal, Defendants Have Devalued the Company" (*Id.* at ¶59); and "Defendants Wrongfully Sought to Sell the Company and Then Declare Bankruptcy" (*Id.* at ¶62).

In the meantime, the federal bankruptcy court ***thoroughly reviewed MMD's finances***, blessed the results of its review, and sold off the remnants of MMD and its assets to third parties during MMD's bankruptcy proceedings. *See generally* Bankruptcy Docket. Indeed, Lorubbio was represented by counsel and involved in the bankruptcy process, yet never raised any objections to the sale of MMD's assets. *See id.* at D.E. #27 (Notice of Appearance filed on behalf of Lorubbio). After filing his original Complaint on April 2, 2021, ***Lorubbio failed to take any discovery for almost 21 months in this case*** and refused to substantively respond to any of Defendants' discovery requests—which is why Plaintiff lacks any evidence to support his meritless claims.

II. <u>QUESTION INVOLVED</u>:

1. Should the Court grant Defendant's Motion in its entirety because Lorubbio lacks standing under 15 Pa. C.S. §8881(a) to directly assert any claims arising under the Operating Agreement?

4

*Suggested Answer: Yes.*

2. Should the Court the Court grant Defendant's Motion in its entirety for lack of subject matter jurisdiction because Lorubbio failed to join MMD as an indispensable party.?

*Suggested Answer: Yes.*

3. Should the Court grant Defendants' Motion for Summary Judgment on all Counts because Plaintiff has failed to produce any evidence to support his claims?

*Suggested Answer: Yes.*

### III. ARGUMENT:

This Court should grant Defendants' Motion for Summary Judgment in its entirety because there is no genuine issue left for trial following Lorubbio's failure to provide any evidence to support his unsubstantiated claims pursuant to Pa. R. Civ. P. 1035.2(a). The Supreme Court of Pennsylvania has recognized: "Granting of summary judgment is proper where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Albright v. Abington Mem'l Hosp.*, 548 Pa. 268, 280, 696 A.2d 1159, 1165 (1997) (quoting Pa. R. Civ. P. 1035(b)).

    **A.**    **The Court should grant Defendants' Motion for Summary Judgment on all of Plaintiff's claims because Lorubbio lacks standing under 15 Pa.C.S. §8881(a) to directly assert any legally viable claims relating to the Operating Agreement.**

Lorubbio lacks standing under 15 Pa. C.S. §8881 to directly assert any legally plausible claims arising under the Operating Agreement because none of his alleged injuries can be separated from the MMD's purported injuries. The Pennsylvania Uniform Limited Liability Company Act of 2016, 15 Pa. C.S. § 8811 *et seq.* (the "LLC Act") permits LLC members to enforce the statutory duties of loyalty, care, good faith, and fair dealing and the LLC members' contractual rights through either a direct or derivative lawsuit. *Lancaster Cty. Inv'rs Co. v. Cmty.*

5

Case 23-00047-pmm    Doc 58-4    Filed 10/29/24    Entered 10/29/24 14:35:32    Desc
Exhibit Ex C 7.15.23 MSJ Brief    Page 7 of 19

*Health Sys.*, No. 18-1609, 2019 U.S. Dist. LEXIS 12906, at *6-7 (E.D. Pa. Jan. 28, 2019). Pursuant to section 8881(b) of the LLC Act, however, members may maintain a direct action ***only*** if they "plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company." *Id.* at *7 (quoting 15 Pa. C.S. §8881(a)). Specifically, if a member's alleged injury cannot be separated from the harm suffered by the limited liability company as a whole, the suit must then instead be filed derivatively pursuant to Section 8882 of the LLC Act. *Id.*

