UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MIDNIGHT MADNESS DISTILLING LLC. | : | Bankruptcy No. 21-11750 (PMM) |
| Debtor. | : | |
| | : | |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling, LLC. | : | Adv. Pro. No. 23-00047 (PMM) |
| | : | |
| Plaintiff. | : | |
| Vs. | : | |
| | : | |
| CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGHT BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC. and EUGENE T. PARZYCH, INC. | : | |
| Defendants | : | |

**MOTION OF KURTZMAN | STEADY, LLC FOR AN ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS GARY PARZYCH, RYAN USZENSKI, CAN MAN LLC, FINLAND LEASING CO., INC AND EUGENE T. PARZYCH, INC.**

TO THE HONORABLE PATRICIA M. MAYER,
UNITED STATES BANKRUPTCY JUDGE:

The motion of Kurtzman | Steady, LLC ("Movant") for an order granting leave to withdraw as counsel for defendants Gary Parzych, Ryan Uszenski, Can Man, LLC, Finland Leasing Co,, Inc. and Eugene T. Parzych, Inc. (collectively, the "Represented Defendants") in the above-captioned adversary proceeding, respectfully represents as follows:

1. The Represented Defendants retained Movant in or about August, 2023 to represent them in this adversary proceeding.

2. In connection with the retention, one of the defendants agreed to assume the financial responsibility for the representation of all of the Represented Defendants.

3. Movant has attempted to communicate for several months with the party having financial responsibility for the payment of fees and expenses and has advised that party (and his representative) in writing that Movant intended to withdraw as counsel for the Represented Defendants as a result of his refusal to respond to or otherwise communicate with Movant.

4. The law firm of K&L Gates, LLP ("K&L Gates") represents each of the defendants in this adversary proceeding other than the Represented Defendants. In its communications to the Represented Clients and the party having financial responsibility for Movant's fees and costs, Movant has suggested that, because there exist no cross-claims or other known conflicts of interest between and among the various defendants, K&L Gates could assume the representation of the Represented Defendants in addition to its current clients.

5. Movant explicitly requested the Represented Defendants' consent to the substitution of K&L Gates for Movant, thereby mooting the need for an order of this Court granting leave to withdraw., However, Movant has received no response to the proposed substitution of counsel other than from a Represented Defendant who is not the party having financial responsibility for this engagement.

6. The requirements for a permissive withdrawal by counsel arise under Rule 1.16 of the Pennsylvania Rules of Professional Conduct. Rule 1.16(b) provides, in relevant part, as follows:

> Except as stated in paragraph (c) [relating to notice given to the affected clients], a lawyer may with withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client'
>
> . . . .
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer' services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or]
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client…

7. Here, each of the foregoing elements warrants leave to withdraw. Movant has attempted on multiple occasions since October 15, 2024 to discuss the adversary proceeding, including pleadings filed by the other defendants and the plaintiff, with the party having financial responsibility for the engagement with no response. Similarly, that party has failed to meet his financial obligations to Movant as agreed at the time of the engagement. Finally, and particularly in light of the financially responsible party's refusal to respond to or otherwise communicate with Movant, the continued representation has become unreasonably difficult.

8. In addition, Movant is aware of no reason why KK&L Gates would be unable to consolidate the representation of its current clients with that of the Represented Defendants, thereby eliminating any possible prejudice to the Represented Defendants.

9. For the foregoing reasons, Movant respectfully submits that cause exists to grant the relief requested herein.

WHEREFORE, Kurtzman | Steady, LLC respectfully requests the entry of an order granting leave to withdraw as counsel for the Represented Defendants.

Dated:  December 2, 2024					**KURTZMAN | STEADY, LLC**


						By:___*/s/ Jeffrey Kurtzman*_____
							Jeffrey Kurtzman, Esquire
							555 City Avenue, Suite 480
							Bala Cynwyd, PA 19004
							Telephone:  (215) 839-1222
							Email:  kurtzman@kurtzmansteady.com

		Attorneys for Defendants Gary Parzych, Ryan Uszenski,
	Can Man LLC, Finland Leasing Co., Inc. and Eugene T. Parzych, Inc.