## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>Debtor. | CHAPTER 7<br>Case No. 21-11750-PMM |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>Plaintiff,<br>v.<br><br>CASEY PARZYCH, et al.,<br><br>Defendants. | Adv. No. 23-00047-PMM |

### DECLARATION OF ANDREW J. BELLI IN SUPPORT OF THE TRUSTEE'S MOTION TO COMPEL DISCOVERY

I, Andrew J. Belli, hereby declare as follows:

1. I am counsel to Bonnie B. Finkel, the Chapter 7 Trustee (the "Trustee") for the Debtor, in the above-captioned adversary proceeding.

2. I make this declaration on my own knowledge and belief in support of the Trustee's motion to compel discovery (the "Motion").

3. On July 30, 2025, I held a telephone conference with Robert Beste, Esquire, who at that time served as counsel for all Nonproducing Defendants.[1] During that call, I stated that the Written Responses were deficient and that a formal deficiency letter would be forthcoming. Attorney Beste suggested that, in lieu of discussing and attempting to resolve all of the Trustee's

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

issues with the Written Responses seriatim, the Trustee provide search parameters for the Nonproducing Defendants' electronically stored information (e.g., emails, documents, text messages), and that, after generating a hit report, the parties could engage in a more productive discussion regarding the scope of production and any remaining disputes. Despite the Written Responses' blanket refusal to produce documents, Attorney Beste stated that documents would ultimately be produced, after which the parties could narrow the issues actually in dispute and, if necessary, approach the Court with those disputes in a productive fashion.

4. During a telephone call I had with Attorney Beste on September 25, 2025, he outlined a process whereby Nonproducing Defendants agreed to run the search terms previously circulated by undersigned counsel (subject to Nonproducing Defendants' right to raise issues as to particular terms, which the parties agreed to work out as issues arose) and would prioritize certain productions on a Defendant-by-Defendant basis and start producing documents on a rolling basis. Attorney Beste again suggested that letting the process play out would allow the parties to identify those discovery points which were truly in dispute, which could then be presented to this Court in an efficient manner.

5. In late November 2026, I contacted Attorney Beste concerning an email from Joseph Williams (general counsel to certain of the Nonproducing Defendants) and Attorney Beste stated that he would be withdrawing his representation and gave me permission to speak directly with Attorney Williams. Attorney Williams suggested that, rather than focus on discovery efforts which would be expensive and time consuming, the parties should meet to discuss a potential resolution of the matter. I responded that the Trustee was always amenable to discussing a productive resolution of the matter and wanted to set up an in person meeting as

2

soon as possible. Despite my repeated efforts by undersigned counsel to schedule the meeting suggested by Attorney Williams, no meeting occurred.

      6.      On January 23, 2026, after receiving no response to an email I sent on January 14, 2026 email, I called Ballard Attorney Leslie Heilman, who stated that she was still getting up to speed on the case. I suggested that we speak the following week and a telephone conference was held on January 28, 2026 at which the Ballard attorneys refused to commit to the prompt production of responsive documents. I stated that I intended to file the instant motion but remained hopeful that the parties could work their issues out prior to the hearing date.

      7.      On January 30, 2026, counsel for Defendant Gary Parzych produced an Excel spreadsheet containing text messages responsive to the Trustee's document requests, including internal text messages between Defendant Casey Parzych and his father, Defendant Gary Parzych, with Casey Parzych instructing his father (who was also the Debtor's landlord) on May 18, 2021 "Please no emails about a lease being available to MMD it's a critical part of our law suits that you are not willing to rent to MMD . . . Going to delete the one you just sent," and his father responding "Ok understood. Make sure [Defendant] Kelly [Festa] deletes too."

      8.      True and correct copies of the documents cited in the Motion are attached hereto as follows:

| Ex. | Description |
|---|---|
| A-1 | Trustee's First Request for Production to the Individual Defendants |
| A-2 | Trustee's First Request for Production to the Entity Defendants |
| B-1 | Defendant Casey Parzych's Written Response to RFPs |
| B-2 | Defendant Shawn Sheehan's Written Response to RFPs |
| B-3 | Defendant Angus Rittenburg's Written Response to RFPs |
| B-4 | Defendant Kelly Festa's Written Response to RFPs |
| B-5 | Defendant Ashleigh Baldwin's Written Response to RFPs |
| B-6 | Defendant Michael Boyer's Written Response to RFPs |
| B-7 | Defendant R.F. Culbertson's Written Response to RFPs |
| B-8 | Defendant Polebridge LLC's Written Response to RFPs |

| | |
|---|---|
| B-9 | Defendant Good Design, Inc.'s Written Response to RFPs |
| B-10 | Defendant AgTech PA, LLC's Written Response to RFPs |
| B-11 | Defendant XO Energy Worldwide LLLP's Written Response to RFPs |
| B-12 | Defendant XO EW LLC's Written Response to RFPs |
| B-13 | Defendant Best Bev LLC's Written Response to RFPs |
| B-14 | Defendant Canvas 340 LLC's Written Response to RFPs |
| C | 8/6/2025 email from A. Belli to R. Beste attaching Trustee's Search Protocol |
| D | 8/19/25 Deficiency Letter from A. Belli to Nonproducing Defendants' Counsel |
| E | 8/21/25 email from R. Beste to A. Belli |
| F | 10/10/25 email chain between A. Belli to R. Beste |
| G | 11/18/25 email chain between J. Williams, A. Belli, and R. Beste |
| H | 1/14/26 email from A. Belli to Ballard Attorneys (attachment thereto omitted) |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 13, 2026

/s/ Andrew J. Belli
Andrew J. Belli
COREN & RESS, P.C.
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA  19103
Tel. (215) 735-8700