# EXHIBIT A-2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| MIDNIGHT MADNESS DISTILLING LLC, | : | Case No. 21-11750-PMM |
| | : | |
| Debtor. | : | Jointly Administered |
| | : | |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, | : : : | Adv. Proc. No. 23-00047-PMM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CASEY PARZYCH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS FROM ENTITY DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7034, Plaintiff Bonnie B. Finkel (the "Trustee"), in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC (the "Debtor"), by and through her undersigned counsel, hereby requests that Defendants Polebridge LLC, Good Design, Inc., AgTech PA LLC, XO Energy Worldwide LLLP, XO EW LLC, Best Bev LLC, Canvas 340 LLC, and Can Man LLC produce for examination, inspection, and copying, in accordance with the instructions and definitions set forth below, at the offices of Coren & Ress, P.C., Two Commerce Square, 2001 Market Street, Suite 3900, Philadelphia, PA

19103 within thirty (30) days after the date of service, or at such other time and location as may be mutually agreed upon by the parties, all documents described below.

**DEFINITIONS**

1.  The term "Amended Complaint" refers to the Amended Complaint filed in the above-captioned litigation.

2.  Terms that are defined in the Amended Complaint and not given another definition herein shall be interpreted as defined in the Amended Complaint.

3.  The term "you" or "your" refers to each Defendant to whom these requests are directed, their predecessors, successors, parents, subsidiaries, and affiliated companies, agents, employees, directors, investigators, attorneys, representatives, and any other person acting on their behalf.

4.  The term "document" is synonymous in meaning and equal in scope to the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes, but is not limited to, any written, printed, typed, recorded or graphic matter, however produced or reproduced, including but not limited to correspondence, telegrams, memoranda, written communications, electronic data, social media posts, e-mails, notes, telephone messages, voice-mail, audio and video recordings, text messages, electronic messages (including, but not limited to Slack, Microsoft Teams, WhatsApp, Voxer, Signal, Facebook, etc.), meeting minutes, work papers, diaries and calendars, studies, surveys, projections, analyses and other written compilations of data, drawings, sketches, blueprints, plans, specifications, graphs, printed or published articles, computer diskettes and information compiled, stored or generated by computer or other processing methods, photographs, films and negative, whether copies or originals, in your possession, custody or control, your agents, officers, or employees,

attorneys, investigators, and/or any other person acting on your behalf. The term "document" includes the original document or item, and each and every non-individual copy (whether different from the original for any reason, including notes made on the copy, etc.) together with all drafts of the document or item, worksheets, supporting documents, and all other relevant material. The term "document" includes all electronic documents and all electronically stored information as they are ordinarily maintained.

5. The term "communications" refers to the transmission of information or data in any form and includes, but is not limited to oral and written communications, correspondence, e-mail, electronic messaging (including, but not limited to Slack, Microsoft Teams, WhatsApp, Voxer, Signal, Facebook, etc.), voice-mail, memoranda, telephone calls, meetings and other discussions, whether formal or informal.

6. The term "person" means a natural individual, partnership, corporation, trust or other business or trade entity or association, governmental representative or agency, department or unit.

7. The terms "relate," "relating to," and "concerning" mean constituting, comprising, setting forth, showing, evidencing, disclosing, describing, explaining, summarizing, concerning, supporting, memorializing, being in any way logically or factually connected with, or referring to, whether directly or indirectly.

8. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

9. The use of singular form includes plural, and vice versa.

10. The use of present tense includes past tense, and vice versa.

11.      The term "Bankruptcy Proceeding" refers to the bankruptcy proceeding docketed *In re: Midnight Madness Distilling LLC*, Debtor, Bankr. E.D.Pa. No. 21-11750.

## INSTRUCTIONS

1.      Answer each request for production of documents separately and as completely as possible.

2.      If you object to any request for production of documents, in whole or in part, state the nature of the objection and the extent to which it applies.  An objection to a portion or subpart does not relieve you of your obligation to respond to the remainder of the document request and, to the extent that the objection does not apply, you must provide the requested information or documents.

