# EXHIBIT B-3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>Debtor. | CHAPTER 7<br>Case No. 21-11750-PMM |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>Plaintiff,<br><br>v.<br><br>CASEY PARZYCH; SHAWN SHEEHAN; ANGUS RITTENBURG; KELLY FESTA; ASHLEIGH BALDWIN; MICHAEL BOYER; R.F. CULBERTSON; GARY PARZYCH; RYAN USZENSKI; POLEBRIDGE, LLC; GOOD DESIGN, INC.; AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY WORLDWIDE, LLLP; XO EW, LLC; CAN MAN LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC; CANVAS 340, LLC; FINLAND LEASING CO., INC.; and EUGENE T. PARZYCH, INC.,<br><br>Defendants. | Adv. No. 23-00047-PMM<br><br><br>JURY TRIAL DEMANDED |

**SELECT INDIVIDUAL DEFENDANT ANGUS RITTENBURG'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO INDIVIDUAL DEFENDANTS**

Select Individual Defendant Angus Rittenburg ("Select Individual Defendant"), by and through undersigned counsel, submits these Responses and Objections to Plaintiff's First Request for Production of Documents (each a "Request" and together the "Requests").

1

## GENERAL OBJECTIONS AND RESERVATIONS TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Select Individual Defendant makes the following General Objections and Reservations to all of the Requests for Production of Documents propounded by Plaintiff:

1.      Select Individual Defendant objects to each and every Request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, accountant-client privilege, work product doctrine, or other applicable privilege.

2.      Select Individual Defendant objects to each and every Request to the extent that it seeks information which is irrelevant to the subject matter involved and is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Select Individual Defendant objects to each and every Request to the extent that it is vague, overly broad, ambiguous, harassing, not properly limited in scope, repetitive, or would cause unreasonable annoyance, oppression, burden, or expense to Select Individual Defendant.

4.      Select Individual Defendant objects to each and every Request to the extent that it is irrelevant and overbroad by requesting documents from January 1, 2018 through the present.

5.      Select Individual Defendant objects to each and every Request to the extent that Plaintiff failed to set forth definitions of key terms relevant thereto or to the extent that any such definition may differ from the ordinary meaning the term or word defined.

6.      Select Individual Defendant objects to each and every Request because the definition section incorporates "[t]erms that are defined in the Amended Complaint," which is not only vague and ambiguous, but to which Select Individual Defendants have already objected.

7.      Select Individual Defendant objects to each and every Request because the definition of "you" or "your" is ambiguous.

8.      Select Individual Defendant objects to each and every Request because the Requests are drafted in a way that impermissibly groups all Individual Defendants together and collectively requests documents from otherwise wholly irrelevant Individual Defendants.

9.      Select Individual Defendant objects to each and every Request to the extent that it calls for legal conclusions or expert conclusions.

10.     Select Individual Defendant objects to each and every Request to the extent that it seeks information not within their possession, custody, or control.

11.     Select Individual Defendant objects to each and every Request to the extent that it seeks information which is otherwise obtainable by Plaintiff from a source other than other than Select Individual Defendant in a reasonably convenient or less burdensome manner.

12.     Select Individual Defendant objects to Plaintiff's instructions to the extent that such instruction exceeds the scope of any applicable rules of procedure or local rules of court.

## REQUESTS FOR PRODUCTION

1.      All documents and communications with or concerning the Debtor or its subsidiaries.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request**

on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

2.    All documents and communications concerning the Bankruptcy Proceeding.

**RESPONSE**: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this

Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

3.       All documents and communications with or concerning the following entities: Polebridge LLC; Good Design Inc.; AgTech PA LLC f/k/a American Cannabis LLC; Ag Tech VI LLC; AGTech VI LLLP; AgTVI LLC; Can Man LLC; Best Bev LLC; EtOH Worldwide LLC; XO Energy Worldwide LLLP; XO EW LLC; Canvas 340 LLC; XO Energy MA, LP; XO Energy MA, Inc.; XO Energy Worldwide, LLC; Maho, LLC; Splint LLC; Crutch LLC; Cane LLC; Brace LLC; Walker LLC; Spectre Distributing LLC; Millstone Spirits Group LLC; Faber Foundation; Unattended 2.0 LLC; kglobal; DPG Management, LLC; and Wherehouse Beverage Co.

**RESPONSE:** Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

**At a minimum, any requests for production to Select Individual Defendant must be limited
to documents and communications created in or after May 2020, the earliest mention of any
wrongdoing purportedly attributable to Select Individual Defendant in the amended
complaint, and before September 17, 2021, the date the amended complaint alleges that the
Court approved the Debtor's asset sale.**

4.      All communications between or among you and any of the other current or former
defendants in this litigation that relate to any of the allegations in the Amended Complaint or your
answer thereto.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general
objections as though fully set forth herein. Select Individual Defendant further objects to this
Request as overbroad, unduly burdensome, because it seeks irrelevant information, because
it is not proportional to the needs of the case, and because it is not reasonably calculated to
lead to the discovery of admissible evidence. Select Individual Defendant further objects to
this Request on the grounds that it is vague and ambiguous and because the Trustee made
no effort to tailor this Request to specific documents, categories of documents, specific
claims, or relevant time periods. Select Individual Defendant further objects to this Request
on the grounds that it seeks information outside the possession, custody, or control of Select
Individual Defendant. By way of further response, all relevant records relating to the Debtor
are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known
as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon
information and belief are in the possession, custody, and control of either the Trustee,
Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,
or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to**

7

this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

5.      All documents and communications concerning the ethanol, copackaging and/or beverage industries, including, but not limited to, entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale of ethanol products (including, but not limited to liquor, alcoholic beverages, hand sanitizer, and raw ethanol) and beverages (including, but not limited to, alcoholic beverages and/or beverages containing CBD and/or THC).

