# EXHIBIT B-14

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MIDNIGHT MADNESS DISTILLING LLC,<br>　　　　　　Debtor. | CHAPTER 7<br>Case No. 21-11750-PMM |
| BONNIE B. FINKEL, in her capacity as Chapter 7<br>Trustee for Midnight Madness Distilling LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br>CASEY PARZYCH; SHAWN SHEEHAN; ANGUS<br>RITTENBURG; KELLY FESTA; ASHLEIGH<br>BALDWIN; MICHAEL BOYER; R.F. CULBERTSON;<br>GARY PARZYCH; RYAN USZENSKI;<br>POLEBRIDGE, LLC; GOOD DESIGN, INC.;<br>AGTECH PA LLC; AGTECH VI, LLC; XO ENERGY<br>WORLDWIDE, LLLP; XO EW, LLC; CAN MAN<br>LLC; BEST BEV, LLC; ETOH WORLDWIDE, LLC;<br>CANVAS 340, LLC; FINLAND LEASING CO., INC.;<br>and EUGENE T. PARZYCH, INC.,<br>　　　　　　Defendants. | Adv. No. 23-00047-PMM<br><br><u>JURY TRIAL DEMANDED</u> |

## SELECT ENTITY DEFENDANT CANVAS 340 LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO ENTITY DEFENDANTS

Select Entity Defendant Canvas 340 LLC ("Select Entity Defendant"), by and through undersigned counsel, submits these Responses and Objections to Plaintiff's First Request for Production of Documents (each a "Request" and together the "Requests").

## GENERAL OBJECTIONS AND RESERVATIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Select Entity Defendant makes the following General Objections and Reservations to all of the Requests for Production of Documents propounded by Plaintiff:

1

1.      Select Entity Defendant objects to each and every Request to the extent that it seeks information which is protected from discovery by the attorney-client privilege, accountant-client privilege, work product doctrine, or other applicable privilege.

2.      Select Entity Defendant objects to each and every Request to the extent that it seeks information which is irrelevant to the subject matter involved and is not proportional to the needs of the case.

3.      Select Entity Defendant objects to each and every Request to the extent that it is vague, overly broad, ambiguous, harassing, not properly limited in scope, repetitive, or would cause unreasonable annoyance, oppression, burden, or expense to Select Entity Defendant.

4.      Select Entity Defendant objects to each and every Request to the extent that it is irrelevant and overbroad by requesting documents from January 1, 2018 through the present. Select Entity Defendant did not exist in 2018.

5.      Select Entity Defendant objects to each and every Request to the extent that Plaintiff failed to set forth definitions of key terms relevant thereto or to the extent that any such definition may differ from the ordinary meaning the term or word defined.

6.      Select Entity Defendant objects to each and every Request because the definition section incorporates "[t]erms that are defined in the Amended Complaint," which is vague and ambiguous. Terms not otherwise defined in Select Entity Defendant's responses below have the meaning attributed to them under the Federal Rules of Civil Procedure or the meaning attributed to them in prior filings by Select Entity Defendant.

7.      Select Entity Defendant objects to each and every Request because the definition of "you" or "your" is ambiguous.

8.      Select Entity Defendant objects to each and every Request because the Requests are drafted in a way that impermissibly groups all Entity Defendants together and collectively requests documents from otherwise wholly irrelevant Entity Defendants.

9.      Select Entity Defendant objects to each and every Request to the extent that it calls for legal conclusions or expert conclusions.

10.     Select Entity Defendant objects to each and every Request to the extent that it seeks information not within their possession, custody, or control.

11.     Select Entity Defendant objects to each and every Request to the extent that it seeks information which is otherwise obtainable by Plaintiff from a source other than other than Select Entity Defendant in a reasonably convenient or less burdensome manner.

12.     Select Entity Defendant objects to Plaintiff's instructions to the extent that such instruction exceeds the scope of any applicable rules of procedure or local rules of court.

## REQUESTS FOR PRODUCTION

1.      All documents and communications with or concerning the Debtor or its subsidiaries.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence, including because the Request does not define the term "subsidiaries." Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time**

periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

2.      All documents and communications concerning the Bankruptcy Proceeding, including but not limited to the Section 363 sale of the Debtor's assets.

**RESPONSE**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because

it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

3.      All documents and communications with or concerning any of the current or former defendants in this litigation that relate to any of the allegations in the Amended Complaint or your answer thereto.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

4.      All documents and communications concerning the ethanol, copackaging and/or beverage industries, including, but not limited to, entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale of ethanol products (including, but not limited to liquor, alcoholic beverages, hand sanitizer, and raw ethanol) and beverages (including, but not limited to, alcoholic beverages and/or beverages containing CBD and/or THC).

