# EXHIBIT D

**COREN RESS**
ATTORNEYS AT LAW

**Two Commerce Square, Suite 3900**
**2001 Market Street**
**Philadelphia, PA 19103**
**www.kcr-law.com**

**Andrew J. Belli**                                                                      **Telephone (215) 772-2289**
**e-mail: abelli@kcr-law.com**

August 19, 2025

**VIA EMAIL**

Steven L. Caponi
Robert K. Beste
K&L Gates LLP
600 North King Street, Suite 901
Wilmington, DE 19801

> **Re:**    **Responses to RFPs in** *Bonnie B. Finkel, as Chapter 7 Trustee for the Chapter 7*
> *estate of Debtor Midnight Madness Distilling, LLC v. Casey Parzych, et al.,*
> **Bankr. E.D. Pa. No.  23-00047-mdc**

Dear Counsel:

I write regarding Defendants' responses to the Trustee's First Requests for Production of Documents.  Given the fulsome document production made by the Trustee and the lengthy response extensions provided to Defendants, I am disappointed with the responses, which reflexively invoke general objections and refuse to search for or produce responsive materials absent arbitrary and self-imposed limitations on time periods and scope. The responses are further deficient for the reasons detailed below, but I remain hopeful that we can resolve the issues without Court involvement.

I.    General Objections – Each Defendants' response contains a lengthy section entitled "General Objections and Reservations."  "The federal courts have held time and again that '[g]eneral objections are not proper [and] without more [are] an insufficient basis for refusal to answer.'"  *Harding v. Dana Transp., Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) (quoted reference omitted).  Kindly confirm that no responsive materials are being withheld on the basis of any general objections.

II.    Improper General, Boilerplate, and Blanket Objections – Each Defendant's responses contain identical boilerplate general objections, both under a heading explicitly titled "general objections" and in the virtually identical responses to nearly every single request lodged by the Trustee, including: irrelevance; overbreadth; undue burden; vague and ambiguous requests; disproportionality; lack of possession, custody, or control; availability from other sources; undefined or improperly defined terms; improper grouping of defendants; requests for legal conclusions; and privilege.

Each Defendant's responses to the vast majority of requests contains the following language without any effort whatsoever to explain the pertinence of the objection to the individual requests: "Select [Individual/Entity] Defendant incorporates by reference the foregoing general objections as though fully set forth herein. Select [Individual/Entity] Defendant further objects to this Request as overbroad, unduly burdensome, because it seeks irrelevant information, because it is not proportional to the needs of the case, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Select Individual Defendant further objects to this Request on the grounds that it is vague and ambiguous and because the Trustee made no effort to tailor this Request to specific documents, categories of documents, specific claims, or relevant time periods." None of the Trustee's requests are ambiguous, all seek a specific category of document, and, unless otherwise indicated in an individual request, all requests are limited to the time period of January 1, 2018 through the present.

Such objections, stated in a boilerplate fashion to each request without specificity or supporting detail, are facially deficient under Federal Rule of Civil Procedure 34(b)(2) and applicable case law. *See, e.g., Parisi v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 4403326, at *1 (W.D. Pa. Oct. 2, 2017) ("The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient.").

Egregiously, many responses cite this obstructive boilerplate in support of the statement that Defendants "will not search for or produce documents" until the requests are narrowed to Defendants' liking. This is directly contrary to Rule 34(b), which requires production of all responsive, nonprivileged documents in the responding party's possession, custody, or control, and to interpose any objections with specificity.

Each request is plainly stated, clearly relevant to the issues raised by the Trustee's claims, and appropriately tailored to elicit information in a manner proportional to the needs of this case. Your use of a boilerplate objection to the vast majority of requests is a frivolous attempt to dodge Defendants' discovery obligations.

I am happy to address any specific disputes you have with specific requests, but your use of boilerplate non-specific objections has made that impossible. Kindly amend your responses to comply with the Rule and clarify exactly what is in dispute.

