**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re:<br>**MIDNIGHT MADNESS DISTILLING LLC,**<br><br>Debtor. | **CHAPTER 7**<br>**Case No. 21-11750-PMM** |
| **BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,**<br><br>**Plaintiff,**<br>v.<br><br>**CASEY PARZYCH, et al.,**<br><br>**Defendants.** | **Adv. No. 23-00047-PMM** |

## PLAINTIFF'S LIMITED OBJECTION TO MOTION TO WITHDRAW AS COUNSEL

Plaintiff Bonnie B. Finkel, in her capacity as Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of Debtor Midnight Madness Distilling, LLC f/k/a Theobald and Oppenheimer, LLC d/b/a Faber Distilling (the "Debtor"), hereby submits her limited objection to K&L Gates LLP's ("K&L Gates") Motion to Withdraw as Counsel (the "Motion") for Defendants Casey Parzych, Angus Rittenburg, Kelly Festa, Ashleigh Baldwin, Michael Boyer, R.F. Culbertson, Polebridge, LLC, Good Design, Inc., and AgTech PA LLC (collectively, the "K&L Gates Defendants"). In support hereof, the Trustee respectfully states:

1.     Although the Trustee does not oppose the substance of the relief requested in the Motion, the Trustee respectfully requests that, prior to allowing withdrawal, the Court require each K&L Gates Defendant to provide the Trustee with an inventory of data sources currently or previously in their possession or under their control which are likely to contain information

relevant to this matter (e.g., the K&L Gates Defendant's emails, cell phone data, computer

drives, and hard copy documents) in the form of an interrogatory response to be signed by a

K&L Gates attorney consistent with Federal Rule of Civil Procedure 26(g).

2.      As set forth in further detail below, the Trustee is concerned that, absent the

oversight of counsel, the K&L Gates Defendants will flaunt their discovery obligations, destroy

relevant evidence (or conceal the previous destruction of relevant evidence), and refuse to

communicate with undersigned counsel, prejudicing the Trustee's continued prosecution of this

matter.

### Procedural History and the Trustee's Motion to Compel

3.       The Trustee instituted the instant adversary proceeding by filing her original

Complaint on June 15, 2023.  *See* Adv. D.I. 1.

4.      The K&L Gates Defendants, via their prior counsel at Archer & Greiner, filed a

motion to dismiss on September 15, 2023 (Adv. D.I. 17), which was granted in part and denied in

part on July 23, 2024 (*see* Adv. D.I. 39 and 40).

5.      On August 22, 2024, the Trustee filed an Amended Complaint (Adv. D.I. 44),

making only limited changes specifically contemplated by this Court's opinion disposing of the

motion to dismiss.

6.      On September 30, 2024, the Archer & Greiner attorneys withdrew their

appearance on behalf of the K&L Gates Defendants and were replaced by attorneys at K&L

Gates (Adv. D.I. 49), who filed a motion to dismiss the Trustee's Amended Complaint (Adv. D.I.

50).

7.      On December 16, 2024, this Court entered a footnoted order (Adv. D.I. 64)

granting in part and denying in part the second motion to dismiss, noting that the K&L Gates

Defendants "largely reiterate[d] the arguments made in their First Motion to Dismiss," and allowing all of the Trustee's claims to proceed against the K&L Gates Defendants.

8.    On March 21, 2025, the Trustee served her First Requests for Production (the "RFPs") on the K&L Gates Defendants, seeking documents squarely relevant to the claims asserted in the Amended Complaint, including Defendants' use of Debtor assets, operation of businesses related to the Debtor's line of business, intercompany transactions, communications among Defendants, and destruction or transfer of Debtor records. *See* Adv. D.I. 107-5 and 107-6 (Trustee's RFPs).

9.    As set forth in further detail in the Trustee's Motion to Compel production of documents in response to the RFPs (the "MTC," Adv. D.I. 107), which is incorporated by reference herein, the Trustee has spent nearly a year attempting to obtain documents responsive to her RFPs, with a K&L Gates attorney making repeated assurances that documents were being gathered and would ultimately be produced.

