IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>Debtor. | CHAPTER 7<br>Case No. 21-11750-PMM |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>Plaintiff,<br>v.<br><br>CASEY PARZYCH, et al.,<br><br>Defendants. | Adv. No. 23-00047-PMM |



FILED
FEB 2 0 2026
CLERK OF COURT
BY _____ DEP CLERK

## OPPOSITION TO MOTION OF K&L GATES TO WITHDRAW AS COUNSEL UNTIL SUCH TIME AS WE RETAIN NEW COUNSEL

Defendants Casey Parzych, Ashleigh Baldwin, Angus Rittenburg, Kelly Festa, Polebridge, LLC, Good Design, Inc., and AgTech PA, LLC ("Defendants"), appearing *pro se*, hereby oppose K&L Gates' Motion to Withdraw as their counsel on the grounds set forth below.

### 1. Complexity of the Matter

As lay individuals, we do not possess the legal training or expertise required to navigate the procedural and substantive aspects of this case on our own behalf or on behalf of the companies that we are associated with or allegedly associated with. Indeed, as we have learned

through the process of trying to find new counsel, the complex topics presented in this litigation are even beyond the competency of many skilled attorneys, e.g., intricate financial structures, multi-party liability, veil-piercing, and extensive compilation of emails and text messages to name a few. Forcing us to proceed without representation at any stage of the proceedings, let alone at this stage, would effectively deny us an opportunity to defend ourselves and a fair day in court. Moreover, given our limited assets, the stakes are even greater for us because this litigation has the potential to effectively destroy our lives from a financial perspective. Indeed, one of the reasons we are filing this joint opposition to the Motion to Withdraw is because we have such limited resources. Although we are also considering whether we should each have individual representation, the final decision about whether to proceed individually or whether we should enter into an agreement for joint representation is an important decision that requires the advice of counsel. Needless to say, our new counsel will need to make a significant investment in time to understand the case, before they can properly advise us.

### 2. Prejudice to the Parties

Allowing K&L Gates to withdraw at this juncture would cause significant prejudice to our interests. In particular, on February 13, 2026, the Trustee filed a Motion to Compel Discovery that is very complicated because it consists of more than 500 pages including exhibits that we have never seen before, and raises e-discovery issues requiring the compilation of voluminous emails and text messages. Without the assistance of counsel, we are unable to meet the February 27, 2026, deadline to answer and/or oppose the Motion to Compel Discovery and to adequately protect our legal rights.

Indeed, other than recent communications about withdrawing as our counsel, we have had virtually no communications with K&L Gates about this case – the only exception being at the time they were retained as our counsel. To the best of our recollection, K&L Gates has not even sent us the Discovery Requests that are the subject of the Trustee's recently filed Motion to Compel discovery. Given K&L Gates' *laissez faire* approach to protecting our interests throughout the proceedings thus far, it is extremely unfair for them to allow us so little time to obtain new counsel.

### 3. Representations in K&L Gates' Motion

K&L Gates states that "[f]rom the outset of this litigation, the terms of Counsel's engagement made plain that, if a conflict arises during the litigation, Counsel may need to withdraw from its representation of all defendants." K&L Gates' Motion to Withdraw, ¶ 6. Although the terms of our engagement with K&L Gates allow them to withdraw if a conflict arises, K&L Gates has not provided any information, let alone details about the nature of the conflict, to us in their Motion or in confidence prior to filing their Motion. Given the confidential nature of K&L Gates' statements, <u>we request that they provide the nature and details of the conflict to us in both a secure and confidential communication so that we can not only adequately respond to their Motion but also understand the adequacy of their representation until now</u>.

K&L Gates also states that "Withdrawal of Counsel is also both permissible and desirable under Rule 1.16(b)(1) because Counsel can withdraw without any material adverse effect on any Defendant. This includes because the parties recently extended the applicable discovery deadlines, including moving the fact discovery deadline to July 19, 2026." K&L Gates' Motion

3

to Withdraw, ¶ 7. This statement is not accurate since the Trustee filed a Motion to Compel Discovery on February 13, 2026, and we are required to answer that motion on or before February 27, 2026.

