**Appendix A - RFPs to Sheehan**

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 1 | All documents and communications with or concerning the Debtor or its subsidiaries. | Establishes the nature, scope, and timing of Defendants' interactions with the Debtor for the purpose of demonstrating Defendants' involvement in using Debtor resources, diverting business opportunities, and misappropriating revenues. | This RFP violates FRCP 26(b) and 34(b)(1)(A) by seeking "all documents and communications" regarding the Debtor without regard to subject matter or relevance. *See, e.g., In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) (denying discovery seeking "any and all documents concerning" the defendant). |
| 2 | All documents and communications concerning the Bankruptcy Proceeding. | Directly relevant to allegations that Defendants conspired to manipulate the Debtor's bankruptcy process, rigged the Section 363 sale in favor of the Sheehan Entities, provided false testimony at the Section 341 meeting, caused the filing of inaccurate documents, and allowed the Sheehan Entities to manage the bankruptcy process to the Debtor's detriment. | Targeted searches over a relevant period of time regarding specific search terms related to this document request are acceptable.<br><br>Simply running the term "bankruptcy" as the Trustee demanded in her ESI Protocol is too broad. |

| 3 | All documents and communications with or concerning the following entities: Polebridge LLC; Good Design Inc.; AgTech PA LLC f/k/a American Cannabis LLC; Ag Tech VI LLC; AGTech VI LLLP; AgTVI LLC; Can Man LLC; Best Bev LLC; EtOH Worldwide LLC; XO Energy Worldwide LLLP; XO EW LLC; Canvas 340 LLC; XO Energy MA, LP; XO Energy MA, Inc.; XO Energy Worldwide, LLC; Maho, LLC; Splint LLC; Crutch LLC; Cane LLC; Brace LLC; Walker LLC; Spectre Distributing LLC; Millstone Spirits Group LLC; Faber Foundation; Unattended 2.0 LLC; kglobal; DPG Management, LLC; and Wherehouse Beverage Co. | Establishes the nature, scope, and timing of Defendants' interactions with entities implicated in the diversion of Debtor resources, as set forth in detail in the Amended Complaint. These entities are the vehicles through which Defendants allegedly siphoned Debtor resources and profits. Documents will show the alter ego relationships, the flow of funds and resources, and the interconnected web of entities controlled by Defendants Parzych and Sheehan. Also targets kglobal (the PR firm jointly retained by Parzych and Sheehan) and DPG (the HR consulting firm whose "Wynk - Proposal" was billed to the Debtor). | This RFP violates FRCP 26(b) and 34(b)(1)(A) by seeking "all documents and communications" regarding 28 entities without regard to subject matter or relevance. *See, e.g., In re Biovail Corp. Sec. Litig.*, 247 F.R.D. at 75 (denying discovery seeking "any and all documents concerning or reflecting communications with" 39 companies).<br><br>Additionally, requiring Sheehan search for "all documents and communications with or concerning" the other Sheehan Defendants, which he owns or controls, is overbroad and unduly burdensome.  Doing so would encompass nearly every communication Sheehan sends. Additionally, AgTech VI, LLC and EtOH Worldwide LLC have been dismissed and no discovery regarding those dismissed claims is appropriate.<br><br>Several of the entities included in this request are never mentioned in the Amended Complaint, including: Splint LLC, Crutch LLC, Cane LLC, Brace LLC, Walker LLC, Specter Distributing LLC, Faber Foundation, and Unattended 2.0. Documents and communications regarding those entities are not relevant to any claim or allegation in the Amended Complaint. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 4 | All documents and communications with or concerning any of the current or former defendants in this litigation that relate to any of the allegations in the Amended Complaint or your answer thereto. | Essential to demonstrate the interaction of Defendants with respect to the allegations of the Amended Complaint. | This RFP violates FRCP 34(b)(1)(A) by seeking all documents and communications that "relate to any of the allegations in the Amended Complaint" or Sheehan's answer. *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-76 (N.D. Tex. 2018). |
| 5 | All documents and communications concerning the ethanol, copackaging and/or beverage industries, including, but not limited to, entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale of ethanol products (including, but not limited to liquor, alcoholic beverages, hand sanitizer, and raw ethanol) and beverages (including, but not limited to, alcoholic beverages and/or beverages containing CBD and/or THC). | Request targets the substantive business activities that form the core of the Trustee's claims. The Debtor was in the business of manufacturing, canning, and selling spirits, hand sanitizer, and beverages; the Pilfering Entities operated in the same lines of business using Debtor resources. This request will capture evidence of the Defendants' parallel business activities, the use of Debtor resources for non-Debtor products (e.g., CBDelight, Wynk Seltzer, Well Rebellion), and the breach of the Work Product Assignment provision. | The majority of the Sheehan Defendants are *not* engaged in the "same line of business" as the Debtor. The XO entities are engaged in energy trading and risk management. The purported justification for this broad request is false as to those entities.<br><br>As to Best Bev, LLC and Canvas 340, LLC, requiring Sheehan to produce every document regarding the industry in which they operate would require producing every single document he possesses regarding those entities. This RFP is overbroad and unduly burdensome. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 6 | All documents and communications relating to any contract, agreement, or understanding between you and the Debtor, or between you and any of the other defendants in this litigation. | Demonstrates the relationship between the Debtor and the Defendants in this litigation, and among the Defendants in this litigation and each other, and squarely relevant to the Amended Complaint's allegations concerning profit sharing and successor liability/alter ego. Also relevant to demonstrating that intercompany transactions were not at arm's length. | Requiring Sheehan to produce documents and communications regarding contracts he had with the Debtor, if any, is acceptable.<br><br>Requiring Sheehan to produce documents and communications regarding contracts he had with defendants other than Sheehan Defendants, if any, prior to the sale of the Debtor's assets is acceptable.  Thereafter, the Debtor was no longer operating and any contracts between Sheehan and any other defendant are irrelevant to any allegation or claim in the Amended Complaint.<br><br>Requiring Sheehan to produce documents and communications regarding contracts he has with the remaining Sheehan Defendants, which he controls, is overbroad, unduly burdensome and intrusive. |

4

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 7 | All documents and communications relating to any payments received by you from the Debtor or from any of the other defendants in this litigation. | Directly relevant to the unjust enrichment claim and the Trustee's efforts to trace diverted funds. Also relevant to the Parzych/Rittenburg Purchases, the Boyer Payment, and any distributions the individual Defendants received from the Entity Defendants. | Requiring Sheehan to produce documents and communications regarding any payments he received from the Debtor is acceptable.<br><br>Requiring Sheehan to produce documents and communications regarding payments he received from defendants other than Sheehan Defendants before the Debtor sold its assets is acceptable.  Thereafter, the Debtor was no longer operating and any contracts between Sheehan and any other defendant are irrelevant to any allegation or claim in the Amended Complaint.<br><br>Requiring Sheehan to produce documents and communications regarding payments he has received from the remaining Sheehan Defendants, which he controls, is overbroad, unduly burdensome and intrusive. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 8 | All documents and communications concerning Faber Hand Sanitizer, CBDelight, Wynk Seltzer, and liquor products branded Well Rebellion, Best Bev, or Pour Brothers, including, but not limited to, documents and communications concerning entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale. | Directly relevant to allegations concerning product lines diverted from the Debtor or created using Debtor resources. | There are no allegations beyond the Trustee's "information and belief" that Sheehan had any involvement in Faber Hand Sanitizer or CBDelight. The documents she purports to rely upon to substantiate her "information and belief" do not reference CBDelight at all, do not show that Sheehan was involved in Faber Hand Sanitizer, or are gibberish.<br><br>Requiring Sheehan to produce all documents and communications regarding Wynk Seltzer or Best Bev, LLC is overbroad because Wynk is controlled by Canvas 340, LLC, which Sheehan controls, and Sheehan also controls Best Bev, LLC. Thus, this request seeks every document in Sheehan's possession regarding entities or brands he controls and is overbroad, unduly burdensome and intrusive.<br><br>As to Best Bev, LLC and Canvas 340, LLC, requiring Sheehan to produce every document regarding the industry in which they operate would require producing every single document he possesses regarding those entities and is overbroad, unduly burdensome and intrusive. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 9 | All documents and communications relating to the Debtor's books, records, and online accounts. | Relates to control and concealment of Debtor records. | Targeted searches over a relevant period of time regarding specific search terms related to this document request are acceptable. |
| 10 | All documents and communications relating to any purchases made by the Debtor for use by you or any of the other defendants in this litigation. | Targets evidence of specific diversions of Debtor resources, including the Post Petition Best Bev Transfers, the use of Debtor credit cards for personal purchases by Parzych and Rittenburg, the Debtor's payment for Wynk-related travel and supplies, and the Debtor's payment for goods shipped to Best Bev at 2512 Quakertown Road. | There are no allegations in the Amended Complaint that the Debtor made any purchases for Sheehan, individually.<br><br>There are no allegations in the Amended Complaint that the Debtor made any purchases for any of the XO entities.<br><br>The Debtor cannot have made any purchases for Best Bev, LLC or Canvas 340, LLC because neither entity existed before the Trustee was appointed. Best Bev, LLC was formed on June 13, 2022 and Canvas 340, LLC was formed on February 28, 2023. |
| 11 | All documents and communications relating to the data, assets, equipment, real property (whether leased or owned), and former personnel of the Debtor. | Central to asset diversion allegations. | This RFP is the functional equivalent of RFP No. 1 and improper for the same reason: It effectively encompasses every possible communication regarding the Debtor. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 12 | All text messages and emails in which you attempted to sell beverages or products containing alcohol on behalf of any person or entity. | Shows continuation of sales operations, competition with the Debtor, and operation of entities alleged to be the alter ego/successor to the Debtor. | There are no allegations in the Amended Complaint that Sheehan attempted to sell beverages or products containing alcohol. Moreover, none of the Sheehan Defendants could have competed with the Debtor after the Debtor sold its assets, so any discovery regarding that time period is irrelevant. |
| 13 | All notes pertaining to any telephone call or other conversation or meeting concerning the business of the Debtor, any of the Polebridge Entities, any of the Wynk Entities, any of the Best Bev Entities, and/or any of the Sheehan Entities. | Directly relevant to the allegations of the Amended Complaint, the operations of the Debtor, and the operation of entities alleged to be the alter ego/successor to the Debtor. | Requiring Sheehan to search for notes pertaining to telephone calls or other conversations or meetings concerning the business of the Sheehan Defendants, which he controls, would essentially require him to produce the notes of every conversation he has had and is overbroad, unduly burdensome and intrusive. Targeted searches for responsive material relating to the Debtor or Polebridge Entities over a relevant time period are acceptable. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 14 | All documents and communications concerning any request issued to you by the Trustee pursuant to Bankr. E.D.Pa. Local Rule 2004-1. | Relevant to the Defendants' efforts to avoid producing discovery relevant to the claims raised in the Amended Complaint. | The Trustee never requested documents from Sheehan under Bankruptcy Rule 2004.  This request is irrelevant as to Sheehan.<br><br>Even if the Trustee had requested documents from Sheehan under Bankruptcy Rule 2004, she never filed a motion or obtained an order requiring Sheehan to produce documents under Bankruptcy Rule 2004. The Trustee is seeking discovery regarding non-compliance with an order she never bothered to obtain. |
| 15 | All documents and communications provided to or received from any regulatory, governmental, or investigative federal, state, or local agency concerning the Debtor. | Relevant to the operations of the Debtor. | There are no allegations or claims in the Amended Complaint to which this document request is relevant. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 16 | All social media posts, messages, comments, or direct messages (including on Instagram, Facebook, LinkedIn, Twitter/X, etc.) concerning the Debtor, the Debtor's assets or property, CBDelight, Faber Hand Sanitizer, Wynk Seltzer, and Best Bev, or otherwise relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto. | The Amended Complaint relies extensively on social media evidence, including Culbertson's LinkedIn page, Aguilar's LinkedIn page, Baldwin's LinkedIn page, Sheehan's LinkedIn post, Coughlin's LinkedIn and Facebook posts, and various Instagram accounts. Social media posts demonstrate that Debtor personnel were openly working for the Pilfering Entities and that Defendants treated the entities as interchangeable. | Targeted searches of Sheehan's social media accounts regarding the Debtor over an appropriate period of time are acceptable.<br><br>There are no substantiated allegations that the Sheehan Defendants had any involvement whatsoever with CBDelight and searching for social media posts regarding that product is not relevant.<br><br>Requiring Sheehan to search and produce all social media posts regarding Wynk Seltzer or Best Bev is overbroad and unduly burdensome because he controls those brands and Best Bev, LLC.<br><br>The request to search for social media posts that relate in any way to the Amended Complaint or Sheehan's defenses violates FRCP 34(b)(1)(A). *See, e.g., Lopez*, 327 F.R.D. at 575-76. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 17 | All documents and communications relating to the products, brands, and intellectual property identified in paragraph 252 of the Amended Complaint. | Expressly tied to Amended Complaint allegations concerning Work Product generated with the improper use of the Debtor's resources. | There are no substantiated allegations in the Amended Complaint that Sheehan had anything to do with CBDelight so this RFP does not seek relevant documents as to that brand.<br><br>Mr. Sheehan controls the Wynk Seltzer brand and Best Bev, LLC.  Requiring him to search for all documents and communications regarding those brands is overbroad and unduly burdensome. |
| 18 | All documents and communications concerning 2512 Quakertown Road, Pennsburg, PA 18073; 118 North Main Street, Trumbauersville, PA 18970; 2300 Trumbauersville Road, Trumbauersville, PA 18970; 2600 Milford Square Pike, Quakertown, PA 18591; and 300 Commerce Drive, Quakertown, PA 18951. | Expressly tied to locations identified in the Amended Complaint as being associated with the Debtor and/or the diversion of assets therefrom. | This RFP makes no sense. The fact that the Trustee mentions various addresses in the Amended Complaint does not make an address relevant to any claim or defense in this litigation. |
| 19 | All documents and communications relating to the assets, business, or equity of the Debtor, including, but not limited to, any purchase or sale of the same. | Covers the pre-petition attempts by the Sheehan Entities to purchase the Debtor or its assets, the Section 363 sale process, the Millstone acquisition, and any other transactions involving Debtor assets. Relevant to proving that Defendants conspired to depress the value of the Debtor's assets and steer the sale to the Sheehan Entities at below-market value. | Targeted searches regarding specific acts regarding the assets, business or equity of the Debtor over a relevant time period are acceptable. |
| 20 | All documents and communications concerning the vehicle depicted in paragraph 94 of the Amended Complaint. | Paragraph 94 shows a mobile production truck used for Wynk Seltzer's first mobile production run in Ohio. This request seeks to establish ownership, funding, and use of the vehicle, relevant to claims that Debtor resources were used for the production of Wynk seltzer. | Targeted searches regarding the vehicle identified in paragraph 194 of the Amended Complaint over a relevant time period are acceptable. |

11

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 21 | All documents and communications concerning the equipment, goods, and transactions identified in paragraphs 150 and 178 of the Amended Complaint. | Expressly tied to Amended Complaint allegations identifying specific instances of misuse of Debtor property. | The allegations in paragraph 150 of the Amended Complaint relate to transfers made to Can Man, LLC d/b/a Best Bev, not Best Bev, LLC, which did not exist when the alleged transfers were made.  The allegations in paragraph 150 are not relevant to any Sheehan Defendant.<br><br>The allegations in paragraph 178 relate to the alleged use of Debtor assets solely by Defendants Casey Parzych and Angus Rittenburg and have nothing to do with any of the Sheehan Defendants. |

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 22 | All documents and communications concerning any joint defense, common interest, or indemnification agreements among any defendants, or between any defendants and the Debtor. | Demonstrates the level of coordination and control among the Defendants. | The existence of a common interest agreement itself satisfies the Trustee's professed need for discovery regarding any common interest agreement among the defendants and, therefore, the terms of any such agreement are not relevant. *See, e.g, Arch Specialty Ins. Co. v. Univ. of S. Cal.*, No. CV 19-06964-DDP (ASx), 2022 WL 2352922, at *4 (C.D. Cal. May 12, 2022), *adopted at* 2022 WL 2342565 (C.D. Cal. Jun. 29, 2022).<br><br>Moreover, any common interest agreement related to this litigation would not have existed until after this litigation was threatened or commenced, and cannot be relevant to show coordination among the defendants prior to this litigation being threatened or commenced. |
| 23 | All documents sufficient to show whether and how you used personal electronic devices or personal accounts for business communications. | Relates to the scope of potentially relevant ESI in Defendants' possession; important given the allegations of spoliation in the Amended Complaint. | This document request should have been an interrogatory.<br><br>There are no allegations that Sheehan destroyed any documents related to the Sheehan Defendants. |

13

| RFP No. | RFP Language | Trustee's Asserted Relevance | Response |
|---|---|---|---|
| 24 | All documents and communications concerning any destruction, deletion, or migration of electronic data concerning the Debtor or relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto. | Directly relates to the Amended Complaint's spoliation allegations. | Targeted searches regarding the destruction of Debtor data over a relevant time period are acceptable.<br><br>The remainder of this RFP violates FRCP 34(b)(1)(A) by seeking all documents and communications "relating in any way to the allegations in Plaintiff's Amended Complaint" or Sheehan's defenses. *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. at 575-76. |
| 25 | All documents and communications relating to any insurance coverage for this case. | Standard request to identify potential sources of recovery and to understand the Defendants' financial resources for satisfying any judgment. | Sheehan agreed to produce documents to the extent required under FRCP 26(a)(1)(A)(iv). |
| 26 | To the extent not produced in response to the foregoing requests, all documents and communications which relate in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto. | Ensures that any documents not captured by the specific requests above but which are nonetheless relevant to the allegations or defenses are produced. | This RFP violates FRCP 34(b)(1)(A) by seeking all documents and communications "relate in any way to the allegations in Plaintiff's Amended Complaint" or Sheehan's defenses. *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. at 575-76. |
| 27 | To the extent not produced in response to the foregoing requests, all documents and communications that You may use to support any of your defenses in this litigation. | Ensures that Defendants cannot withhold documents they intend to rely upon at trial while objecting to the specificity of the prior requests. | Sheehan agreed to produce these documents. |

14