**Appendix B - RFPs to Sheehan Defendant Entities**

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 1 | All documents and communications with or concerning the Debtor or its subsidiaries. | Establishes the nature, scope, and timing of Defendants' interactions with the Debtor for the purpose of demonstrating Defendants' involvement in using Debtor resources, diverting business opportunities, and misappropriating revenues. | This RFP violates FRCP 26(b) and 34(b)(1)(A) by seeking "all documents and communications" regarding the Debtor without regard to subject matter or relevance. *See, e.g., In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) (denying discovery seeking "any and all documents concerning" the defendant). |
| 2 | All documents and communications concerning the Bankruptcy Proceeding, including but not limited to the Section 363 sale of the Debtor's assets. | Directly relevant to allegations that Defendants conspired to manipulate the Debtor's bankruptcy process, rigged the Section 363 sale in favor of the Sheehan Entities, provided false testimony at the Section 341 meeting, caused the filing of inaccurate documents, and allowed the Sheehan Entities to manage the bankruptcy process to the Debtor's detriment. | Targeted searches over a relevant period of time regarding specific search terms related to this RFP are acceptable. Simply running the term "bankruptcy" as the Trustee demanded in her ESI Protocol is too broad. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 3 | All documents and communications with or concerning any of the current or former defendants in this litigation that relate to any of the allegations in the Amended Complaint or your answer thereto. | Essential to demonstrate the interaction of Defendants with respect to the allegations of the Amended Complaint. | This RFP violates FRCP 34(b)(1)(A) by seeking all documents and communications "relate to any of the allegations in the Amended Complaint" or the Sheehan Defendants' answers. *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-76 (N.D. Tex. 2018). |
| 4 | All documents and communications concerning the ethanol, copackaging and/or beverage industries, including, but not limited to, entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale of ethanol products (including, but not limited to liquor, alcoholic beverages, hand sanitizer, and raw ethanol) and beverages (including, but not limited to alcoholic beverages and/or beverages containing CBD and/or THC). | Request targets the substantive business activities that form the core of the Trustee's claims. The Debtor was in the business of manufacturing, canning, and selling spirits, hand sanitizer, and beverages; the Pilfering Entities operated in the same lines of business using Debtor resources. This request will capture evidence of the Defendants' parallel business activities, the use of Debtor resources for non-Debtor products (e.g., CBDelight, Wynk Seltzer, Well Rebellion), and the breach of the Work Product Assignment provision. | The majority of the Sheehan Defendants are *not* engaged in the "same line of business" as the Debtor. The XO entities are engaged in energy trading and risk management. The purported justification for this broad request is false as to those entities.<br><br>As to Best Bev, LLC and Canvas 340, LLC, having Sheehan Defendants produce every document regarding the industry in which those two entities operate would require producing every single document the Sheehan Defendants possess regarding those entities. This RFP is overbroad and unduly burdensome. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 5 | All documents and communications related to your formation, governance, and capital structure, including but not limited to documents and communications describing your purpose, articles of incorporation, operating agreements, bylaws, minutes of meetings, shareholder/member lists. | Relevant to the piercing the corporate veil/alter ego analysis. Will reveal whether the entities observed corporate formalities, had legitimate independent purposes, and maintained separate governance structures. | This RFP is overly broad. The Trustee does not need "all documents and communications" regarding these issues to establish the ownership or governance of the Sheehan Defendants.  Nor does the Trustee need any information regarding the capital structure of the Sheehan Defendants to determine their ownership or governance.<br><br>The Sheehan Defendants will produce a reasonable set of documents responsive to this RFP. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 6 | All federal, state, and local tax returns filed by you since tax year 2018. | Relevant to the Amended Complaint's alter ego/successor liability claims and damages. | The Trustee does not need the Sheehan Defendants' tax returns to establish her alter ego theories, nor has she explained how the tax returns would do so.  This RFP is needlessly intrusive into the business affairs of the Sheehan Defendants.  *See, e.g., Haas v. Kohl's Dept. Store, Inc.*, No. 08–CV–2507, 2009 WL 2030567, at *1 (E.D. Pa. Jul. 7, 2009) (party seeking tax returns must show relevance and inability to obtain information from any other source).<br><br>Furthermore, there are no allegations regarding any of the Sheehan Defendants prior to 2020 in the Amended Complaint and no justification for requiring the Sheehan Defendants to produce tax returns for 2018 or 2019. |

4

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 7 | All monthly statements from accounts (including, but not limited to, checking, savings, money market, brokerage, credit card, and investment accounts) maintained by you at any financial, depository, brokerage, or non-financial institution since January 1, 2018. | Relevant to allegations concerning improper use of Debtor resources and concerning the computation of damages. | This RFP is overbroad, unduly burdensome and intrusive.  There are no allegations in the Amended Complaint regarding any Sheehan Defendant prior to 2020, and there for no reason for the Trustee to need this information for 2018 or 2019.<br><br>As to the XO entities, there is no allegation in the Amended Complaint that they received anything whatsoever from the Debtor and, therefore, no justification for the Trustee seeking this irrelevant information.<br><br>As to Best Bev, LLC, all of the allegations of transfers in the Amended Complaint were to Can Man, LLC d/b/a Best Bev, not to Best Bev, LLC and occurred before Best Bev, LLC existed. Moreover, there are no allegations of transfers of funds from the Debtor to Can Man or Best Bev, LLC, so this RFP does not seek relevant information.<br><br>As to Canvas 340, LLC, it did not exist until February 28, 2023 and cannot have received any transfers from the Debtor, therefore this RFP seeks irrelevant information. |

5

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 8 | All your audited and unaudited financial statements since January 1, 2018. | Relevant to allegations concerning improper use of Debtor resources, alter ego/successor liability, and concerning the computation of damages. | This RFP is overbroad, unduly burdensome and intrusive.  There are no allegations in the Amended Complaint regarding any Sheehan Defendant prior to 2020, and there for no reason for the Trustee to need this information for 2018 or 2019.<br><br>As to the XO entities, there is no allegation in the Amended Complaint that they received anything whatsoever from the Debtor and, therefore, no justification for the Trustee seeking this irrelevant information.<br><br>As to Best Bev, LLC, all of the allegations of transfers in the Amended Complaint were to Can Man, LLC d/b/a Best Bev, not to Best Bev, LLC and occurred before Best Bev, LLC existed.<br><br>As to Canvas 340, LLC, it did not exist until February 28, 2023 and cannot have received any transfers from the Debtor, therefore this RFP seeks irrelevant information.<br><br>The Trustee fails to explain how this information will establish her alter ego/successor theories or how the financial statements of the Sheehan Defendants will establish the Debtor's damages. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 9 | All your business plans, marketing materials, and operational reports since January 1, 2018. | Relevant to allegations concerning alter ego/successor liability, and for establishing basic foundational facts concerning Defendants. | This RFP is overbroad, unduly burdensome and intrusive.  There are no allegations in the Amended Complaint regarding any Sheehan Defendant prior to 2020, and there for no reason for the Trustee to need this information for 2018 or 2019.  The XO entities are not involved in any industry relevant to the Debtor, nor does the Amended Complaint allege that they are.  Their business plans, marketing materials and operational reports are irrelevant.  The Trustee fails to explain how the requested information will advance her alter ego/successor theories. |

7

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 10 | Documents sufficient to identify your capital structure and any changes thereto since January 1, 2018. | Relevant to allegations concerning alter ego/successor liability, and for establishing basic foundational facts concerning Defendants. | This RFP is overbroad, unduly burdensome and intrusive. There are no allegations in the Amended Complaint regarding any Sheehan Defendant prior to 2020, and there for no reason for the Trustee to need this information for 2018 or 2019.<br><br>Trustee fails to articulate how the capital structure of any of the Sheehan Defendants is relevant to any claim or defense in the Amended Complaint, how that information relates to her alter ego or successor theory, or what "foundational facts" this information will establish. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 11 | Documents and communications concerning your funding, operations, cash flows, and accounting, including but not limited to, general ledgers, sub-ledgers, charts of accounts, accounting statements, sales and inventory data (including, but not limited to, invoices, purchase orders, and shipping documents), cost and expense data, revenue data, receipts, audited or unaudited financial reports, and QuickBooks files. | Comprehensive financial discovery relevant to multiple claims. Will enable the Trustee to: (1) trace diverted profits; (2) identify Debtor resources used by the Entity Defendants; (3) establish the Entity Defendants' interrelation; and (5) quantify damages. | This request essentially seeks every financial document from the Sheehan Defendants.  It is facially overbroad. *See, e.g., Moore v. Westgate Resorts*, No. 3:18-CV-410-DCLC-HBG, 2020 WL 113352, at *5 (E.D. Tenn. Jan. 9, 2020) (denying discovery that "would require Defendants to produce essential all contracts and financial documents related to the operation" of the business).<br><br>Additionally, there is no time limitation on this RFP, further rendering it overbroad and unduly burdensome.<br><br>As to the XO entities, there is no allegation in the Amended Complaint that they received anything from the Debtor. Therefore, the financial information of the XO entities is irrelevant. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 12 | Documents sufficient to identify your employees and independent contractors and their roles, since January 1, 2018. | Shows shared personnel among the Debtor and the Entity Defendants and demonstrates continuation of operations; relevant to alter ego/successor liability. | This RFP is overbroad, unduly burdensome and intrusive.  There are no allegations in the Amended Complaint regarding any Sheehan Defendant prior to 2020, and there for no reason for the Trustee to need this information for 2018 or 2019.  The Trustee does not need information regarding the employees of the XO defendants at all.  There is no allegation that any former employee of the Debtor is an employee of XO.  As to former employees of the Debtor who now work for a Sheehan Defendant, those facts can be established through an interrogatory or request for admission.  Requiring the production of documents related to every single employee of every Sheehan Defendant since 2018 is overbroad, unduly burdensome and not limited in any way to seeking relevant information. |

10

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 13 | All documents and communications relating to any contract, agreement, or understanding between you and the Debtor, or between you and any of the other defendants in this litigation. | Demonstrates the relationship between the Debtor and the Defendants in this litigation, and among the Defendants in this litigation and each other, and squarely relevant to the Amended Complaint's allegations concerning profit sharing and successor liability/alter ego. Also relevant to demonstrating that intercompany transactions were not at arm's length. | Requiring the Sheehan Defendants to produce "all documents and communications" relating to contracts among the Sheehan Defendants does not seek relevant information regarding the Debtor and is overbroad and unduly burdensome.<br><br>Requiring the Sheehan Defendants produce documents and communications regarding contracts with the Debtor, if any, is acceptable.<br><br>Requiring the Sheehan Defendants produce documents and communications regarding contracts with non-Sheehan Defendants, if any, over a relevant time period is acceptable. However, after the Debtor sold all of its assets and ceased operating such contracts cannot be relevant to any allegation or claim in the Amended Complaint. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 14 | All documents and communications relating to any funding or payments received by you from the Debtor or from any of the other defendants in this litigation. | Demonstrates the relationship between the Debtor and the Defendants in this litigation, and among the Defendants in this litigation and each other, and squarely relevant to the Amended Complaint's allegations concerning profit sharing and successor liability/alter ego. | Requiring the Sheehan Defendants to produce documents and communications regarding any payments received from the Debtor, if any, is acceptable. However, Best Bev, LLC and Canvas 340, LLC cannot have received funding or payments from the Debtor because they did not exist until the Trustee was appointed.

Requiring Sheehan Defendants to produce documents and communications regarding payments received from non-Sheehan Defendants over a relevant time period is acceptable. However, no such payments can have occurred once the Trustee was appointed.

Requiring Sheehan Defendants to produce documents and communications regarding payments from the remaining Sheehan Defendants does not seek relevant information and is overbroad and unduly burdensome. |

12

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 15 | All documents and communications relating to the assets or equity of the Debtor, including, but not limited to, any purchase or sale of the same. | Covers the pre-petition attempts by the Sheehan Entities to purchase the Debtor or its assets, the Section 363 sale process, the Millstone acquisition, and any other transactions involving Debtor assets. Relevant to proving that Defendants conspired to depress the value of the Debtor's assets and steer the sale to the Sheehan Entities at below-market value. | To the extent this RFP seeks documents related to efforts by any of the Sheehan Defendants to purchase the assets or equity of the Debtor, it seeks relevant information and is acceptable. |

| 16 | All documents and communications concerning Faber Hand Sanitizer, CBDelight, Wynk Seltzer, and liquor products branded Well Rebellion, Best Bev, or Pour Brothers, including, but not limited to, documents and communications concerning entity formation, site leasing/construction, storage, formulation, production, canning, packaging, co-packing, labeling, sourcing, marketing, staffing, and sale. | Directly relevant to allegations concerning product lines diverted from the Debtor or created using Debtor resources. | There are no allegations beyond the Trustee's "information and belief" that any Sheehan Defendant had any involvement in Faber Hand Sanitizer or CBDelight.  The documents she purports to rely upon to substantiate her "information and belief" do not reference CBDelight at all, do not show that any Sheehan Defendant was involved in Faber Hand Sanitizer, or are gibberish.

Requiring the Sheehan Defendants produce all documents and communications regarding Wynk Seltzer or Best Bev, LLC is overbroad because Wynk is controlled by Canvas 340, LLC, which Sheehan controls, and Sheehan also controls Best Bev, LLC.  Thus, this request seeks every document in the Sheehan Defendants' possession regarding entities or brands Sheehan controls and is overbroad, unduly burdensome and intrusive.

As to Best Bev, LLC and Canvas 340, LLC, requiring them to produce every document regarding the industry in which they operate would require producing every single document he possesses regarding those entities and is overbroad, unduly burdensome and intrusive. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 17 | All documents and communications relating to your use of the Faber name. | Relates to misuse of Debtor intellectual property. | There are no allegations in the Amended Complaint that any Sheehan Entity used the Faber name, therefore this RFP does not seek relevant information. |

15

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 18 | All documents and communications relating to any payments made by or to the Debtor or any of the defendants in this litigation. | Demonstrates the relationship between the Debtor and the Defendants in this litigation, and among the Defendants in this litigation and each other, and squarely relevant to the Amended Complaint's allegations concerning profit sharing and successor liability/alter ego. | Requiring the Sheehan Defendants to produce documents regarding payments from the Debtor seeks relevant information.  However, Best Bev, LLC and Canvas 340, LLC did not exist until after the Trustee was appointed. There cannot be relevant information regarding transfers from the Debtor to those entities.<br><br>Requiring the Sheehan Defendants to produce documents and communications regarding payments among the Sheehan Defendants seeks irrelevant information and is overbroad and unduly burdensome.<br><br>Requiring the Sheehan Defendants to produce documents and communications regarding payments to the remaining defendants who are non-Sheehan Defendant during the period prior to the sale of the Debtor's assets seeks relevant information. However, after the Debtor sold all of its assets and ceased operating such payments cannot be relevant to any allegation or claim in the Amended Complaint. |

16

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 19 | All documents and communications relating to any purchases made by the Debtor for use by you or any of the other defendants in this litigation. | Relevant to improper use of Debtor resources. | There are no allegations in the Amended Complaint that the Debtor purchased anything for any of the XO entities and this RFP seeks irrelevant information as to those entities.<br><br>All of the allegations regarding purchases made by the Debtor relate to Can Man, LLC d/b/a Best Bev, not Best Bev, LLC, which did not exist until June 13, 2022, or Canvas 340, LLC, which did not exist until February 28, 2023.  This RFP is irrelevant as to Best Bev, LLC and Canvas 340, LLC |
| 20 | All documents and communications relating to the products, brands, and intellectual property identified in paragraph 252 of the Amended Complaint. | Expressly tied to Amended Complaint allegations concerning Work Product generated with the improper use of the Debtor's resources. | There are no substantiated allegations in the Amended Complaint that Sheehan Defendants had anything to do with CBDelight so this RFP does not seek relevant documents as to that brand.<br><br>Sheehan controls the Wynk Seltzer brand and Best Bev, LLC. Requiring the Sheehan Defendants to search for all documents and communications regarding those brands is overbroad and unduly burdensome. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 21 | All notes pertaining to any telephone call or other conversation or meeting concerning the business of the Debtor, any of the Polebridge Entities, any of the Wynk Entities, any of the Best Bev Entities, and/or any of the Sheehan Entities. | Directly relevant to the allegations of the Amended Complaint, the operations of the Debtor, and the operation of entities alleged to be the alter ego/successor to the Debtor. | Requiring the Sheehan Defendants to search for notes pertaining to telephone calls or other conversations or meetings concerning the business of the Sheehan Defendants would essentially require them to produce the notes of every conversation every Sheehan Defendant has had and is overbroad, unduly burdensome and intrusive.<br><br>Targeted searches for responsive material relating to the Debtor or Polebridge Entities over a relevant time period are acceptable. |
| 22 | All documents and communications relating to the data, assets, equipment, real property (whether leased or owned), and former personnel of the Debtor. | Central to asset diversion allegations. | This RFP is the functional equivalent of RFP No. 1 and improper for the same reason: It effectively encompasses every possible communication regarding the Debtor. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 23 | All text messages and emails in which you attempted to sell beverages or products containing alcohol on behalf of any person or entity. | Shows continuation of sales operations, competition with the Debtor, and operation of entities alleged to be the alter ego/successor to the Debtor. | There are no allegations in the Amended Complaint that any of the Sheehan Defendants except Best Bev, LLC attempted to sell beverages or products containing alcohol.  That allegation conflates Can Man, LLC and Best Bev, LLC.  Best Bev, LLC is a co-packer only – manufacturing beverages owned and sold by others – Best Bev, LLC does not sell branded beverages of its own (alcoholic or non-alcoholic).  Wynk does not contain alcohol.

Requiring Best Bev, LLC, which is a co-packer of alcoholic beverages, to search for documents regarding the sale of alcoholic beverages by its customers is irrational, overbroad and unduly burdensome.

Moreover, none of the Sheehan Defendants could have competed with the Debtor after the Debtor sold all of its assets, so any discovery regarding this issue after that date is irrelevant. |
| 24 | All documents and communications relating to any attempt by anyone to purchase the debts, business, or equity of the Debtor. | Relevant to Amended Complaint allegations concerning efforts to purchase the Debtor or its assets at lowball values. | To the extent this RFP seeks documents related to efforts by any of the Sheehan Defendants to purchase the assets or equity of the Debtor, it seeks relevant information. |

19

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 25 | All documents and communications concerning any destruction, deletion, or migration of electronic data concerning the Debtor or relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto. | Directly relates to the Amended Complaint's spoliation allegations. | There are no allegations in the Amended Complaint that any Sheehan Defendant other than Sheehan had anything whatsoever to do with the destruction of any Debtor data.  This RFP does not seek relevant information from the Sheehan Defendants other than Sheehan. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 26 | All social media posts, messages, comments, or direct messages (including on Instagram, Facebook, LinkedIn, Twitter/X, etc.) concerning the Debtor, the Debtor's assets or property, CBDelight, Faber Hand Sanitizer, Wynk Seltzer, and Best Bev, or otherwise relating in any way to the allegations in Plaintiff's Amended Complaint or your defenses thereto. | Expressly tied to Amended Complaint allegations concerning the Debtor, its assets, and brands created using the Debtor's assets. | Targeted searches of each Sheehan Defendants' social media accounts regarding the Debtor over an appropriate period of time is acceptable.<br><br>There are no substantiated allegations that the Sheehan Defendants had any involvement whatsoever with CBDelight and searching for social media posts regarding that product is not relevant.<br><br>Requiring Sheehan Defendants to search and produce all social media posts regarding Wynk Seltzer or Best Bev is overbroad and unduly burdensome because Wynk Seltzer is owned by a Sheehan Defendant and Best Bev, LLC is a Sheehan Defendant.<br><br>The request to search for social media posts that relate in any way to the Amended Complaint or the Sheehan Defendants' defenses violates FRCP 34(b)(1)(A). *See, e.g., Lopez*, 327 F.R.D. at 575-76. |
| 27 | All documents and communications concerning 2512 Quakertown Road, Pennsburg, PA 18073; 118 North Main Street, Trumbauersville, PA 18970; 2300 Trumbauersville Road, Trumbauersville, PA 18970; 2600 Milford Square Pike, Quakertown, PA 18591; and 300 Commerce Drive, Quakertown, PA 18951. | Expressly tied to locations identified in the Amended Complaint as being associated with the Debtor and/or the diversion of assets therefrom. | This RFP makes no sense. The fact that the Trustee mentions various addresses in the Amended Complaint does not make an address relevant to any claim or defense in this litigation. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 28 | All documents and communications concerning the vehicle depicted in paragraph 94 of the Amended Complaint. | Expressly tied to Amended Complaint allegations identifying specific instance of misuse of Debtor property. | Targeted searches regarding the vehicle identified in paragraph 194 of the Amended Complaint over a relevant time period are acceptable. |
| 29 | All documents and communications concerning the equipment, goods, and transactions identified in paragraphs 150 and 178 of the Amended Complaint. | Expressly tied to Amended Complaint allegations identifying specific instances of misuse of Debtor property. | The allegations in paragraph 150 of the Amended Complaint relate to transfers made to Can Man, LLC d/b/a Best Bev, not Best Bev, LLC, which did not exist when the transfers were made. The allegations in paragraph 150 are not relevant to any Sheehan Defendant.<br><br>The allegations in paragraph 178 relate to the alleged use of Debtor assets solely by Defendants Casey Parzych and Angus Rittenburg and have nothing to do with any of the Sheehan Defendants. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 30 | All documents and communications concerning any joint defense, common interest, or indemnification agreements among any defendants, or between any defendants and the Debtor. | Demonstrates the level of coordination and control among the Defendants. | The existence of a common interest agreement itself satisfies the Trustee's professed need for discovery regarding any common interest agreement among the defendants and, therefore, the terms of any such agreement are not relevant to any issue in this litigation.  *See, e.g, Arch Specialty Ins. Co. v. Univ. of S. Cal.*, No. CV 19-06964-DDP (ASx), 2022 WL 2352922, at *4 (C.D. Cal. May 12, 2022), *adopted at* 2022 WL 2342565 (C.D. Cal. Jun. 29, 2022).<br><br>Moreover, any common interest agreement related to this litigation would not have existed until after this litigation was threatened or commenced, and cannot be relevant to show coordination among the defendants prior to this litigation being threatened or commenced. |
| 31 | All documents and communications provided to or received from any regulatory, governmental, or investigative federal, state, or local agency concerning the Debtor. | Relevant to the operations of the Debtor. | There are no allegations or claims in the Amended Complaint to which this RFP is relevant. |

| RFP No. | RFP Language | Relevance | Response |
|---|---|---|---|
| 32 | All documents and communications concerning any request issued to you by the Trustee pursuant to Bankr. E.D.Pa. Local Rule 2004-1. | Relevant to the Defendants' efforts to avoid producing discovery relevant to the claims raised in the Amended Complaint. | The Trustee sent requests under Bankruptcy Rule 2004 to Best Bev, LLC, EtOH Worldwide, LLC and AgTech VI, LLC.  As to the remaining Sheehan Defendants, this RFP is irrelevant.<br><br>The Trustee never filed a motion or obtained an order requiring Sheehan to produce documents under Bankruptcy Rule 2004.  The Trustee is seeking discovery regarding non-compliance with an order she never bothered to obtain. |
| 33 | All documents and communications relating to any insurance coverage for this case. | Standard request to identify potential sources of recovery and to understand the Defendants' financial resources for satisfying any judgment. | The Sheehan Defendants agreed to produce documents to the extent required under FRCP 26(a)(1)(A)(iv). |
| 34 | To the extent not produced in response to the foregoing requests, all documents and communications which relate in any way to the allegations in Plaintiff's Amended Complaint, or your defenses thereto. | Ensures that any documents not captured by the specific requests above but which are nonetheless relevant to the allegations or defenses are produced. | This RFP violates FRCP 34(b)(1)(A) by seeking all documents and communications "relate in any way to the allegations in Plaintiff's Amended Complaint" or Sheehan Defendants' defenses . *See, e.g., Lopez v. Don Herring Ltd.*, 327 F.R.D. at 575-76. |
| 35 | To the extent not produced in response to the foregoing requests, all documents and communications that you may use to support any of your defenses in this litigation. | Ensures that Defendants cannot withhold documents they intend to rely upon at trial while objecting to the specificity of the prior requests. | The Sheehan Defendants agreed to produce these documents. |