Here, with respect to each of the five Counts averred in the Amended Complaint, Lorubbio's only legally plausible damages cannot be separated from the alleged harm suffered by MMD. The basic allegation underlying all of Lorubbio's claims is that Parzych conspired with each of Defendants to use MMD's resources to help Polebridge to the detriment of MMD and, in turn, injure Lorubbio. Indeed, different sections of the Amended Complaint are punctuated with titles such as the following: "Parzych Harms the Company to the Benefit of His Wife and Friend over Lorubbio's Objection" (Am. Compl. at ¶29); "Since Lorubbio's Removal, Defendants Have Devalued the Company" (*Id.* at ¶59); and "Defendants Wrongfully Sought to Sell the Company and Then Declare Bankruptcy" (*Id.* at ¶62). In fact, the purported damages alleged under each Count clearly conflate Lorubbio's purported damages with MMD's. For example, in Counts One and Two Lorubbio respectively alleges that Parzych denied him the right oversee MMD's governance and audit MMD's books, thereby "damaging" Lorubbio by: devaluing MMD, harming MMD to benefit friends and family, and forcing MMD into bankruptcy. *See* Am. Compl. at ¶¶76-86. Indeed, the only instances where Lorubbio's alleged damages that are not conflated with MMD's damages relate to his purported loss of salary as CEO and the alleged refusal of MMD to indemnify Lorubbio. *See id.* at ¶81. As discussed

6

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

below, however, Lorubbio failed to provide any evidence to support legally viable claims for wrongful dismissal as CEO or for indemnification.

> 1. **As a matter of law, Lorubbio cannot recover any damages (separate from MMD) relating his dismissal as CEO or as a Manager because he was an at-will employee.**

Lorubbio cannot recover for the loss of his salary as a matter of law because he was an at-will employee and lacked any contractual right under the Operating Agreement to a set salary or term as CEO or as a "Manager." The Supreme Court of Pennsylvania has repeatedly recognized that "as a general rule, there is no common law cause of action against an employer for termination of an at-will employment relationship." *Weaver v. Harpster*, 601 Pa. 488, 501, 975 A.2d 555, 562 (2009) (collecting cases). For over a century, Pennsylvania courts have held that without specific contractual provision to the contrary, either party may terminate an employment relationship *__for any or no reason at all__*. *Id.* The presumption under Pennsylvania law is that all employment is at-will, and, therefore, an employee may be discharged for any reason or no reason. *Luteran v. Loral Fairchild Corp.*, 455 Pa. Super. 364, 370, 688 A.2d 211, 214 (1997). Moreover, "where an employment arrangement does not contain a definite term, it will be presumed that the employment at-will rule applies." *Rapagnani v. Judas Co.*, 1999 PA Super 203, ¶ 8, 736 A.2d 666, 670 (quoting *Marsh v. Boyle*, 366 Pa. Super. 1, 530 A.2d 491, 493). An employment contract for a broad, unspecified duration does not overcome the presumption of at-will employment—definiteness is required. *Id.* (citing *Murphy v. Publicker Industries, Inc.*, 357 Pa. Super. 409, 516 A.2d 47, 51-52 (1986)). Because the at-will doctrine is a presumption, "the burden of proving that one is not employed at-will rests squarely upon the employee." *Rutherfoord v. Presbyterian-University Hosp.*, 417 Pa. Super. 316, 323, 612 A.2d 500, 503 (1992). Indeed, "great clarity is necessary to contract away the at-will presumption." *Scott v. Extracorporeal, Inc.*, 376 Pa. Super. 90, 99, 545 A.2d 334, 338 (1988)

7

Here, the Operating Agreement provides neither a salary nor a definite term for Lorubbio to serve as CEO. *See* Operating Agreement at 5.19. Moreover, the Operating Agreement makes clear that CEO served solely at the pleasure of the Managers: "Any officer or agent elected or appointed by the Managers ***may be removed by the Managers, whenever in their judgment*** the best interests of the Company would be served...." *Id.* (emphasis added). Similarly, with respect to Lorubbio's position as a Manager, Section 5.2(b) of the Operating Agreement spells out: "A Majority in Interest shall have the right to remove a Manager from the Board (***for any reason and for no reason at all***)...." (emphasis added). Indeed, the Operating Agreement clearly contemplates that it was not intended to be a stand-alone employment contract because it provides that any "such removal shall be without prejudice to the contractual rights, ***if any***, of the person so removed." *Id.* (emphasis added). Thus, because Lorubbio's employment as CEO and a Manager was at-will, his termination cannot serve as a basis for his breach of contract/fiduciary duty claims or any claims relating to these, such as tortious interference with contract claim, aiding and abetting a purported breach, or a civil conspiracy claim. *See Rapagnani*, 736 A.2d at 670. Accordingly, Lorubbio does not have a legally viable claim for damages independent from MMD relating to his termination as CEO.

> **2. Lorubbio has failed to demonstrate a legally ripe claim for indemnification, because the Amended Complaint does not identify any specific costs for which Lorubbio personally sought to be paid, which were improperly denied.**

With respect to indemnification—the only other damages that Lorubbio claims that plausibly could be separated from MMD's damages—Lorubbio has failed to demonstrate any personal damages, fines, cost, or expenses he has incurred, for which he purportedly paid out-of-pocket, and was improperly denied reimbursement by MMD. Section 5.22 of the Operating Agreement provides that the Company shall indemnify and hold harmless the Members and/or

8

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

Managers against all damages, fines, cost and expenses...." In Pennsylvania, however, "it is well established that before indemnification rights accrue, the party seeking indemnification must pay the claim or verdict damages before obtaining any rights to pursue an indemnification recovery." *Kessock v. Conestoga Title Ins. Co.*, 2018 PA Super 226, 194 A.3d 1046, 1054-55 (quoting *Chester Carriers, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2001 PA Super 8, 767 A.2d 555, 563).

Here, the Amended Complaint is completely silent as to any specific damages, fines, cost, or expenses Lorubbio has purportedly paid, but Parzych refused to allow MMD to reimburse. Indeed, only paragraph 57 of Amended Complaint provides a vague allegation that "Parzych has also refused indemnification to Lorubbio for the alleged claims Parzych has threatened against Lorubbio." The Amended Complaint, however, fails to describe any "alleged claims Parzych has threatened against Lorubbio." Furthermore, the Amended Complaint provides no facts to suggest that Lorubbio actually paid such a claim or that Parzych improperly "refuse indemnification" on behalf of MMD to Lorubbio.[1] More importantly, however, now that discovery has closed, Lorubbio has failed to provide ***any evidence*** of such damages. Thus, Lorubbio's breach of contract claim for failure to indemnify is meritless ***and lacks any evidentiary support***. *See Chester Carriers, Inc.*, 767 A.2d at 563 (dismissing indemnification claim as "meritless," where plaintiff failed to pay the underlying damages claim). Thus, Lorubbio does not have any legally ripe damages relating to a refusal to indemnify that are

---

[1] Presumably, Lorubbio's demand for attorneys' fees in the "Wherefore" clause of each claim is based on Section 5.22's indemnification provision. Lorubbio, however, does not allege anywhere in the Amended Complaint that he submitted a claim for indemnification of attorneys' fees that he paid, which MMD subsequently denied. Moreover, as discussed below, any claim for indemnification of attorneys' would have to be made pursuant to the Operating Agreement against MMD as an indispensable party to this action—not Parzych. *See* Operating Agreement §5.22.

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

separate from the alleged harm suffered by MMD. Accordingly, The Court should dismiss all of Lorubbio's claims for lack of standing under 15 Pa. C.S. §8881(a) to directly assert any claims relating to the Operating Agreement.

B. **The Court should grant Defendants' Motion for Summary Judgment on all of Plaintiff's claims for lack of subject matter jurisdiction because Lorubbio failed to join MMD as an indispensable party.**

Lorubbio not only lacks standing to bring his claims independently, but the Court should also dismiss all of Plaintiffs' claims for lack of subject matter jurisdiction for failure to join MMD to this action as an indispensable party. *See Orman v. Mortg. I.T.*, 2015 PA Super 130, 118 A.3d 403, 406 (dismissing complaint without prejudice pursuant to Pa.R.C.P. §1032(b) for failure to join indispensable party). Pennsylvania appellate courts have repeatedly recognized: "It is well settled that 'the failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction.'" *Guiser v. Sieber*, 2020 PA Super 182, 237 A.3d 496, 505 (quoting *N. Forests II, Inc. v. Keta Realty Co.*, 2015 PA Super 253, 130 A.3d 19, 28-29).

MMD is an indispensable party because any adjudication of Lorubbio's rights relating to the Operating Agreement are inextricably tied up with MMD's operation and rights under the Operating Agreement. The Supreme Court of Pennsylvania has explained: "In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 464 Pa. 377, 379, 346 A.2d 788, 789 (1975). In Pennsylvania, a trial court must weigh the following considerations to determine if a party is indispensable to a particular litigation: (1) Do absent parties have a right or an interest related to the claim? (2) If so, what is the nature of that right or interest? (3) Is that right or interest essential to the merits of the issue?

10

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

(4) Can justice be afforded without violating the due process rights of absent parties? *See Orman*, 2015 PA Super 130, 118 A.3d at 406-07. Indeed, Pennsylvania appellate courts have repeatedly found that a corporation constitutes an "indispensable party" when the corporation's rights or valuation and distribution of its assets are involved in a dispute. *See Guthrie Clinic v. Meyer*, 162 Pa. Commw. 152, 163, 638 A.2d 400, 405 (1994) ("[T]he trial courts November 3, 1993 order affected the rights of GHS as a corporation and, as a result, GHS was aggrieved by the trial court's order."); *see also Freund v. Braden-Freund*, No. 779 WDA 2011, 2013 Pa. Super. Unpub. LEXIS 2813, at *25-27 (Nov. 8, 2013) (holding that corporation was an indispensable party because the court's judgment would affect corporate assets).

Here, there is no question that Lorubbio's claims directly affected a number of MMD's critical corporate rights and interests. For example, in the "Wherefore" clause ***for each claim asserted***, Lorubbio is purportedly seeking damages stemming from MMD's refusal to pay corporate funds to "indemnify" him pursuant to Section 5.22(a) the Operating Agreement, which provides in relevant part that "the Company shall indemnify and hold harmless the Members and/or Managers against all damages, losses, fines, costs and expenses (including attorneys' fees and disbursements)...." *See* Am. Compl. ¶¶22, 57, 80(c), 81, 86, 91, 98, 103 & 108. It is unclear how Lorubbio intends to seek indemnification for attorneys' fees from MMD without joining MMD to this lawsuit. Similarly, in the "Wherefore" clause ***for each claim asserted***, Lorubbio is purportedly seeking equitable relief against MMD for access to the company's sensitive financial "books and records" pursuant to Section 5.4 of the Operating Agreement. *See* Am. Compl. ¶¶48-51, 80(b), 81, 86, 91, 98, 103 & 108. Thus, because Lorubbio is seeking equitable relief against MMD, it must be an "indispensable party." *See Guthrie Clinic*, 162 Pa. Commw. at 163, 638 A.2d at 405 ("If all parties indispensable to the litigation have not been

11

joined, it is impossible for a court in equity to grant relief."). Accordingly, this Court should grant Defendants' Motion for Summary Judgment on all of Lorubbio's claims for failure to join MMD as an indispensable party.

### C. The Court should grant Defendants' Motion for Summary Judgment with respect to Count One because Lorubbio has failed to provide any evidence that Parzych breached the Operating Agreement, resulting in damages to Lorubbio.

To assert a successful claim for breach of contract, a plaintiff must show "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 635 Pa. 427, 137 A.3d 1247, 1258 (Pa. 2016). Here, Lorubbio has failed to provide any evidence that Parzych actually breached any provision of the Operating Agreement. Moreover, as demonstrated above, Lorubbio has failed to demonstrate that any purported breach resulted in any legally cognizable damages that are separate from MMD's. Accordingly, this Court should grant Defendants' Motion with respect to Count One.

### D. The Court should grant Defendants' Motion for Summary Judgment with respect to Counts Two and Three because Lorubbio has failed to provide any evidence that either Parzych or Rittenburg breached any fiduciary duty purportedly owed to Lorubbio.

The Supreme Court of Pennsylvania has recognized that to prevail on a claim of breach of fiduciary duty, a plaintiff must show: "[T]he existence of a fiduciary relationship between the plaintiff and the defendant, that the defendant negligently or intentionally failed to act in good faith and solely for the plaintiff's benefit, and that the plaintiff suffered an injury caused by the defendants breach of its fiduciary duty." *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023); *Snyder v. Crusader Servicing Corp.*, 2020 PA Super 67, 231 A.3d 20, 31 (Pa. Super. 2020).

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

Here, Lorubbio has failed to provide any evidence that either Parzych or Rittenburg committed any act that breached a fiduciary duty. Specifically, Lorubbio alleges without any evidence that Parzych and Rittenburg: 1) unlawfully removed Lorubbio as CEO "with no business reason and with the sole intent to harm Lorubbio;" 2) unlawfully removed Lorubbio as CEO "for the improper purpose of leveraging a buyout of Lorubbio"; 3) "freezing out and oppressing Lorubbio"; 4) diverting MMD's resources "to the detriment of Plaintiff"; 5) seeking to sell MMD to Lorubbio's detriment; 6) purporting to amend the Operating Agreement without member authority under the law; and 7) placing MMD into bankruptcy without authority. *See* Am. Compl. ¶¶85 & 90. Indeed, Lorubbio has failed to provide any factual evidence that either Parzych or Rittenburg unlawfully took any of these actions without justification or that such actions caused Rittenburg measurable harm. Accordingly, this Court should grant Defendants summary judgment with respect to Counts Two and Three.

E.    **The Court should grant Defendants' Motion for Summary Judgment with respect to Plaintiff's Counts Four, Five & Six against Rittenburg, Baldwin and Polebridge because Lorubbio has failed to demonstrate that these Defendants affirmatively engaged in tortious interference with any contract.**

This Court should grant Defendants' Motion for Summary with respect Lorubbio's meritless claims against Parzych's friend (Rittenburg), Parzych's wife (Baldwin), and their company (Polebridge) for allegedly tortiously interfering with the Operating Agreement, aiding and abetting Parzych's purported breach of fiduciary duty, and conspiring "to harm Lorubbio" and MMD.

Here, Lorubbio has failed to demonstrate the existence of any facts plausibly suggesting that Rittenburg, Baldwin, or Polebridge actively engaged in any tortious behavior. Indeed, Lorubbio has failed to produce any evidence to support his unsubstantiated allegations against these Defendants.

13

1. **Lorubbio has failed to support with any evidence a legally viable claim for tortious interference with contract against Rittenburg, Baldwin, and Polebridge.**

Plaintiff failed to show that Rittenburg, Baldwin, or Polebridge took any purposeful action, that was not privileged, and that was specifically intended to harm the contractual relationship between Parzych and Lorubbio. Pennsylvania courts have repeatedly defined the following elements for tortious interference with contractual relations: (1) the existence of a contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct. *Skiff re Bus., Inc. v. Buckingham Ridgeview, LP*, 2010 PA Super 43, ¶ 35, 991 A.2d 956, 965-66 (2010); *The York Grp., Inc. v. Yorktowne Caskets, Inc.*, 2007 PA Super 114, ¶ 31, 924 A.2d 1234, 1235 (2007). The Supreme Court of Pennsylvania has explained: "It must be emphasized that the tort we are considering is an intentional one: the actor is acting as he does ***for the purpose of causing harm to the plaintiff***." *Glenn v. Point Park Coll.*, 441 Pa. 474, 481, 272 A.2d 895, 899 (1971)(emphasis added).

Here, Lorubbio has failed to demonstrate that Rittenburg, Baldwin, or Polebridge took ***any action* intended to harm Lorubbio**. Moreover, Lorubbio has failed to identify any particular provision of the Operating Agreement that Rittenburg, Baldwin or Polebridge purposefully caused Parzych to breach with the intent to harm Lorubbio. *See* Am. Compl. ¶80(a)-(f). On the contrary, Lorubbio has failed to produce any facts to support his tortious interference claim: "On information and belief, … Baldwin, and Polebridge tortiously interfered with the Operating Agreement by causing and/or assisting Parzych's breaches of the Operating Agreement." *See* Am. Compl. ¶95. Thus, this Court must grant Lorubbio's meritless tortious interference with contract claim against Rittenburg, Baldwin, and their company because Plaintiff has failed to

show *the existence of any facts* supporting his bald allegations that these Defendants took *any purposeful action* to cause Parzych to breach the Operating Agreement.

### 2. Lorubbio has failed to produce any evidence to support a legally viable claim against Rittenburg, Baldwin, and Polebridge for aiding and abetting Parzych's alleged breach of a fiduciary duty.

Plaintiff failed to provide any evidence that Rittenburg, Baldwin, or Polebridge provided any substantial assistance or encouragement to cause Parzych to breach any fiduciary duty owed to Lorubbio. The elements for a claim of aiding and abetting the breach of a fiduciary duty under Pennsylvania are: (1) a breach of a fiduciary duty owed to another; (2) knowledge of the breach by the aider and abettor; and (3) substantial assistance or encouragement by the aider and abettor in effecting that breach. *Koken v. Steinberg*, 825 A.2d 723, 732 (Pa. Cmwlth. 2003).

Once again, here, Lorubbio has failed to demonstrate that Rittenburg, Baldwin, or Polebridge took *any actions*, which provided substantial assistance or encouragement that caused Parzych allegedly to breach a fiduciary duty owed to Lorubbio. Instead, Lorubbio baldly alleges a factually unsubstantiated legal conclusion: "Defendants Rittenburg, Baldwin, and Polebridge aided and abetted Parzych's breach of fiduciary duties." Am. Compl. ¶102. Accordingly, the Court must grant Defendants' Motion for Summary Judgment with respect to Lorubbio's Counts against Rittenburg, Baldwin, and Polebridge for purportedly aiding and abetting a breach of fiduciary duty.

### 3. Lorubbio has failed to show any evidence to support a legally viable claim against Rittenburg, Baldwin, and Polebridge for civil conspiracy.

Plaintiff failed to demonstrate that Rittenburg, Baldwin, or Polebridge took *any unlawful overt act*, done with malice, in pursuance of the common purpose or design, resulting in actual legal damage to Lorubbio. For a claim of civil conspiracy to succeed, a plaintiff must demonstrate the existence of all elements necessary to such a cause of action. *Grose v. P&G*

15

*Paper Prods. (In re Grose)*, 2005 PA Super 8, ¶ 7, 866 A.2d 437, 440. The Pennsylvania Supreme Court has identified the following elements that are necessary to support a *prima facie* case of civil conspiracy:

> It must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification. Furthermore, a conspiracy is not actionable until some overt act is done in pursuance of the common purpose or design and actual legal damage results.

Id. at 441, quoting *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979) (internal quotes omitted). Furthermore, "a single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves." *Id.*

Here again, the Lorubbio has failed to show evidence of **any unlawful overt actions** by either, Rittenburg, Baldwin or Polebridge, done with malicious intent, to harm Lorubbio. In fact, Lorubbio's civil conspiracy claim is so poorly drafted, that he could not describe any underlying tort that Baldwin and Polebridge supposedly conspired to commit beyond vaguely alluding to unspecified "actions" in prior paragraphs: "Defendants conspired to harm Lorubbio and the Company through their agreement to harm Lorubbio through the actions described in the preceding paragraphs." *See* Am. Compl. ¶105. Simply put, all of Lorubbio's meritless claims against Rittenburg, Baldwin, and Polebridge are **unsupported by any plausible evidence** and these Defendants are entitled to summary judgment.

**IV.   CONCLUSION:**

      For all of the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment in its entirety.

Date: July 15, 2023                                                          Respectfully submitted,

                                                                                       */s/ Joseph R. Heffern*
                                                                Lance Rogers
                                                                Joseph R. Heffern
                                                               Attorney I.D. Nos. 87546/87819
                                                               ROGERS COUNSEL
                                                               25 E. Athens Ave.
                                                               Ardmore, PA 19003
                                                               610-649-1880 / 877-649-1880 (fax)

                                                               *Counsel for Defendants Casey Parzych, Polebridge LLC, Ashleigh Baldwin, and Angus Rittenburg*

Case# 2021-01816-59 - JUDGE:34 Received at County of Bucks Prothonotary on 07/15/2023 10:03 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.
E-Filed by: Joseph Raymond Heffern Rogers, Esq.

# CERTIFICATE OF SERVICE

I certify that I served the foregoing and MEMORANDUM OF LAW IN SUPPORT OF DEFENANTS' MOTION FOR SUMMARY JUDGMENT and MEMORANDUM OF LAW in in support thereof on the following counsel for the Plaintiff *via* e-mail as indicated below:

Casey Greene, Esq. (cg@SidkoffPincusGreen.com)
Rachel Dennis, Esq. (RDennis@SidkoffPincusGreen.com)
Shawn McBrearty, Esq. (SMcbrearty@sidkoffpincusgreen.com)
SIDKOFF, PINCUS & GREEN, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
Phone: (215) 574-0600
Fax: (215) 574-0310

*Attorneys for Plaintiff*

Date: July 15, 2023                                      Respectfully submitted,

By:  /s/ *Joseph R. Heffern*
Joseph R. Heffern
Attorney I.D. No. 87819
ROGERS COUNSEL
25 E. Athens Ave.
Ardmore, PA 19003
610-649-1880 / 877-649-1880 (fax)

*Counsel for Defendants Casey Parzych, Polebridge LLC, Ashleigh Baldwin, and Angus Rittenburg*