3.      If you contend that any of the information requested by these requests for production of documents is protected by any privilege, state the nature of the privilege asserted, the extent to which it applies, and a general description of the information which you contend is protected.  If you claim a privilege with respect to any documents, state the type of document, the author(s), the date(s) on which the document was prepared and distributed, the person(s) to whom the document was distributed (including those copies or blind copied) or otherwise provided, whether intentionally or inadvertently, and the purpose for which the document was prepared.  If the asserted privilege applies to only a portion of a document, produce the remainder of the document.  If you claim a privilege with respect to information other than a document, state the name of the person(s) from whom the privileged information was obtained, the purpose for which it was obtained, the names of any person(s) to whom the information was disclosed or communicated, whether intentionally or inadvertently, and the context in which it was disclosed or otherwise communicated.

4. When a full and complete response to a particular request is not possible, production should be made to the extent possible and a statement should be made indicating why only a partial production is given and what must occur before complete production may be given.

5. These requests shall be deemed continuing, so as to require additional production if additional information is obtained between the time the initial production is made and the time of trial. Such additional production shall be made no later than five (5) days after such additional documents are received or before trial, whichever is earlier.

6. If any document requested has been lost, destroyed, or otherwise transferred from your possession or control, please identify the document as completely as possible, the reasons for its destruction or removal, the person authorizing its destruction or removal, and the date the document was lost, destroyed, or removed.

7. Unless otherwise indicated, the date range for these requests is January 1, 2018 through the present.

## **REQUESTS FOR PRODUCTION**

1. All documents and communications with or concerning the Debtor or its subsidiaries.

2. All documents and communications concerning the Bankruptcy Proceeding, including but not limited to the Section 363 sale of the Debtor's assets.

3. All documents and communications with or concerning any of the current or former defendants in this litigation that relate to any of the allegations in the Amended Complaint or your answer thereto.

4. All documents and communications concerning the ethanol, copackaging and/or beverage industries, including, but not limited to, entity formation, site leasing/construction,

5

storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale of ethanol products (including, but not limited to liquor, alcoholic beverages, hand sanitizer, and raw ethanol) and beverages (including, but not limited to, alcoholic beverages and/or beverages containing CBD and/or THC).

5. All documents and communications related to your formation, governance, and capital structure, including but not limited to documents and communications describing your purpose, articles of incorporation, operating agreements, bylaws, minutes of meetings, shareholder/member lists.

6. All federal, state, and local tax returns filed by you since tax year 2018.

7. All monthly statements from accounts (including, but not limited to, checking, savings, money market, brokerage, credit card, and investment accounts) maintained by you at any financial, depository, brokerage, or non-financial institution since January 1, 2018.

8. All your audited and unaudited financial statements since January 1, 2018.

9. All your business plans, marketing materials, and operational reports since January 1, 2018.

10. Documents sufficient to identify your capital structure and any changes thereto since January 1, 2018.

11. Documents and communications concerning your funding, operations, cash flows, and accounting, including but not limited to, general ledgers, sub-ledgers, charts of accounts, accounting statements, sales and inventory data (including, but not limited to, invoices, purchase orders, and shipping documents), cost and expense data, revenue data, receipts, audited or unaudited financial reports, and QuickBooks files.

12. Documents sufficient to identify your employees and independent contractors and their roles, since January 1, 2018.

13. All documents and communications relating to any contract, agreement, or understanding between you and the Debtor, or between you and any of the other defendants in this litigation.

14. All documents and communications relating to any funding or payments received by you from the Debtor or from any of the other defendants in this litigation.

15. All documents and communications relating to the assets or equity of the Debtor, including, but not limited to, any purchase or sale of the same.

16. All documents and communications concerning Faber Hand Sanitizer, CBDelight, Wynk Seltzer, and liquor products branded Well Rebellion, Best Bev, or Pour Brothers, including, but not limited to, documents and communications concerning entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale.

17. All documents and communications relating to your use of the Faber name.

18. All documents and communications relating to any payments made by or to the Debtor or any of the defendants in this litigation.

19. All documents and communications relating to any purchases made by the Debtor for use by you or any of the other defendants in this litigation.

20. All documents and communications relating to the products, brands, and intellectual property identified in paragraph 252 of the Amended Complaint.

21. All notes pertaining to any telephone call or other conversation or meeting concerning the business of the Debtor, any of the Polebridge Entities, any of the Wynk Entities, any of the Best Bev Entities, and/or any of the Sheehan Entities.

22. All documents and communications relating to the data, assets, equipment, real property (whether leased or owned), and former personnel of the Debtor.

23. All text messages and emails in which you attempted to sell beverages or products containing alcohol on behalf of any person or entity.

24. All documents and communications relating to any attempt by anyone to purchase the debts, business, or equity of the Debtor.

25. All documents and communications concerning any destruction, deletion, or migration of electronic data concerning the Debtor or relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

26. All social media posts, messages, comments, or direct messages (including on Instagram, Facebook, LinkedIn, Twitter/X, etc.) concerning the Debtor, the Debtor's assets or property, CBDelight, Faber Hand Sanitizer, Wynk Seltzer, and Best Bev, or otherwise relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

27. All documents and communications concerning 2512 Quakertown Road, Pennsburg, PA 18073; 118 North Main Street, Trumbauersville, PA 18970; 2300 Trumbauersville Road, Trumbauersville, PA 18970; 2600 Milford Square Pike, Quakertown, PA 18591; and 300 Commerce Drive, Quakertown, PA 18951.

28. All documents and communications concerning the vehicle depicted in paragraph 94 of the Amended Complaint.

29. All documents and communications concerning the equipment, goods, and transactions identified in paragraphs 150 and 178 of the Amended Complaint.

30. All documents and communications concerning any joint defense, common interest, or indemnification agreements among any defendants, or between any defendants and the Debtor.

31. All documents and communications provided to or received from any regulatory, governmental, or investigative federal, state, or local agency concerning the Debtor.

32. All documents and communications concerning any request issued to you by the Trustee pursuant to Bankr. E.D.Pa. Local Rule 2004-1.

33. All documents and communications relating to any insurance coverage for this case.

34. To the extent not produced in response to the foregoing requests, all documents and communications which relate in any way to the allegations in Plaintiff's Amended Complaint, or your defenses thereto.

35. To the extent not produced in response to the foregoing requests, all documents and communications that you may use to support any of your defenses in this litigation.

      /s/ Andrew Belli
Steven M. Coren, Esq.
Andrew J. Belli, Esq.
**COREN & RESS, P.C.**
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
T: (215) 735-8700/F: (215) 735-5170
scoren@kcr-law.com
abelli@kcr-law.com

*Attorneys for Plaintiff*

Dated: March 21, 2025

9

## CERTIFICATE OF SERVICE

I, Andrew J. Belli, certify that, on the date set forth below, I caused a true and correct copy of the foregoing Requests for Production to be served upon the following counsel of record via e-mail and first class mail:

| | | |
|---|---|---|
| Joseph R. Heffern<br>**ROGERS COUNSEL**<br>26 E. Athens Avenue<br>Ardmore, PA 19003<br>(610) 649-1880<br>(877) 649-1880 (fax)<br>joe@rogerscounsel.com<br><br>*Attorney for Ryan Uszenski and Can Man LLC* | Steven L. Caponi<br>**K&L GATES LLP**<br>600 N. King Street, Suite 901<br>Wilmington, DE 19801<br>Phone: (302) 416-7000<br>Fax: (302) 416-7020<br>Steven.Caponi@klgates.com<br><br>*Attorneys for Casey Parzych; Shawn Sheehan; Angus Rittenburg; Ashleigh Baldwin; R.F. Culbertson; Michael Boyer; Kelly Festa, Polebridge, LLC; Good Design, Inc.; AgTech PA LLC; AgTech VI, LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev, LLC; EtOH Worldwide, LLC; and Canvas 340 LLC* | Hal Pitkow<br>1107 Taylorsville Road<br>Suite 101<br>Washington Crossing, PA 18977<br>(215) 321-1313<br>(267) 573-4268 (fax)<br>pitkow@aol.com<br><br>*Attorney for Gary Parzych; Eugene T. Parzych, Inc.; and Finland Leasing Co. Inc.* |

/s/ Andrew J. Belli

Date: March 21, 2025