**RESPONSE**: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to

lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the

Court approved the Debtor's asset sale. Select Individual Defendant further specifically objects to, and will not produce documents in response to the request for, "All documents and communications concerning . . . entity formation . . . ," as that request does not seek relevant information and is not tailored to, or proportional to, the Trustee's specific needs in this matter, and it seeks privileged material.

6.      All documents and communications relating to any contract, agreement, or understanding between you and the Debtor, or between you and any of the other defendants in this litigation.

**RESPONSE**: **Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select**

**Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

7.      All documents and communications relating to any payments received by you from the Debtor or from any of the other defendants in this litigation.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific**

claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

8.      All documents and communications concerning Faber Hand Sanitizer, CBDelight, Wynk Seltzer, and liquor products branded Well Rebellion, Best Bev, or Pour Brothers, including,

but not limited to, documents and communications concerning entity formation, site
leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling,
sourcing, marketing, staffing, and sale.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general
objections as though fully set forth herein. Select Individual Defendant further objects to this
Request as overbroad, unduly burdensome, because it seeks irrelevant information, because
it is not proportional to the needs of the case, and because it is not reasonably calculated to
lead to the discovery of admissible evidence. Select Individual Defendant further objects to
this Request on the grounds that it is vague and ambiguous and because the Trustee made
no effort to tailor this Request to specific documents, categories of documents, specific
claims, or relevant time periods. Select Individual Defendant further objects to this Request
on the grounds that it seeks information outside the possession, custody, or control of Select
Individual Defendant. By way of further response, all relevant records relating to the Debtor
are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known
as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon
information and belief are in the possession, custody, and control of either the Trustee,
Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,
or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to
this Request on the grounds that it seeks information protected by the attorney-client
privilege and work product doctrine. Select Individual Defendant further reserves the right
to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the
objections above, Select Individual Defendant will not search for or produce documents**

13

which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale. Select Individual Defendant further specifically objects to, and will not produce documents in response to the request for, "All documents and communications concerning . . . entity formation . . . ," as that request does not seek relevant information and is not tailored to, or proportional to, the Trustee's specific needs in this matter, and it seeks privileged material.

9.    All documents and communications relating to the Debtor's books, records, and online accounts.

**RESPONSE:** Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select

14

**Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

10.    All documents and communications relating to any purchases made by the Debtor for use by you or any of the other defendants in this litigation.

**RESPONSE**: **Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this**

Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Subject to the foregoing general and specific objections, to the extent Select Individual Defendant has in its possession, custody, or control any responsive, non-privileged documents that refer or relate to purchases made by the Debtor, and created or edited in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale, those documents will be produced following a reasonable collection, search, and review.

11.    All documents and communications relating to the data, assets, equipment, real property (whether leased or owned), and former personnel of the Debtor.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate**

**limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

12.    All text messages and emails in which you attempted to sell beverages or products containing alcohol on behalf of any person or entity.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,**

18

or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

13.     All notes pertaining to any telephone call or other conversation or meeting concerning the business of the Debtor, any of the Polebridge Entities, any of the Wynk Entities, any of the Best Bev Entities, and/or any of the Sheehan Entities.

**RESPONSE**: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made

no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

14.    All documents and communications concerning any request issued to you by the Trustee pursuant to Bankr. E.D.Pa. Local Rule 2004-1.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Subject to the objections above, Select Individual Defendant will search for any such requests to identify whether the Trustee made any requests and the date of such request but, due to the unreasonably broad scope of this Request, including as described in the objections**

**above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

15.    All documents and communications provided to or received from any regulatory, governmental, or investigative federal, state, or local agency concerning the Debtor.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client**

**privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

16.    All social media posts, messages, comments, or direct messages (including on Instagram, Facebook, LinkedIn, Twitter/X, etc.) concerning the Debtor, the Debtor's assets or property, CBDelight, Faber Hand Sanitizer, Wynk Seltzer, and Best Bev, or otherwise relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific**

claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

17.    All documents and communications relating to the products, brands, and intellectual property identified in paragraph 252 of the Amended Complaint.

**RESPONSE:** Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

**At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

18.    All documents and communications concerning 2512 Quakertown Road, Pennsburg, PA 18073; 118 North Main Street, Trumbauersville, PA 18970; 2300 Trumbauersville Road, Trumbauersville, PA 18970; 2600 Milford Square Pike, Quakertown, PA 18591; and 300 Commerce Drive, Quakertown, PA 18951.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,**

or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

19.    All documents and communications relating to the assets, business, or equity of the Debtor, including, but not limited to, any purchase or sale of the same.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific**

claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

20.    All documents and communications concerning the vehicle depicted in paragraph 94 of the Amended Complaint.

28

**RESPONSE:** Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.

21.    All documents and communications concerning the equipment, goods, and transactions identified in paragraphs 150 and 178 of the Amended Complaint.

**RESPONSE:** Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work

30

**product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

22.    All documents and communications concerning any joint defense, common interest, or indemnification agreements among any defendants, or between any defendants and the Debtor.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege**

**and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Subject to the foregoing general and specific objections, to the extent Select Individual Defendant has in its possession, custody, or control any responsive, non-privileged documents that refer or relate to the Debtor or the Trustee's specific claims in this matter, those documents will be produced following a reasonable collection, search, and review.**

23.    All documents sufficient to show whether and how you used personal electronic devices or personal accounts for business communications.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, because it is not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks "All documents sufficient to show" instead of "documents sufficient to show." Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone**

Spirits Group, LLC. **Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

24.    All documents and communications concerning any destruction, deletion, or migration of electronic data concerning the Debtor or relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

**<u>RESPONSE</u>: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made**

no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Subject to the foregoing general and specific objections, to the extent Select Individual Defendant has in its possession, custody, or control any responsive, non-privileged documents created or edited in September 2021, those documents will be produced following a reasonable collection, search, and review.

25.    All documents and communications relating to any insurance coverage for this case.

**RESPONSE:** Select Individual Defendant objects to this Request because it exceeds the scope of permissible discovery under Civil Rule 26(a)(1)(A)(iv) and because it seeks irrelevant information and documents. Select Individual Defendant will produce any copies of any policies covered by the identified rule but will not produce any further information or documents.

26.     To the extent not produced in response to the foregoing requests, all documents and communications which relate in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Individual Defendant will not search for or produce documents**

35

**which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Individual Defendant's counsel are prepared to meet and confer concerning this Request and its scope. At a minimum, any requests for production to Select Individual Defendant must be limited to documents and communications created in or after May 2020, the earliest mention of any wrongdoing purportedly attributable to Select Individual Defendant in the amended complaint, and before September 17, 2021, the date the amended complaint alleges that the Court approved the Debtor's asset sale.**

27.    To the extent not produced in response to the foregoing requests, all documents and communications that You may use to support any of your defenses in this litigation.

**RESPONSE: Select Individual Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Individual Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Individual Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Individual Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her**

capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Individual Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Individual Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B).

Subject to the foregoing general and specific objections, to the extent Select Individual Defendant has in its possession, custody, or control any responsive, non-privileged documents, those documents will be produced following a reasonable collection, search, and review.

June 20, 2025

**K&L GATES LLP**

  /s/  *Steven L. Caponi*
Steven L. Caponi
Robert K. Beste (admitted *pro hac vice*)
600 North King Street, Suite 901
Wilmington, Delaware 19801
(302) 416-7000
Steven.Caponi@klgates.com

Carly S. Everhardt (admitted *pro hac vice*)
**K&L GATES LLP**
Southeast Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, Florida 33131
(305) 539-3300

Falco A. Muscante II
**K&L GATES LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

*Attorneys for Casey Parzych; Shawn Sheehan; Angus Rittenburg; Ashleigh Baldwin; R.F. Culbertson; Michael Boyer; Kelly Festa, Polebridge, LLC; Good Design, Inc.; AgTech PA LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev, LLC; and Canvas 340 LLC*

**IN THE UNITED STATES BANKRUPTCY COURT FOR
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

MIDNIGHT MADNESS DISTILLING

     Debtor.

_____/

BONNIE B. FINKEL, in her capacity as Chapter
7 Trustee for Midnight Madness Distilling,

     Plaintiff,

v.

CASEY PARZYCH; SHAWN SHEEHAN;
ANGUS RITTENBURG, KELLY FESTA,
ASHLEIGH BALDWIN; MICHAEL BOYER;
R.F. CULBERTSON; GARY PARZYCH; RYAN
USZESNKI; POLEBRIDGE LLC; GOOD
DESIGN, INC.; AGTECH PA LLC; AGTECH VI,
LLC; XO ENERGY WORLDWIDE LLLP; XO
EW, LLC; CAN MAN LLC; BEST BEV, LLC;
ETOH WORLDWIDE, LLC; CANVAS 340, LLC;
FINLAND LEASING CO., INC.; and EUGENE T.
PARZYCH, INC.

     Defendants.

_____/

Case No.: 21-11750-PMM

Chapter 7 case

Adv. Pro. No.: 23-00047-PMM

## <u>CERTIFICATE OF SERVICE</u>

    I, Steven Caponi, hereby certify that on June 20, 2025, I served a copy of the forgoing

Select Individual Defendant's Response to Plaintiff's First Requests for Production of Documents

Directed to Individual Defendants via email on all counsel of record.


     /s/  *Steven L. Caponi*
     Steven L. Caponi