<u>**RESPONSE**</u>**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon**

7

information and belief are in the possession, custody, and control of either the Trustee,

Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,

or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this

Request on the grounds that it seeks information protected by the attorney-client privilege

and work product doctrine. Select Entity Defendant further reserves the right to object to

collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity

Defendant further objects because the amended complaint does not detail even a single

purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the

objections above, Select Entity Defendant will not search for or produce documents which

may be responsive to this Request unless and until the parties agree on appropriate

limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's

counsel are prepared to meet and confer concerning this Request and its scope. Select Entity

Defendant further specifically objects to, and will not produce documents in response to the

request for, "All documents and communications concerning . . . entity formation . . . ," as

that Request does not seek relevant information and is not tailored to, or proportional to, the

Trustee's specific needs in this matter, and it seeks privileged material, although Select

Entity Defendant's counsel is prepared to confer regarding the Trustee's need, and the

relevance of, Select Entity Defendant's non-privileged governance information and

documents.

5.      All documents and communications related to your formation, governance, and

capital structure, including but not limited to documents and communications describing your

purpose, articles of incorporation, operating agreements, bylaws, minutes of meetings, shareholder/member lists.

**RESPONSE**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope. Select Entity Defendant further specifically objects to, and will not produce documents in response to the request for, "All documents and communications concerning . . . entity formation . . . ," as that Request does not seek relevant information and is not tailored to, or proportional to, the Trustee's specific needs in this matter, and it seeks privileged material, although Select Entity Defendant's counsel is prepared to confer regarding the Trustee's need, and the relevance of, Select Entity Defendant's non-privileged governance information and documents.**

6. All federal, state, and local tax returns filed by you since tax year 2018.

<u>**RESPONSE**</u>**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this request as overbroad, because the Request is not proportional to the needs of the case, and because the Request seeks irrelevant information. Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant. Select Entity Defendant's counsel is prepared to confer regarding the Trustee's need, and the relevance of, Select Entity Defendant's non-privileged governance information and documents.**

7.      All monthly statements from accounts (including, but not limited to, checking, savings, money market, brokerage, credit card, and investment accounts) maintained by you at any financial, depository, brokerage, or non-financial institution since January 1, 2018.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence, including because Select Entity Defendant did not exist, according to the amended complaint, until November 2020. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity**

11

Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

8.    All your audited and unaudited financial statements since January 1, 2018.

**RESPONSE**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it

12

seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

9.    All your business plans, marketing materials, and operational reports since January 1, 2018.

**RESPONSE:** Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer,

LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

10.    Documents sufficient to identify your capital structure and any changes thereto since January 1, 2018.

**RESPONSE:** **Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request because this Request seeks irrelevant information.**

**Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties confer regarding the Trustee's need for this requested documents and the documents' specific relevance to specific claims and**

14

**specific issues in this litigation, including conferring on entity-specific, reasonable temporal limitations on the Request.**

11.     Documents and communications concerning your funding, operations, cash flows, and accounting, including but not limited to, general ledgers, sub-ledgers, charts of accounts, accounting statements, sales and inventory data (including, but not limited to, invoices, purchase orders, and shipping documents), cost and expense data, revenue data, receipts, audited or unaudited financial reports, and QuickBooks files.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

12.    Documents sufficient to identify your employees and independent contractors and their roles, since January 1, 2018.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request because this Request seeks irrelevant information. Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties confer regarding the Trustee's need for these requested documents and the documents' specific relevance to specific claims and specific issues in this litigation, including conferring on entity-specific, reasonable temporal limitations on the Request.**

13.    All documents and communications relating to any contract, agreement, or understanding between you and the Debtor, or between you and any of the other defendants in this litigation.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because**

it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

14.    All documents and communications relating to any funding or payments received by you from the Debtor or from any of the other defendants in this litigation.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

15.    All documents and communications relating to the assets or equity of the Debtor, including, but not limited to, any purchase or sale of the same.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine.**

**Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

16.    All documents and communications concerning Faber Hand Sanitizer, CBDelight, Wynk Seltzer, and liquor products branded Well Rebellion, Best Bev, or Pour Brothers, including, but not limited to, documents and communications concerning entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity**

**Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope. Select Entity Defendant further specifically objects to, and will not produce documents in response to the Request for, "All documents and communications concerning . . . entity formation . . . ," as that Request does not seek relevant information and is not tailored to, or proportional to, the Trustee's specific needs in this matter, and it seeks privileged material.**

17.    All documents and communications relating to your use of the Faber name.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this**

Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

18.     All documents and communications relating to any payments made by or to the Debtor or any of the defendants in this litigation.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

19.     All documents and communications relating to any purchases made by the Debtor for use by you or any of the other defendants in this litigation.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege**

24

and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

20.    All documents and communications relating to the products, brands, and intellectual property identified in paragraph 252 of the Amended Complaint.

**RESPONSE**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon

**information and belief are in the possession, custody, and control of either the Trustee,**

**Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,**

**or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this**

**Request on the grounds that it seeks information protected by the attorney-client privilege**

**and work product doctrine. Select Entity Defendant further reserves the right to object to**

**collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity**

**Defendant further objects because the amended complaint does not detail even a single**

**purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the**

**objections above, Select Entity Defendant will not search for or produce documents which**

**may be responsive to this Request unless and until the parties agree on appropriate**

**limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's**

**counsel are prepared to meet and confer concerning this Request and its scope.**

21.     All notes pertaining to any telephone call or other conversation or meeting
concerning the business of the Debtor, any of the Polebridge Entities, any of the Wynk Entities,
any of the Best Bev Entities, and/or any of the Sheehan Entities.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general**

**objections as though fully set forth herein. Select Entity Defendant further objects to this**

**Request as overbroad, unduly burdensome, because it seeks irrelevant information, because**

**it is not proportional to the needs of the case, and because it is not reasonably calculated to**

**lead to the discovery of admissible evidence. Select Entity Defendant further objects to this**

**Request on the grounds that it is vague and ambiguous and because the Trustee made no**

**effort to tailor this Request to specific documents, categories of documents, specific claims,**

or relevant time periods. **Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

22.    All documents and communications relating to the data, assets, equipment, real property (whether leased or owned), and former personnel of the Debtor.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because**

it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

23.     All text messages and emails in which you attempted to sell beverages or products containing alcohol on behalf of any person or entity.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

29

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

24.    All documents and communications relating to any attempt by anyone to purchase the debts, business, or equity of the Debtor.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine.**

**Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Subject to the foregoing general and specific objections, to the extent Select Entity Defendant has in its possession, custody, or control any responsive, non-privileged documents, those documents will be produced following a reasonable collection, search, and review.**

25.    All documents and communications concerning any destruction, deletion, or migration of electronic data concerning the Debtor or relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the**

31

**possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as
Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits
Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it
seeks information protected by the attorney-client privilege and work product doctrine.
Select Entity Defendant further reserves the right to object to collection from specific
document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects
because the amended complaint does not detail even a single purportedly wrongful act which
it attributes to Select Entity Defendant.**

**Subject to the foregoing general and specific objections, to the extent Select Entity
Defendant has in its possession, custody, or control any responsive, non-privileged
documents, those documents will be produced following a reasonable collection, search, and
review. At a minimum, any requests for production to Select Entity Defendant must be
limited to documents and communications created or edited in September 2021, the month
of the alleged data destruction.**

26.     All social media posts, messages, comments, or direct messages (including on
Instagram, Facebook, LinkedIn, Twitter/X, etc.) concerning the Debtor, the Debtor's assets or
property, CBDelight, Faber Hand Sanitizer, Wynk Seltzer, and Best Bev, or otherwise relating in
any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general
objections as though fully set forth herein. Select Entity Defendant further objects to this
Request as overbroad, unduly burdensome, because it seeks irrelevant information, because
it is not proportional to the needs of the case, and because it is not reasonably calculated to
lead to the discovery of admissible evidence. Select Entity Defendant further objects to this**

32

Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

27.    All documents and communications concerning 2512 Quakertown Road, Pennsburg, PA 18073; 118 North Main Street, Trumbauersville, PA 18970; 2300 Trumbauersville

33

Road, Trumbauersville, PA 18970; 2600 Milford Square Pike, Quakertown, PA 18591; and 300

Commerce Drive, Quakertown, PA 18951.

**RESPONSE**: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

34

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

28.     All documents and communications concerning the vehicle depicted in paragraph 94 of the Amended Complaint.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege**

35

and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

29.    All documents and communications concerning the equipment, goods, and transactions identified in paragraphs 150 and 178 of the Amended Complaint.

**RESPONSE:** Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the

**possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

30.    All documents and communications concerning any joint defense, common interest, or indemnification agreements among any defendants, or between any defendants and the Debtor.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. Select Entity Defendant further objects to this Request on the**

grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Subject to the foregoing general and specific objections, to the extent Select Entity Defendant has in its possession, custody, or control any responsive, non-privileged documents that refer or relate to the Debtor or the Trustee's specific claims in this matter, those documents will be produced following a reasonable collection, search, and review.

31.    All documents and communications provided to or received from any regulatory, governmental, or investigative federal, state, or local agency concerning the Debtor.

**RESPONSE:** Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon

**information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

32. All documents and communications concerning any request issued to you by the Trustee pursuant to Bankr. E.D.Pa. Local Rule 2004-1.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the**

grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records relating to the Debtor are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.

Subject to the objections above, Select Entity Defendant will search for any such requests to identify whether the Trustee made any requests and the date of such request but, due to the unreasonably broad scope of this request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.

33.    All documents and communications relating to any insurance coverage for this case.

**RESPONSE**: Select Entity Defendant objects to this Request because it exceeds the scope of permissible discovery under Civil Rule 26(a)(1)(A)(iv) and because it seeks irrelevant

**information and documents. Select Entity Defendant will produce any copies of any policies covered by the identified rule but will not produce any further information or documents.**

34.　　To the extent not produced in response to the foregoing requests, all documents and communications which relate in any way to the allegations in Plaintiff's Amended Complaint, or your defenses thereto.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Select Entity Defendant further reserves the right to object to collection from specific document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects**

41

**because the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant.**

**Due to the unreasonably broad scope of this Request, including as described in the objections above, Select Entity Defendant will not search for or produce documents which may be responsive to this Request unless and until the parties agree on appropriate limitations and restrictions reducing the scope of this Request, and Select Entity Defendant's counsel are prepared to meet and confer concerning this Request and its scope.**

35.    To the extent not produced in response to the foregoing requests, all documents and communications that you may use to support any of your defenses in this litigation.

**RESPONSE: Select Entity Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select Entity Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Entity Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods. Select Entity Defendant further objects to this Request on the grounds that it seeks information outside the possession, custody, or control of Select Entity Defendant. By way of further response, all relevant records are primarily located with the Debtor, Midnight Madness Distilling LLC, formerly known as Theobald and Oppenheimer, LLC, doing business as Faber Distilling, which upon information and belief are in the possession, custody, and control of either the Trustee, Bonnie B. Finkel, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC, or the Buyer, Millstone Spirits**

Group, LLC. Select Entity Defendant further objects to this Request on the grounds that it

seeks information protected by the attorney-client privilege and work product doctrine.

Select Entity Defendant further reserves the right to object to collection from specific

document repositories under Civil Rule 26(b)(2)(B). Select Entity Defendant further objects

because the amended complaint does not detail even a single purportedly wrongful act which

it attributes to Select Entity Defendant.

Subject to the foregoing general and specific objections, to the extent Select Entity

Defendant has in its possession, custody, or control any responsive, non-privileged

documents, those documents will be produced following a reasonable collection, search, and

review.

June 20, 2025                                          **K&L GATES LLP**

                                                       _/s/   Steven L. Caponi_
                                                       Steven L. Caponi
                                                       Robert K. Beste (admitted _pro hac vice_)
                                                       600 North King Street, Suite 901
                                                       Wilmington, Delaware 19801
                                                       (302) 416-7000
                                                       Steven.Caponi@klgates.com

                                                       Carly S. Everhardt (admitted _pro hac vice_)
                                                       **K&L GATES LLP**
                                                       Southeast Financial Center, Suite 3900
                                                       200 South Biscayne Boulevard
                                                       Miami, Florida 33131
                                                       (305) 539-3300

                                                       Falco A. Muscante II
                                                       **K&L GATES LLP**
                                                       K&L Gates Center
                                                       210 Sixth Avenue
                                                       Pittsburgh, Pennsylvania 15222
                                                       (412) 355-6500

*Attorneys for Casey Parzych; Shawn Sheehan; Angus Rittenburg; Ashleigh Baldwin; R.F. Culbertson; Michael Boyer; Kelly Festa, Polebridge, LLC; Good Design, Inc.; AgTech PA LLC; XO Energy Worldwide, LLLP; XO EW, LLC; Best Bev, LLC; and Canvas 340 LLC*

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

MIDNIGHT MADNESS DISTILLING

      Debtor.

_____/

Case No.: 21-11750-PMM

Chapter 7 case

BONNIE B. FINKEL, in her capacity as Chapter
7 Trustee for Midnight Madness Distilling,

      Plaintiff,

v.

CASEY PARZYCH; SHAWN SHEEHAN;
ANGUS RITTENBURG, KELLY FESTA,
ASHLEIGH BALDWIN; MICHAEL BOYER;
R.F. CULBERTSON; GARY PARZYCH; RYAN
USZESNKI; POLEBRIDGE LLC; GOOD
DESIGN, INC.; AGTECH PA LLC; AGTECH VI,
LLC; XO ENERGY WORLDWIDE LLLP; XO
EW, LLC; CAN MAN LLC; BEST BEV, LLC;
ETOH WORLDWIDE, LLC; CANVAS 340, LLC;
FINLAND LEASING CO., INC.; and EUGENE T.
PARZYCH, INC.

      Defendants.

_____/

Adv. Pro. No.: 23-00047-PMM

## <u>CERTIFICATE OF SERVICE</u>

     I, Steven Caponi, hereby certify that on June 20, 2025, I served a copy of the forgoing

Select Entity Defendant's Response to Plaintiff's First Requests for Production of Documents

Directed to Entity Defendants via email on all counsel of record.

                      _/s/   Steven L. Caponi_____
                      Steven L. Caponi