III.      Documents Allegedly In The Possession of the Trustee or Millstone – Defendants object to virtually all requests on the grounds that they "seek information outside the possession, custody, or control" of the defendants because "all relevant records are primarily located with" the Debtor or Millstone. While the Trustee obviously does not expect Defendants to produce a document not in their possession, custody, or control, the objection is otherwise factually baseless, as Defendants have been aware since this case was filed that the Trustee is missing many records of the Debtor (most notably, the Debtor's emails). Moreover, on April 22, 2025, I FedExed you substantially all the documents the Trustee has related to the Debtor or this

litigation (including documents received from Millstone), leaving you with over two months to decipher what is in the Trustee's possession before lodging the objection. Legally, the fact that the documents sought might be publicly available or simultaneously in the possession of the Trustee or a third party, does not absolve Defendants from the responsibility of producing those responsive documents in their possession, custody, or control. *See, e.g., St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (objection "based on the ground that [a discovery request] seeks information and documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties . . . is insufficient to resist a discovery request"). Kindly confirm that no documents will be withheld on the basis of this objection.

IV.      Invocation of Privilege – Kindly confirm that the general objection based on privilege and the objections based on privilege lodged to each individual request were lodged to avoid inadvertent waiver and that no responsive documents are being withheld on privilege grounds. If responsive documents are being withheld on privilege grounds, produce a privilege log detailing each withheld document.

V.      Collection from Specific Repositories – Virtually every response "reserves the right to object to collection form specific document repositories under Civil Rule 26(b)(2)(B)." This boilerplate reservation of rights without further explanation is inappropriate. Please withdraw it or clarify the "specific document repositories" you are referencing and clarify exactly why the information is not reasonably accessible because of undue burden or cost, as required by the Rule.

VI.      Overly Narrow Temporal Limitation – Many responses impose arbitrary temporal limitations allegedly based on dates mentioned in the Amended Complaint. There is no legal basis for such restrictions. The Trustee is entitled to discovery concerning the full course of conduct relevant to her claims—including planning, concealment, and ongoing impact. The Trustee alleges (and, as set forth in detail with supporting evidence in the Trustee's responses to Defendants' interrogatories, has established) that Defendants' conduct relevant to this suit continued not only past the date of approval of the Debtor's asset sale, but to this day through the continued operation of Best Bev and the continued sale of Wynk seltzer. Defendants are not permitted to unilaterally narrow the scope of discovery based on their own view of when their misconduct began or ended. *See, e.g., Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017) ("Rule 26(b)(1) does not give any party 'the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case,' because '[l]itigation in general and discovery in particular . . . are not one sided.'" (citation omitted; alterations in original)). Please confirm that each Defendant will withdraw all arbitrary temporal limitations and conduct a good faith search for all responsive documents within the full time period requested by the Trustee. Other responses impose similarly baseless limitations based on the date of entity formation. To the extent that any Entity Defendant is in possession of responsive documents which predate its formal date of formation, the Rules require their production.

VII.        "Entity Formation" Materials – Many responses object to the production of documents and communications concerning entity formation with the boilerplate objection that requests encompassing such information do "not seek relevant information and [are] not tailored to, or proportional to, the Trustee's specific needs in this matter, and . . . seek[] privileged material."  Given the Trustee's allegations of alter ego, veil piercing, and successor liability (which survived Defendants' motion to dismiss), the objection is baseless.  Please confirm that it will be withdrawn.  To the extent that any such material is subject to a privilege objection, please produce an appropriate log as to each document being withheld.

VIII.        Lack of a "Purportedly Wrongful Act" – Many Entity Defendants object to certain of the requests on the basis that "the amended complaint does not detail even a single purportedly wrongful act which it attributes to Select Entity Defendant."  The objection is baseless, as each Entity Defendant which remains in this case represented by your firm had the opportunity to file a motion to dismiss and in fact filed two such motions, both of which were denied.  The Entity Defendants are part of this case and have the obligation to respond to discovery like any other defendant.

Please advise as to when I can expect documents to be produced, revised responses with detail sufficient to satisfy the Rules, and your availability to meet and confer to discuss these deficiencies.

Best,

ANDREW J. BELLI