10.    On July 30, 2025, undersigned counsel held a meet and confer telephone conference with K&L Gates attorney Robert Beste, Esquire.  During that call, undersigned counsel stated that the K&L Gates Defendants' written responses to the RFPs were deficient and that a formal deficiency letter would be forthcoming.  Attorney Beste suggested that, in lieu of discussing and attempting to resolve all of the Trustee's issues with the written responses seriatim, the Trustee provide search parameters for the K&L Gates Defendants' electronically stored information (e.g., emails, documents, text messages), and that, after generating a hit report, the parties could engage in a more productive discussion regarding the scope of production and any remaining disputes.  Despite the Written Responses' blanket refusal to produce documents absent the Trustee's agreement to unspecified restrictions on scope, Attorney

Beste stated that documents would ultimately be produced, after which the parties could narrow

the issues actually in dispute and, if necessary, approach the Court with those disputes in a

productive fashion.  *See* Adv. D.I. 107-2, Belli Dec. at ¶ 3.

11.     Undersigned counsel provided K&L Gates with the requested search parameters

and, on August 21, 2025, in response to an inquiry from undersigned counsel as to the status

thereof, Attorney Beste responded "[w]e are coordinating with our clients to identify potential

document repositories to allow a comprehensive discussion about esi collection and searching.

Given the number of people and entities, this process is taking time." *See* Adv. D.I. 107-23.

12.     During a September 25, 2025 telephone call, Attorney Beste outlined a process

whereby the K&L Gates Defendants agreed to run the search terms previously circulated by

undersigned counsel (subject to the K&L Gates Defendants' right to raise issues as to particular

terms, which the parties agreed to work out as issues arose) and would prioritize certain

productions on a Defendant-by-Defendant basis and start producing documents on a rolling

basis.  Attorney Beste again suggested that letting the process play out would allow the parties to

identify those discovery points which were truly in dispute, which could then be presented to this

Court in an efficient manner.  *See* Adv. D.I. 107-2, Belli Dec. at ¶ 4.

13.     In late November 2025, Attorney Beste informed undersigned counsel that K&L

Gates would be withdrawing its representation.  *See* Adv. D.I. 107-2, Belli Dec. at ¶ 5.

14.     On January 8, 2026—more than nine months after the Trustee served the RFPs—

Ballard Spahr attorneys entered their appearance for previous K&L Gates clients Best Bev, LLC,

Canvas 340, LLC, Shawn Sheehan, XO EW, LLC, and XO Energy Worldwide, LLLP (the

"Ballard Defendants"), with the K&L Gates Defendants continuing to be formally represented by

K&L Gates.  *See* Adv. D.I. 104.

15.　　Neither the Ballard Defendants nor the K&L Gates Defendants have produced documents responsive to the RFPs, necessitating the Trustee's filing of the Motion to Compel, a hearing on which is noticed for the same day as the hearing on the instant Motion.

**The Trustee Has Substantiated Concerns Regarding Defendants' Destruction of Relevant Information and Ignoring Communications from Undersigned Counsel**

16.　　The Trustee is concerned that, absent the oversight of counsel, the K&L Gates Defendants will flaunt their discovery obligations, destroy relevant evidence, and refuse to communicate with undersigned counsel, prejudicing the Trustee's continued prosecution of this matter.  The history of this matter and the evidence obtained by the Trustee to date substantiate these concerns.

17.　　Since the outset of this matter, the Trustee has suspected that the Defendants have destroyed or stolen documents and communications which are highly relevant to the misconduct alleged in her Amended Complaint.  *See, e.g.,* Adv. D.I. 44, Amended Complaint at ¶¶ 154-155 (alleging that Debtors' insiders intentionally deleted or stole the Debtor's electronic data and cloud computing drives), 194 (alleging that documents were stolen from a Debtor safe contemporaneously with Defendant Casey Parzych's cell phone logging into the Debtor's wi-fi network).

18.　　Discovery has substantiated those concerns, with text messages produced by Defendant Gary Parzych revealing that, on May 18, 2021, Defendant Casey Parzych instructed Gary Parzych (the principal of Defendant Finland Leasing, the Debtor's landlord) "Please no emails about a lease being available to MMD it's a critical part of our law suits that you are not willing to rent to MMD . . . Going to delete the one you just sent," with Gary Parzych responding "Ok understood.  Make sure [Defendant] Kelly [Festa] deletes too."  *See* Adv. D.I. 107-2, Belli Dec. at ¶ 7.

19.      Certain of the K&L Gates Defendants have also demonstrated a failure to respond to inquiries from undersigned counsel, raising the concern that if left unrepresented they will ignore future communications necessary for the prosecution of this case.  In April and May 2023, prior to the initiation of this adversary proceeding, undersigned counsel sent requests for documents and testimony pursuant to Bankr. E.D.Pa. Local Rule 2004-1 to Defendants Casey Parzych, Festa, Rittenburg, Baldwin, and Culbertson.  Those Defendants failed to respond to the requests, which undersigned counsel believes were received and intentionally ignored.

**The History of this Matter Warrants Protective Measures Prior to K&L Gates' Withdrawal**

20.      "Courts have discretion over whether to grant motions to withdraw counsel.  A law firm is entitled to withdraw once the firm demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned."  *Orr Indus. of Pennsylvania LLC v. Muehling*, 2026 WL 27571, at *1 (M.D. Pa. Jan. 5, 2026) (internal citation and quotation marks removed; quoting *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)).  "[Pennsylvania] Rule [of Professional Conduct] 1.16(c) makes clear that '[a] lawyer *must* comply with applicable law requiring notice to or permission of a tribunal when terminating a representation,' and '[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.'"  *Kansky v. Luzerne Cnty.*, 2021 WL 662286, at *4 (M.D. Pa. Feb. 19, 2021) (quoting Pa. Rule of Pro. Conduct 1.16(c); emphasis added by *Kansky*).

21.      Given the concerns detailed herein concerning certain of the K&L Gates Defendants' destruction of evidence[1] and K&L Gates' shepherding of the discovery process since

---

[1] To be clear, the destruction of evidence discussed herein occurred prior to K&L Gates' involvement in this matter and the Trustee is in no way accusing K&L Gates of being involved therewith.

the Trustee's RFPs were issued nearly a year ago, K&L Gates' withdrawal should be conditioned

on each K&L Gates Defendant providing the Trustee with a detailed inventory listing "the

existence, description, nature, custody, condition, and location of any documents or other

tangible things"[2] currently or previously in their possession, custody, or control which are likely

to be relevant to this matter on a repository by repository basis, in the form of an interrogatory

response to be signed by both the defendant and a K&L Gates attorney consistent with Federal

Rules of Civil Procedure 26(g)(1) and 33(b)(5).[3]  *See* Fed. R. Civ. P. 26(g)(1) (stating that, by

signing a discovery response, "an attorney . . . certifies to the best of the person's knowledge,

information, and belief formed after a reasonable inquiry . . . [that] it is complete and correct as

of the time it is made").  Additionally, K&L Gates should be required to preserve all underlying

client documents in its possession and provide the Trustee with a high-level description of such

documents (e.g., data source and date range).

---

[2] The quoted language was contained in prior versions of Federal Rule of Civil Procedure 26(b)(1).  Although it was removed from the text of the rule, official commentary to the rule notes that "Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples. The discovery identified in these examples should still be permitted under the revised rule when relevant and proportional to the needs of the case. Framing intelligent requests for electronically stored information, for example, may require detailed information about another party's information systems and other information resources."  Fed. R. Civ. P. 26, Adv. Committee Notes to 2015 Amendment.

[3] Fed. R. Civ. P. 33(b)(5) requires the person who makes the answers to an interrogatory (typically the party to whom they are directed) to sign them.  Fed. R. Civ. P. 26(g)(1) requires an attorney to sign every discovery response.  "Rule 26(g) does not require the signing attorney to certify the truthfulness of the client's factual responses to a discovery request. Rather, the signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand. Thus, the lawyer's certification under Rule 26(g) should be distinguished from other signature requirements in the rules, such as those in Rules 30(e) and 33."  *See* Fed. R. Civ. P. 26, Adv. Committee Notes to 1983 Amendment.

22.     Absent the certification contemplated herein, the K&L Gates Defendants may

perjure themselves concerning the existence of document repositories and the Trustee would lose

the safeguard provided by K&L Gates' oversight of the entirety of the discovery process to date.

*See, e.g., Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 703, 707 (D.N.J. 2015) ("Rule 26(g) requires

all attorneys to engage in pretrial discovery in a responsible manner consistent with the spirit and

purposes of liberal discovery.   Pursuant to the Rule an attorney's signature certifies that any

disclosures were complete and accurate at the time they were made and that a reasonable inquiry

was made. . . . While an attorney need not supervise every aspect of a client's document

production, the attorney is responsible for coordinating the client's discovery efforts so that

responsive documents are located and produced." (internal citations and quotation marks

omitted)).

23.     K&L Gates represented to undersigned counsel on August 21, 2025 that it was

"coordinating with our clients to identify potential document repositories[.]"  *See* Adv. D.I. No.

107-23.  It thus has unique knowledge concerning the existence and location of potentially

discoverable information, and the Trustee's concerns regarding Defendants' destruction of

evidence warrant that the K&L Gates Defendants disclose this information to the Trustee in a

form to be certified by a K&L Gates attorney in a manner consistent with the Federal Rules prior

to the firm's withdrawal.  *Cf. Morales v. Sunpath Ltd.*, 2024 WL 1198054, at *2 (D. Del. Mar. 20,

2024) (denying attorney motion to withdrawal without prejudice to be filed after discovery

requests were answered because, inter alia, the objecting party had granted discovery extensions

based on moving counsel's representation that it was gathering responsive information).

24.     K&L Gates has requested to withdraw "because a conflict of interest has arisen

among the defendants."  *See* Adv. D.I. 105 at ¶ 6.  The Trustee's request for an itemized

description of document repositories simply requires the K&L Gates Defendants to disclose, and K&L Gates to certify consistent with the Federal Rules, information that is "deeply entrenched in practice," *see* fn. 2 above.  The requested information is already within the scope of K&L Gates' knowledge – as it has been "coordinating with [its] clients to identify potential document repositories" since August 21, 2025 – and the certification requested herein pertains to purely factual matters and does not require K&L Gates to advocate any particular position on behalf of or against any of the defendants.  The Trustee's request accordingly will not impose any substantial burden or ethical concern on K&L Gates.

25.     Additionally, the K&L Gates Defendants include three entities which cannot proceed in this matter absent counsel.  The Trustee respectfully requests that, if K&L Gates' withdrawal on behalf of these entities is permitted, the entity defendants be required to retain substitute counsel within twenty-one days or face the potential entry of default.  *See, e.g., Kitchen & Assocs. Servs., Inc. v. Haven Campus Communities*, 2022 WL 15443746, at *2 (D.N.J. Oct. 27, 2022).

26.     Finally, undersigned counsel is concerned that he may have issues communicating with the individual K&L Gates Defendants if they are left unrepresented by counsel. Accordingly, the Trustee respectfully requests that, if K&L Gates' withdrawal on behalf of the individual defendants is permitted, the individual defendants either retain counsel within twenty-one days or submit to the Court and undersigned counsel an active email address, physical mailing address, and telephone number to which undersigned counsel may direct informal requests and formal service of litigation documents.

WHEREFORE, for all of the foregoing reasons, the Trustee objects to the Motion on a limited basis and respectfully requests that the Court enter an order in the form filed contemporaneously herewith imposing conditions on K&L Gates' withdrawal as discussed in detail herein.

Respectfully submitted,

Dated: February 20, 2026

**COREN & RESS, P.C.**

/s/ Andrew J. Belli
STEVEN M. COREN
ANDREW J. BELLI
JANICE D. FELIX
Two Commerce Square, Suite 3900
2001 Market Street
Philadelphia, PA 19103
Tel: (215) 735-8700
Fax: (215) 735-5170
scoren@kcr-law.com
abelli@kcr-law.com
jfelix@kcr-law.com

*Counsel for Plaintiff*
*Bonnie Finkel, Chapter 7 Trustee*