In another statement, K&L Gates claims "that pursuant to comment 3 to Rule 1.16 and Rule 1.16(b)(5), professional considerations require that Counsel terminate its representation of Defendants and withdraw as counsel." K&L Gates' Motion to Withdraw, ¶ 8. Although the terms of our engagement with K&L Gates may allow them to withdraw under these circumstances, we have no idea whether this statement is accurate because K&L Gates has not provided any information or details to support this statement to us, either in their Motion or in confidence prior to filing their Motion. Given the confidential nature of K&L Gates' statements, **we request that they provide the nature and details of the obligation(s) we have not met to us in both a secure and confidential communication so that we can not only adequately respond to their Motion but also understand the adequacy of their representation until now.**

The statements in K&L Gates' Motion make it clear that at minimum, they are no longer able to adequately represent our interests, and that the adequacy of their representation may have been compromised for some time – we cannot know this unless and until they disclose the information and details about the nature of their conflict and other reason(s) for filing its Motion.

The only viable solution to the "choice" that K&L Gates' Motion presents, i.e. represent ourselves because we do not have sufficient time to obtain counsel *versus* allowing K&L Gates to continue to represent us when they have admitted that they are unable to provide adequate representation, is to stay the proceedings until such time as we can retain substitute counsel.

### 4. Request for Additional Time and Limited Stay of Proceedings

We are actively seeking new representation; however, due to the specialized nature of this case, finding a qualified attorney who is available and conflict-free requires more time than K&L Gates' motion allows. We have contacted a number of attorneys to date and for various reasons they are unable to represent us, e.g. conflict with the Trustee in this case, only willing to represent us in bankruptcy proceedings and not an adversarial proceeding, not willing to represent us because they believe our limited resources would be exhausted in the course of their representing our interests. The complexity of this case requires an appropriate review period for any incoming attorney, assuming they are interested and qualified to represent any or all of us.

It is also necessary to grant a stay of proceedings limited to defendants Casey Parzych, Ashleigh Baldwin, Angus Rittenburg, Kelly Festa, Polebridge, LLC, Good Design, Inc., and AgTech PA, LLC because regardless of the outcome of K&L Gates' Motion we will not have adequate representation.

If the Motion is granted, as lay individual defendants in a complex adversarial proceeding, we will be without counsel and unable to adequately represent our interests.

If the Motion is denied, we will be represented by counsel who has at minimum, made it clear that they cannot adequately represent our interests because of a conflict of interest and other unspecified reason(s) requiring them to withdraw.

Under either scenario, the only way to avoid substantial prejudice to our defense that will effectively deny us an opportunity to defend ourselves and a fair day in court is to grant a limited stay of proceedings as to defendants Casey Parzych, Ashleigh Baldwin, Angus Rittenburg, Kelly Festa, Polebridge, LLC, Good Design, Inc., and AgTech PA, LLC.

## 4. Conclusion

To ensure the interests of justice and to prevent irreparable harm to our case, we respectfully request that the Court:

- **Deny** the Motion to Withdraw at this time; and,

- **Grant a Stay** of all proceedings as to the above-named defendants for ninety (90) days to allow us sufficient time to secure specialized substitute counsel and to bring them up to speed on the case.

Respectfully submitted,

_____
Casey Parzych

Respectfully submitted,

_____
Ashleigh Baldwin

Respectfully submitted,

_____
Angus Rittenburg

Respectfully submitted,

_____
Kelly Festa

Respectfully submitted,

_____
AgTech PA, LLC
By: Casey Parzych

Respectfully submitted,

_____
Polebridge, LLC
By: Ashleigh Baldwin

Respectfully submitted,

*[signature]*

Good Design, Inc.
By: Angus Rittenburg

Dated: February 17, 2026.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>MIDNIGHT MADNESS DISTILLING LLC,<br><br>　　　　　　Debtor. | CHAPTER 7<br>Case No. 21-11750-PMM |
| BONNIE B. FINKEL, in her capacity as Chapter 7 Trustee for Midnight Madness Distilling LLC,<br><br>　　　　　　Plaintiff,<br>v.<br><br>CASEY PARZYCH, et al.,<br><br>　　　　　　Defendants. | Adv. No. 23-00047-PMM |

## ORDER

AND NOW, this _____ day of _____ 2026, upon consideration of the Motion of Defendants' Counsel to withdraw as counsel, and said Defendants' Opposition to the Motion,

It is ORDERED that the Motion is DENIED; and

IT IS FURTHER ORDERED that a Stay of Proceedings as to Defendants Casey Parzych, Ashleigh Baldwin, Angus Rittenburg, Kelly Festa, Polebridge, LLC, Good Design, Inc., and AgTech PA, LLC shall be effective for ninety (90) days from the date of this Order.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge